IN THE UNITED STATES DISTRICT COURT

FOR THE 16th Judicial DISTRICT OF TENNESSEE

II DIVISION

RECEIVED
IN CLERK'S OFFICE
OCT 03 2016
U. S. DISTRICT COURT
MID. DIST. TENN.

Leonard Singer _____ Name )
)
Prison Id. No. 224775 )
)
N/A _____ Name )
)
Prison Id. No. N/A _____ )
)
Plaintiff(s) )
)
)
)
v. )
)
)
Officer Aaron Price Name )
)
Officer Palmer Gibbs Name )
)
Defendant(s) )

(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

Civil Action No. _____
(To be assigned by the Clerk's office. Do not write in this space.)

Jury Trial ☒ Yes ☐ No

(List the names of all defendants against whom you are filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO 42 U.S.C. § 1983

I.   PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

A.   Have you or any of the other plaintiffs in this lawsuit filed any other lawsuits in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?

☐ Yes          ☒ No

B.   If you checked the box marked "Yes" above, provide the following information:

1.   Parties to the previous lawsuit:

Plaintiffs   N/A _____

Defendants   N/A _____

_____

2. In what court did you file the previous lawsuit? _N/A_

   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.

3. What was the case number of the previous lawsuit? _N/A_

4. What was the Judge's name to whom the case was assigned? _N/A_

5. When did you file the previous lawsuit? _N/A_ (Provide the year, if you do not know the exact date.)

6. What was the result of the previous lawsuit? For example, was the case dismissed, appealed, or still pending? _N/A_

7. When was the previous lawsuit decided by the court? _N/A_ (Provide the year, if you do not know the exact date.)

8. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit.

   ☐ Yes  ☒ No

   (If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)

II. THE PLAINTIFF'S CURRENT PLACE OF CONFINEMENT (The following information must be provided by each plaintiff.)

A. What is the name, and address of the prison, or jail in which you are currently incarcerated? _Rutherford Adult Detention Center, 940 New Salem Hwy, Murfreesboro TN. 37129._

B. Are the facts of your lawsuit related to your present confinement?

   ☒ Yes  ☐ No

C. If you checked the box marked "No" in question II.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.

   _Not Applicable._

D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

   ☐ Yes  ☒ No

   If you checked the box marked "No," proceed to question II.H.

E.  If you checked the box marked "Yes" in question II.D above, have you presented these facts to the prison authorities through the state grievance procedure?

☐ Yes          ☐ No   *NA*

F.  If you checked the box marked "Yes" in question II.E above:

1.  What steps did you take?  *"Not Applicable"*

2.  What was the response of prison authorities?  *"Not Applicable"*

G.  If you checked the box marked "No" in question II.E above, explain why not. _____
*"Not Applicable"*

H.  Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?

☒ Yes          ☐ No

I.  If you checked the box marked "Yes" in question II.H above, have you presented these facts to the authorities who operate the detention facility?

☒ Yes          ☐ No

J.  If you checked the box marked "Yes" in question II.I above:

1.  What steps did you take?  *I've filed a Request to Lt. Applegate on 6-20-16 in Regards to being illegally confined. Same to Sgt Curry on 6-24-16*

2.  What was the response of the authorities who run the detention facility?  *They never contacted me, I've talked with floor officers to inform Lt. Grissom I needed to talk with him about the matters. No Response*

L.  If you checked the box marked "No" in question II.I above, explain why not. _____
*N/A*

Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's or jail's response to that grievance, and the result of any appeal you took from an initial denial of your grievance.

III.  PARTIES TO THIS LAWSUIT

A.  Plaintiff(s) bringing this lawsuit:

1.  Name of the first plaintiff:  *Leonard Singer*

Prison Id. No. of the first plaintiff:  *#224775*

Address of the first plaintiff: _940 New Salem Hwy Murfreesboro_
_Tennessee 37129._
·(Include the name of the institution and mailing address, including zip code.
If you change your address you must notify the Court immediately.)

2.   Name of second the plaintiff: _N/A_

Prison Id. No. of the second plaintiff: _N/A_

Address of the second plaintiff: _N/A_

(Include the name of the institution and mailing address, including zip code.
If you change your address you must notify the Court immediately.)

If there are more than two plaintiffs, list their names, prison identification
numbers, and addresses on a separate sheet of paper.

B.   Defendant(s) against whom this lawsuit is being brought:

1.   Name of the first defendant: _Aaron Price_

Place of employment of the first defendant: _Murfreesboro Police_
_Department._

The first defendant's address: _302 South Church Street_
_Murfreesboro TN 37130-3732._

Named in official capacity?        ☐ Yes        ☐ No
Named in individual capacity"      ☒ Yes        ☐ No

2.   Name of the second defendant: _Palmer Gibbs_

Place of employment of the second defendant: _Murfreesboro Police_
_Department_

The second defendant's address: _302 South Church Street_
_Murfreesboro TN 37130-3732._

Named in official capacity?        ☐ Yes        ☐ No
Named in individual capacity"      ☒ Yes        ☐ No

If there are more than two defendants against whom you are bringing this
lawsuit, you must list on a separate sheet of paper the name of each additional
defendant, their place of employment, their address, and the capacity in which
you are suing them. If you do not provide the names of such additional
defendants, they will not be included in your lawsuit. If you do not provide
their proper name, place of employment, and address, the Clerk will be
unable to serve them should process issue.

## IV. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where there they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ in. x 11 in. paper. Write on one side only, and leave a 1 in. margin on all four 4 sides.

Comes now Leonard Singer, has commenced this Civil Rights Action, individually and sets forth here verbatim against the Defendants of the State forementioned, Respectfully, alleging true facts, that the defendants have intentionally engaged in and Continuing to engage in various patterns and practices of conduct in the administration of Criminal Justice System in Rutherford County Murfreesboro Tn. that denies Singer of his Rights secured, and protected by the First and through the Fourteenth Amendments and by 42 U.S.C. Section 1983, 1985. Plaintiff Singer has a live case and controversy pending, sufficient to satisfy the threshold Requirements of Article III of the Constitution, pursuant to Younger v. Harris 401 U.S. 37 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Singer Claims, unless the United States Courts Restrained the State Prosecution of Singer, he would continue to suffer immediate and irreparable injury due to the fact that the Evidence: Tampering destruction and fabrication statute is void for vagueness and overbreadth on the face of Singers indictment, in violation of the First and Fourteenth Amendments.

## V. RELIEF REQUESTED: Specify what relief you are requesting against each defendant.

A. Equitable Relief

B. Monetary Relief

C. Alternative Relief

D. interim Relief

E. Coercive Relief

F. I request a jury trial. ☒ Yes ☐ No

## VI.  CERTIFICATION

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: _~Leonard Sims~_ _____ Date: _9-27-16_

Prison Id. No. _224775_

Address: _940 New Salem Hwy Murfreesboro Tenn. 37129_

(Include the city, state and zip code.)

Signature: _~Leonard Sims~_ _____ Date: _9-27-16_

Prison Id. No. _224775_

Address: _940 New Salem Hwy Murfreesboro TN 37129_

(Include the city, state and zip code.)

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information listed above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE, OR APPLICATION TO PROCEED *IN FORMA PAUPERIS*, TOGETHER.** Complaints received without the required filing fee or application to proceed *in forma pauperis* will be returned. Filing fees, or applications to proceed *in forma pauperis*, received without a complaint will be returned.

# Table of Authorities

## Federal Cases

Lyons v. City of Los Angeles 656 F.2d 417 (1981)                                          123

Landry V. Daley, 280 F. Supp. 938 (1968).                                                 123

Dunn V. State of Tenn. 697 F.2d 121 (1982).                                               108

United States V. Colkley 899 F.2d 297 (4ᵗʰ Cir 1990).                                     108

United States V. OKomodu 236 F.3d 333 (6ᵗʰ Cir 2001).                                     115,108

United States v. Martin 920. F.2d 393:398 (6ᵗʰ Cir 1990).                                 139 116,109

United States v. Graham .275 F.3d 490:505 (6ᵗʰ Cir 2001).                                 116,109

United States V. Bowling 900 F.2d, 926, 932 (6ᵗʰ Cir 1990).                               117,110

United States V. Charles 138 F.3d 257 (6ᵗʰ Cir 1998).                                     113

Hill York Corp. V. American Int'l Franchises Inc 448 F.2d 680,695 (5ᵗʰ Cir 1971).128

Curnie V. Cayman Res Corp 835 F.2d 780. 783 (11ᵗʰ Cir 1988).                              127

Sanders V. John Nuveen & Co. Inc. 619 F.2d 1222,1225 (7ᵗʰ Cir 1980.)                      127

## State Cases

Cole V. Arkansas 333 u.s, 196, 201  68 s.ct. 514, 92 L.Ed 2d 644                          153
Rochin V. People of Cali-fornia, Supra 342 U.S. 165, 72 S.ct. 203 96 L.Ed 183, 25 A.L.R   140
Wolf V. People of the state of Colo 338 U.S. 25 (1949).

Hebrew V. Pulis. 73 N. J.L. 621 (1906).                                                   65

Brady V. Maryland, 373 U.S. 677, 105, S.ct. 3375: 87 L. Ed. 2d 481 (1963)                 81

O'shea V. Littleton, 414, u.S. 488 (1974).                                                69

Arizona V. Fulminante 499. U.S. 279, 111 S.ct. 1246, 113 L.Ed.2d 302.                     71

Bram V. United States 168 U.S. 532, 18. S.ct. 183, 44 L.Ed 2d 568 (1897).                 82

Monroe V. Page 365 U.S. 167, 171, 81. S.ct. 473, 5. L. Ed 2d 492 (1961).                  85

Jones V. wilson, Tex. Civ. App. 285, S.w 2d 877.                                          89

Exparte Yarbrough 110 U.S. 654, S.c. 4 Sup. Ct. Rep. 152.                                 125, 94
Exparte Siebold, 100 U.S. 376:                                                            94

Glasser V. U.S. 315. u.s, 62 S.ct. 457, 86 L.Ed. 2d 680 (1942).                           118,96

Screws V. U.s. 325 U.S. 91, 65 S.ct. 1031. 162, A.L.R. 1330, 89 L.Ed.2d 1495 (1945) 98
Gates V. U.S. 462 U.S. 230, 231, 103 S.ct. 2317.                                          132,124
                                                                                          129

Petitions Page Count 1-155

Strickler v. Green 527, US. 263, 119 S.ct. 1936, 1948, 144 L.Ed. 2d 286 (1999)    142

Allee V. Medrano 416 U.S. 802, 94. S. ct. 2191, 86. L.R.R.M. 2115, 40 L.Ed
2d 566 (1974).    123,99

Polk County V. Dodson 454 U.S. 112, 102 S. ct. 455, 70 L.Ed. 2d 509.    105,101

Ex parte Royall 117 U.S. 241. 6. St. 734, 29 L.Ed. 2d 868 (1886).    101

Sawyer V. Whitley, 505 U.S. 333. 112 S. Ct. 2514, 120 L.Ed. 2d 269 (1992).    100

Waugh V. State 564 S.W. 2d 654 (1978)    76

Miller V. Childress. 21 Tenn. 320 (1841)    126, 77

Constantine V. Miller industries inc. 33 S.W. 3d 809 (2000).    77

Bagley V. United States 473 U.S. 667, 105 S. Ct. 3375, 87 L.Ed. 2d 481.    128,131,130,106

Strickland V. Washington 466. U.S. 688, 104 S. Ct. 2052, 80. L.Ed. 2d 674 (1984)    106

Silverthrone Lumber Co. V. United States 251. U.S. 325 (1920)    116, 110

Weeks V. United States 232 U.S. 383, 34 S. Ct. 341. 58 L.Ed. 2d 652 (1913).    117,110

Illinois V. Gates, 442. U.S. 213. 246, 103 S. Ct. 2317. 76 L.Ed. 2d 527 (1983).    114

Perez V. Ledesma. 401 U.S. 82, 91. S. Ct. 674, 27 L.Ed. 2d 701 (1971).    117

Church V. State 206 Tenn 336. 333 S.W. 2d 799 (1960)    117

McKeldin V. State 516 S.W 2d 82 (1974).    120

Franks V. Delaware 438 U.S. 154. 98 S. Ct. 2674.57. L.Ed. 21. 667 (1978).    121

United States V. Classic 313 U.S. 299. 326. 61 S. Ct. 1031, 1043. 85 L.Ed. 2d 1368.    124

Ex parte Commwealth of Virginia, Supra    124

Wilson V. Johnson County 879 S.W. 2d 807. 810 (Tenn 1994).    143

Connolly V. General Construction Co. 269 U.S. 385, 46. S. Ct. 126, 70 L.Ed. 322.    132

Brown V. Mississippi 297 U.S. 278. 285, 56 S. Ct. 461. 465. 2 L.Ed. 2d 682.    132

Powell V. Alabama 287 U.S. 45. 53 S. Ct. 55, 77 L.Ed 2d 158 (1932).    134

Coleman V. Alabama, 399. U.S. 90 S. Ct. 1999. 26. L.Ed. 2d 387 (1970).    134

Ashcraft V. State of Tenn 322 U.S. 64 S. Ct. 921, 88 L.Ed. 2d 1192 (1944).    144, 131

Gallegos v. State of Neb 342 U.S. 72 S. Ct. 141. 96 L.Ed. 2d 86 (1951).    144, 137

Malinski V. People of the State of New York 324. U.S. 401, 404. 65 S. Ct.
781, 783. 89 L.Ed. 2d 1029.    137

Lyons V. City of Los Angeles 656 F. 2d 417 (1981).    123

Hawks. 960 S.W. 2d at 16    126

Kyles v. Whitley 514 U.S. 419, 434. 115 S. ct. 1555, 131 L.Ed. 2d 490 (1995)    141

Rochin v. People of California Supra 342 U.S. 165. 72 S.Ct. 205. 96 L.Ed 183, 25. A.L.R. 2d 1396.

Kyles V. Whitley 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed 2d 490 (1995)

Strickler V. Greene 527 US 263, 119 S.Ct. 1936, 1948, 144 L.Ed 2d 286 (1999).

Wilson V. Johnson County 879 S.W. 2d 807, 810 (Tenn 1994).

## State Statutes

Tenn. Code. Ann. § 39-16-503 (a)(1)(2).

Tenn. Code. Ann. § 39-13-102 (a)(1)(A)(1)(iv)(2)

Tenn. Code. Ann § 40-13-202

Tenn. Code. Ann § 39-13-302 (a)(b)

Tenn. Code. Ann § 39-13-611 (a)(1)(A)(1)(B)(C)(D)

## Supplementary Documents

Indictment                                        Appendix A
Police Report                                     Appendix D
Non-Binding Conditional Plea Proposal             Appendix F
Complaint Applications                            Appendix B
Billie Zimmermanns Suppression letter             Appendix C
Billie Zimmermanns Discovery Response             Appendix E
Plaintiffs Discovery + Inspection                 Appendix G
Lieutenants Request forms                         Appendix H

# Complaint

## Introduction

1.

In this Civil Rights action, pursuant to 42 U.S.C. § 1983, 1985 Plaintiff Leonard Singer, seeks declaratory Judgment that the Defendants' intentionally engaged in and are continuing to engage in various patterns and practices of conduct in the administration of the Criminal Justice System in Rutherford County that deprives plaintiff, Leonard Singer of Rights Secured by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, and an award of Compensatory, and Exemplary damages. In addition, because the officers' actions were intentional and without Just Cause or Excuse and because the officers committed the torts of Aggravated assault, malicious prosecution, and false imprisonment, and Conversion in order to hinder the Censorship of Singers Expressions. when the State officials Conspired to "defraud the United States of and concerning its governmental function to be honestly, faithfully and dutifully Represented in the Courts of the United States in Such matters free from Corruption, improper influence, dishonesty, or fraud. Which the officers could not accomplish lawfully. Singer invokes this Courts Supplemental Jurisdiction over his state law claims.

4

# Remaining Defendants

Ed Gorham
Murfreesboro Police Department
302 South Church Street
Murfreesboro TN. 37130

Aneta Floggs
Murfreesboro Police Department
302 South Church Street
Murfreesboro TN. 37130

Billie Zimmermann
District Public Defenders office
102 South Maple Street
Murfreesboro TN 37130

Ray White
District Public Defenders Office
102 South Maple Street
Murfreesboro TN. 37130

Karen Hudson
District Attorneys Office
Suite 100 main Street
Murfreesboro TN 37130

Sheriff Robert Arnold
940 New Salem Hwy
Murfreesboro TN. 37129

Shawn Puckett
District Attorney's Office
Suite 100 Main Street
Murfreesboro, TN 37130

Jennings Jones
District Attorney's Office
Suite 100 main Street
Murfreesboro TN 37130

Honorable David M. Braggs
16th Judicial District Court
Court #415
Murfreesboro TN 37130

John Doe's, Jane Doe's
Grand Jurors
Names unknown
Address's unknown

Magistrate Judge Rhonda Campbell
Judicial Building
20 North Public Square
Murfreesboro TN 37130

Sheriff Robert Brissom
940 New Salem Hwy
Murfreesboro TN 37129

_Remaining Defendant_

Sheriff. Shawn Applegate
940 New Salem. Hwy
Murfreesboro TN. 37129

5·A

# Jurisdiction and Venue

1. This action arises under the Constitution of the United States, the provision of 42.U.S.C.§1983, 1985, and Tennessee laws.

2. The Jurisdiction of this Court is invoked pursuant to 28.U.S.C.A.§2284 (a)(b)(1)(2).

3. This Court has supplemental Jurisdiction over Plaintiffs State law claims pursuant to 28 U.S.C.A.§1367

4. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A.§1343 (a)(1)(2)(3)(4).

5. Venue is proper in this Court pursuant to 28.U.S.C.A.§1391 (a)(1)(2)(b)(1)(2).

6. Venue is proper in this Court pursuant to 5.U.S.C.A.§702

# Parties

7. Plaintiff, Leonard Singer was at all times Relevant to this Complaint, a resident of the City of Murfreesboro Tennessee.

8. Defendant, Honorable Judge Rhonda Campbell; whos name is Known to plaintiff; was at all times Relevant to this Complaint a Judge of the Court of General Sessions in the state of Tennessee Rutherford County. On or about October 27,2015 Honorable Judge Rhonda Campbell, presides over the probable cause proceeding of Affiant. Officer A.Aron Price as described in this Complaint. She is sued in her individual Capacity.

9. Defendant, AAron Price, whose name is known to the plaintiff, was at all times Relevant to this Complaint a police officer with the City of Murfreesboro Police Department.

On or about October 27, 2015, AAron Price encountered Plaintiff and interacted with him as described in this Complaint. He is sued in his individual Capacity.

10. Defendant, Palmer Gibbs, whose name is known to the plaintiff, was at all times Relevant to this Complaint a police officer with the Murfreesboro Police Department. On or about October 27, 2015, Palmer Gibbs encountered plaintiff and interacted with him as described in this Complaint. He is sued in his individual Capacity.

11. Defendant, Ed Gorham, whose name is known to the plaintiff, was at all times, Relevant to this Complaint a police officer with the City of Murfreesboro Police Department.

On or about October 27, 2015. Gorham encountered Complaintiff and interacted with him as described in this Complaint. He is sued in his individual Capacity

12. Defendant, Aneta Flaggs, whose name is known to the plaintiff, was at all times, Relevant to this Complaint a police officer with the City of Murfreesboro Police Department. On or about June 30, 2016, July 4, 2016 and July 18, 2016 Flaggs encountered Complaintiff through Correspondence as described in this Complaint. She is sued in her individual Capacity.

13. Defendant, Jennings Jones, whose name is known to the plaintiff, was at all times relevant to this complaint, the district Attorney Generals 16th Judicial District - Cannon and Rutherford Counties.

On or about January 5, 2016, Jennings Jones encountered Plaintiff and interacted with him as described in this complaint. He is sued in his individual Capacity.

14. Defendant, Karen Hudson, whose name is known to the plaintiff, was at all times relevant to this complaint, the Grand Jurion forepenson, 16th Judicial District - Cannon and Rutherford Counties.

On or about January 5, 2016, Karen Hudson encountered Plaintiff and interacted with him as described in this complaint. She is sued in her individual Capacity.

15. Defendant, Shawn Puckett, whose name is known to the plaintiff, was at all times relevant to this complaint, the States Prosecutor, 16th Judicial District - Cannon and Rutherford Counties.

On or about January 5, 2016, Shawn Puckett encountered Plaintiff and interacted with him as described in this Complaint. He is sued in his individual Capacity.

16. Defendant, Ray White, whose name is known to the Plaintiff was at all times relevant to this Complaint, appointed public defender, 16th Judicial District - Cannon and Rutherford Counties.

8

On or about November 10, 2015, Roy White encountered Plaintiff and interacted with him as described in this Complaint. He is being sued in his individual Capacity.

17. Defendant, Billie Zimmermann whose name is known to the plaintiff, was at all times Relevant to this Complaint, appointed public defender, 16th Judicial District - Cannon and Rutherford Counties.

On or about January 19, 2016 or February 3, 2016, Billie Zimmermann encountered Plaintiff and interacted with him as described in this Complaint. She is sued in her individual Capacity.

18. Defendants, John Doe's and Jane Doe's, whose names are unknown at this time to the Plaintiff, was at all times Relevant to this Complaint, the twelve Grand Juniors, 16th Judicial District - Cannon and Rutherford Counties

On or about January 5, 2016, John Doe's and Jane Doe's encountered Plaintiff and interacted through the Grand Jury proceeding as described in this Complaint. He and she are being sued in their individual Capacity.

19. Defendant, Honorable, David M. Braggs, whose name is known to the plaintiff, was at all times Relevant to this Complaint, appointed District Judge, 16 Judicial District - Cannon and Rutherford Counties.

On or about May 5th and 13th 2016, Honorable Judge David M. Braggs encountered Plaintiff and interacted with him as described in this Complaint. He is sued in his individual Capacity.

20. Defendant, Sheriff Robert Arnold, who's name is known to the plaintiff, was at all times Relevant to this Complaint. Sheriff, Chief administrator over the Rutherford County Adult Detention Center. On or about October 27, 2015, Sheriff Robert Arnold accepted into his Custody, Care, Control Leonard Singer as discribed in this Complaint. He is being Sued in his individual Capacrty.

21. Defendant, Sheriff, Lieutenant Robert Grissom, who's name is known to plaintiff, was at all times Relevant to this Complaint a Ranking Lieutenant, first shift Lieutenant over his Subordinantes at the Rutherford Adult Detention Center. On on about the month of march Leonard Singer encountered Lieutenant Robert Grissom and interacted with his as discribed in this Complaint. He is being Sued in his individual Capacrty.

22. Defendant, Sheriff, Lieutenant Shawn Applegate who's name is known to plaintiff, was at all times Relevant to this Complaint a Ranking Lieutenant, first shift Lieutenant over his subordinates at the Rutherford County Adult Detention Center. On or about June 20, 2016, Leonard Singer was Refered to Lieutenant Applegate over internal affairs by his Subordinante, Officer Dunley, which Leonard Singer interacted with Shawn Applegate through Inmate Request as discribed in this Complaint. He is being Sued in his individual Capacrty.

# Questions Presented for Review

1. Whether Substance is an element of a cause of action under Tenn. Code. Ann. § 39-16-503 (a)(1).

2. Whether Resisting Duress is Justified for a cause of action under Tenn. Code. Ann § 39-16-602.

3. Whether evidence derived from an illegal Search, arrest or interrogation be inadmissible under Tenn. Code. Ann. § 39-16-602.

4. Whether evidence derived from an illegal Search, arrest or interrogation be inadmissible under Tenn. Code. Ann. § 39-16-503.

5. Whether police officers performing their duties in public; Exceed their Jurisdiction in carrying out agency policy and procedures, is a cause of action under Tenn. Code. Ann. § 39-13-102.

6. Whether evidence derived from an illegal/search, arrest or interrogation be inadmissible under Tenn. Code. Ann. § 39-17-418.

7. Whether evidence derived from an illegal Search, arrest or interrogation be inadmissible under Tenn. Code. Ann. § 39-17-425.

8. Whether the Honorable Judge, David M. Broggs exceeds his Jurisdiction on May 6, 2016, to conduct a Suppression hearing on the initial traffic Stop, when a "Jurisdictional fact" existed within his personal file of the accused to properly exercise the

Courts Jurisdiction over a case, party, or thing, finding probable cause for the traffic stop.

9. Whether the Honorable Judge, David M. Braggs exceeds his Jurisdiction on May 13, 2016 when he has Leonard Singer presented before him and admonishs Singer on his Refusal to accept the States six year plea offer, and alleding under Tennessee law, he will be the one who will set Singers punishment if found guilty.

10. Whether the State officials conspired to 'defraud the United States of and concerning its governmental function to be honestly, faithfully represented in the Courts of the United States' in such matters 'free from corruption, improper influence, dishonesty, or fraud.'

11. Whether Singers Current Confinement in the Rutherford County Adult Detention Center, adjudged October 27, 2015, pending trial, within their respective Jurisdiction, by whatever authority, in violation of the Constitution or any law or treaty of the United States.

12. Whether AAron Price exceeds his Jurisdiction making an unconstitutional traffic stop and falsifying his offense Report, omitting material facts and submitting it under oath.

13. Whether Billie Zimmermann commits an offense under T.C.A. Section 39-16-503 (a)(1)(2), omitting or deleting material evidence from Dash Cam Video of traffic Stop.

14. Whether Officer Price's traffic stop for a vehicle code violation was constitutional, when Officer Price stated for the record May 6, 2016 at the suppression hearing that his supervisor informed him to investigate or to keep close surveillance on a well known drug area and that Officer noticed Singer's truck in the vicinity and wasn't familiar with seeing Singer's truck in that area of town, but the truth of the matter was that Singer did have his headlights on at the time of the stop.

15. Whether after review of dash cam video and audio, along with the affidavit warrant, did Officer Price make any announcement upon approach of Singer of any reason for the stop or any investigation pending or in progress giving Singer actual 'knowledge'.

16. Whether it would of been more prudent from Officer Price to follow policy and procedures in performing stops for traffic or vehicle code violations if that was his purpose, to submit any issuance of a citation, verbal or written for the violation.

17. Whether it would of been more logic for Officer Price a seven year veteran to ask Singer what was in Singer's mouth before immediately 'Jerking' Singer from his vehicle and placing Singer in either the "bar arm control" hold or the "carotid artery control" hold or both, causing damage to Singer's neck and larynx.

18. Whether Palmer Gibbs exceeds his Jurisdiction when he is captured on dash cam video-audio as he defrauds the State of his duty to uphold the Constitution, laws and policy and procedures of the Murfreesboro Police Department, when he alleges that Aaron Rice told him that Singer swallowed drugs.

19. Whether Palmer Gibbs exceeds his Jurisdiction to place Singer under arrest after the unconstitutional traffic stop, when Singer was in fact driving with his headlights on which was Aaron Rices Reasoning for his traffic stop.

20. Whether Palmer Gibbs exceeds his Jurisdiction threatening Singer in the ambulance on the way and in E.R at St. Thomas Medical Center that he was going to have Singers stomach pumped after the unconstitutional traffic stop and "aggravated assault by strangulation".

21. Whether Palmer Gibbs exceeds his Jurisdiction when he intentionally and recklessly acts in a furtive manner in capturing his statement after a "coerced promise phone call" was made by Palmer.

22. Whether Palmer Gibbs exceeds his Jurisdiction when he intentionally and recklessly intercepts and discloses oral communication to Billie Zimmermann and the State who continues to use it in violation of the Tennessee wiretapping and electronic Surveillance - Prohibited acts under T.C.A. Section 39-13-601, 39-13-602, 39-13-603.

23. Whether Honorable Judge Rhonda Campbell exceeded her Jurisdiction when she allowed Adnan Price to submit his affidavit warrant under oath without viewing all relevant evidence, 'dash Cam video audio' and questionable statements made which she failed to acknowledge before making her probable cause determination.

24. Whether Aneta Flaggs and the agents for the government have made or cooperated in the making of arrest and filing charges against Singer where such changes are not warranted and are merely for the purpose of harassment and to discourage and prevent Singer from exercising his Constitutional Rights.

25. Whether Aneta Flaggs and the agents for the government at the Murfreesboro Police Department failed to carry out proper policy and procedures imposed by law to investigate the commission or suspected commission of any offense when Criminal Complaints are filed and the agents provide the wrongdoers with the complaints filed against them who Retaliate.

26. Whether Singer is being subjected to the allegedly discriminatory and unconstitutional administration of criminal Justice in Rutherford County. When District Attorney General, Jennings Jones and his assistant Shawn Puckett Continue to keep Singer confined for the unconstitutional law on the face of the indictment, Concealing from Singer who actually altered the Criminal Statute in violation of the First through the Fourteenth Amendments of the United States Constitution.

27. Whether Mr Jennings Jones or Mr Shawn Puckett made or caused to be made or cooperated in the making of arrest and the filing of charges against Singer where there may be some Colorable basis to the arrest of such charge, but the Crime defined in the Change is much harsher than is warranted by facts and is far more severe than like charges would be against a white person.

28. Whether the District Attorney General, Jennings Jones or his assitant Shawn Puckett altered the Criminal Statute on the face of Singers indictment, omitting the word Record, document and Replacing it with 'Substance' which as if no offense.

29. Whether the elected grand Junions and the grand Junions fore person were in session, acknowledging their duty and having access to all County offices and buildings and to the Examination of all Records and other papers of any of the County officers in any way Connected with their duties, Public Records, dash Cam video'.

30. Whether Billie Zimmermanns unconstitutional acts against Singer Since Febuary 3, 2016 Constitutes 'Malpractice' when She Continued to show negligence, or incompetence as a professional after Singer Continued to point out the unconstitutional acts of all the defendants and Billie Continued to Conceal the facts and withdrawed from Singers case without notice on August 19, 2016 when She was to address the Criminal Complaint filed against her.

31. Whether Sheriff Robert Arnold is imposed by law as chief executive officer to properly train his ranking officers to to respond to a prisoner's serious injury when he receives a request in writing of the serious injury, but directs the prisoner to the requested agency, failing to intervene after reading and providing a comment on the request.

32. Whether Lieutenant Robert Grissoms failure to intervene constitute "deliberate indifference to a prisoner's serious injury" on the part of the detention center official is sufficient to constitute an "infliction" of cruel and unusual punishment under the Eight Amendment.

33. Whether Lieutenant Robert Grissom failed to carry out his responsibility and duty imposed by law to investigate the commission or suspected commission of any offense when Singer informed him through Inmate Request and which he had knowledge of the accusation in the request for information to contact the Tennessee Bureau of investigation on April 15, 2016 and May 9, 2016.

34. Whether Sheriff Robert Arnold has exceeded his jurisdiction, failing to maintain a adequate law library for a prisoner when he places tablets on the pods which aren't equivalent to a fully equipped law library or allowing a prisoner to exercise his right to access to the courts which consists of giving Singer the right and access to "All legal material" in order to meet 'time frames' and to prepare and present a proper defense in the courts.

# Reasons Supporting Review

1. Plaintiff. Request, that this Court Should REVIEW this case and INTERVENE, Restraining the states prosecution of Singer, which he has and Continues to suffer immediate and irreparable injury.

2. This Case presents a question of first impression in TENNESSEE: Is "Substance" a REQUIRED element of a claim under Tenn. Code. Ann. § 39-16-503 (a) (i) (Appendix A).
   The answer to this question should be "No", because Section 39-16-503 (a) (i) sets out the elements which must be proven to establish a claim thereunder, and 'Substance' is not among them.

3. This misrepresentation, respectfully, contravenes the plain meaning of the TENNESSEE Evidence: destruction, tampering or fabrication Act and adds to Section 39-16-503 (a) (i) (Appendix A) an element which the legislature intentionally omitted.

4. The States interpretation of making, presenting and using, under Tenn. Code. Ann. § (a) (2) of the statute, Creates a nullity for Count one, two, three, four of the documents were derived from an illegal Search, arrest, interrogation which is inadmissible, because the "fruit" was tainted by the "poisonous tree".

5. As was said in *Ex parte Siebold*, 100 U.S. 376: "An unconstitutional law is void, and is as no law. An offense created by it is no crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment."

6. So, in *Ex parte Yarbrough*, 110 U.S. 654, S.C. 4 Sup. Ct. Rep. 152, it was said that if the statute prescribing the offense for which Yarbrough and his associates were convicted was void, the Court which tried them was without Jurisdiction, and they were entitled to be discharged.

7. The State officials deliberately conspired to "defraud the United States of and concerning its governmental function to be honestly, faithfully and dartifully represented in the Courts of the United States" in such matters "free from corruption, improper influence, dishonesty, or fraud.

8. The State officials have intentionally engaged in, and are continuing to engage in various patterns and practices of conduct in the administration of the criminal Justice System in Rutherford County that deprive Plaintiff of Rights secured by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, and 42 U.S.C.A. Section 1983, 1985.

9. AAron Price made an unconstitutional Stop for a light violation, dash Cam Video revealed that Singer in fact had his headlights on when Officer Ed Gonham was revealed on dash Cam standing in the headlights, viewing paraphernalia which was placed on Singer.

10. It's been well established that a agent for the government, before taking office, took oath and swore to uphold and protect the laws and Constitution Article 2. Section 2. Seperation of Powers: persons belonging to different branchs states: "No person or persons belonging to the distinct departments which is Legislative, Executive, and Judicial shall exercise any of the powers properly belonging to either or the others, except in the cases herein directed or permitted.

11. District Attorney General, Jennings Jones, presumed to know and follow the law knew he was not a member of the legislative house, consisting of the Tennessee General Assembly. Knowing that the stule of laws of this State shall "be enacted by the General Assembly of the State of Tennessee."

12. District Attorney General, Jennings Jones. who is presumed to know and follow the law should have known that the Constitution is the fundamental law of a nation or state that establishes the institutions and apparatus of government.

13. District Attorney General, Jennings Jones, knew that the Constitution is the law and under the Tennessee Constitution Article 10. Section 2. "All laws and ordinances now in force and use in this Territory, not inconsistent with this Constitution shall continue to be in force and use in this State, until they shall expire, be altered, or repealed by the legislature.

14. District Attorney General, Jennings Jones knew under the Tennessee Constitution Article 10, Section 4. The declaration of Rights hereto annexed is declared to be part of the Constitution of this state, and shall never be violated on any pretence whatever and its declared that everything in the bill of Rights contained, and every other Right not hereby delegated, is excepted out of the general powers of government, and shall ever remain inviolate.

15. District Attorney General. Jennings Jones presumed to know and follow the law, knew under the Rules of Criminal Procedure Rule. 6.(H)(2). his duty was to prepare and have indictments Ready for the grand Jury, which doesn't consist of altering the Criminal statute on Singers indictment, depriving Singer of due process and equal protection of the laws which is totally contrary to the Constitution and law. Keeping Singer illegally confined at the Rutherford County Detention Center.

16. District Attorney General, Jennings Jones knowingly, intentionally and recklessly with disregard for the truth, failed to uphold the Constitution and laws, depriving Singer equal protection of the laws, omitting information material to T.C.A. Section 39-16-503 (c)(1)(2). which is a crime for "any person" to alter, destroy or conceal "anything" with the intent to impair its verity, legibility or availability as evidence in the official proceeding, which he made, presented to Singer and the Courts and which the state continues to use against Singer with knowledge of its falsity and with the intent to affect the course and outcome of the official proceeding as he continues to keep Singer unconstitutionally confined.

17. Assistant district attorney, Shawn Puckett who is presumed to know and follow the law, continues to act in a discriminatory manner, when he uses the unconstitutional law printed on the indictment which under T.C.A. Section 39-16-503 (a)(i)(2), apply's to "any one" who attempts to conceal "anything" which he attempts to conceal the unconstitutional law on the face of the document with intent to impair its verity, legibility and availability as evidence in the official proceeding as he continues to present and use the document with knowledge of its falsity and with the intent to affect the course and outcome of the official proceeding as he also continues to deprive Singer of due process and equal protection of the laws, keeping Singer unconstitutionally confined in the Rutherford County Detention Center.

18. Billie Zimmermann, defense counsel for Singer who is also presumed to know and follow the law, and after being informed of the unconstitutional law by Singer, continued to engage in a pattern and practice of her discrimitory acts which deprives Singer of his constitutional rights as she continues to violate T.C.A. 39-16-503 (a)(i)(2) when she continuously conceals the unconstitutional law on the face of the indictment with the intent to impair its verity, legibility and availability as evidence in the official proceeding when she continues to present and use the unconstitutional criminal statute with knowledge of its falsity and with the intent to affect the course and outcome of the official proceeding as she continues to threaten Singer with the States six year plea offer which Singer has refused since Febuary 2.2016. (Appendix F)

19. Honorable Judge, David M. Braggs, Chief executive over the court whos also presumed to know and follow the law has also violated a number of Canons. when he also had a Criminal Complaint filed against him by Singer, alledging his use of the unconstitutional law, as he carrys out discriminatory acts when Singer was admonished by the Judge on May 13, 2016 on the refusal to take the States Six year plea offer and he exceeds his Jurisdiction again on July 29, 2016 when Billie Zimmermann addressed her Criminal Complaint on Record and Judge David M. Braggs, Swors Singer in and Singer addressed the unconstitutional law the State was using, which is as no law, and the Judge allowed Billie Zimmermann to reschedual to address her Complaint on August 19, 2016, which Billie Zimmermann withdrew from Singers Case without notice as Singer remains unconstitutionally Confined in the Rutherford County Detention Center.

20. Aneta Flaggs, over internal affairs with the Murfreesboro police Department whos also presumed to know and follow the law acts in a discriminatory manner when she failed to follow proper policy and procedures processing, screening and investigating the Six Criminal Complaints filed by Singer whos the victim, with the department through Aneta Flaggs who then presented them to the agent for the government, which then was presented to the wrongdoers who Continue to engage in discriminatory patterns and practices, inconsistent with the Constitution and the laws, also in violation of T.C.A. 39-16-503 (a)(i)(a), making it unlawful

for Aneta Flaggs and her agents to conceal the material facts of Singers accusations, as the agents allow the unconstitutional document to continue to be presented and used with knowledge of its falsity and to affect the course and outcome of the official proceeding in violation of T.C.A. Section 39-16-503 (a)(1)(2) and 28 U.S.C.A. Section 1343 (a)(1)(2)(3)(4), leading to Singers continued unconstitutional confinement at the Rutherford County Detention Center, depriving Singer of his life, liberty and property in violation of the First through the Fourteenth Amendments.

21. Aneta Flaggs and her agents for the government continue to conceal the accusations within the complaint that officer Aaron Price committed the offense of Aggravated assault by strangulation in violation of T.C.A. Section 39-13-102 (a)(1)(A)(1)(iv)(2) which was all captured on dash cam video and audio of the traffic stop and which Singer was transported to St. Thomas Medical Center for when Aaron Price "misused his power" when death or serious bodily harm was not threatened at which Aaron Price intentionally and Recklessly omitts the facts from his affidavit warrant, constituting a void warrant.

22. Aneta Flaggs and the agents for the government continue to conceal the fact that Aaron Price falsified his offense Report when dash cam video shows that Singer in fact had his headlights on as Officer Ed Gorham picks some object up off the ground 20 to 30 feet away from Singers truck and walks back and stands in the headlights to view the contraband placed on Singer in violation of the First through Fourteenth Amendments.

23. Aneta Flaggs and the agents for the government continue to conceal the fact that evidence derived from the illegal search, arrest and interrogation is inadmissable when officer Palmer Gibbs threats and caption of a coerced statement is incidental to the unconstitutional traffic stop, unlawful search by Aaron Price and the illegal arrest by Palmer Gibbs which all boils down to "fruit" from the poisonous-tree which the State continues to use against Singer in violation of the First through Fourteenth Amendments.

24. Honorable Judge Rhonda Campbell exceeds her Jurisdiction when Aaron Price Knowingly, intentionally with Reckless disregard for the truth, omitted material facts behind this traffic stop within the affidavit warrant, that doesn't match dash cam video which she should have reviewed when making her probable cause determanation which would have revealed that Aaron Price committed perjury and the inclusion of all the facts which Singers accusations are crediable material evidence that would defeat the States probable cause determination which continues to keep Singer unconstitutionally confined against his will constituting Cruel and unusual punishment.

25. Sheriff Robert Arnold has exceeded his power, Right and authority Keeping Singer unconstitutionally confined when he as the Chief administrator failed to adequately train his Ranking Lieutenants who all have a duty imposed by law to investigate the Commission or suspected commission of any offense brought to the officers knowledge before that

Officer makes his unjust independant decision to overlook the accusation and direct Singer to another agency, Thus his ranking officer failed to carry out the official policies, custom and practices of the Rutherford County Adult Detention Center.

26. Lieutenant Robert Grissom with the Rutherford County Sheriffs Department failed to carry out the official policies, customs and practices of the department when he had a duty imposed by law to investigate the commission or suspected commission of any offense. Singer submitted a inmate request addressed to Lieutenant Grissom on May 9, 2016 asking who Singer could talk with about being illigally confined which Singer felt was a serious matter even though Singer requested the address of the Tenn. Bureau of investigation, Lieutenant had a duty imposed by law to investigate, which he failed to act and Singer requested through a number of floor officers that he needed to have word with Lieutenant and Singer was told that Lieutenant would get with Singer, and four months would be a reckless disregard for Singer and his Rights.

27. Sheriff Robert Arnold abuses his power, Right and authority depriving Singer of life, liberty and prosperity when shows gross negligence to a prisoners Rights, failing to equip the Correctional facility with a fully equipped law library with adequate legal material. Thus depriving prisoners such as Singer to access to the Courts which Requires access to all legal books and materials within a law library for prisoner to conduct legal research and prepare a proper defense in his behalf which the tablets he provided is not what constitutes adequate legal material.

## Injuries and Damages

As the direct and proximate Results of the Defendants (State) actions and inactions, the State has overstepped the bounds of professionalism and Plaintiff Suffered the following injuries and damages: injury to person and property.

(a) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, to be free from profiling and harassment for the Constitutionally protected act of freedom of movement while police officers perform their duties in public:

(b) Violation of Plaintiffs Rights under the First through Fourteenth Amendments to be free from Defamation false imprisonment, causing deprivation of Singers life, liberty and property, creating mental and physical anguish.

(c) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, Conversion of the State Criminal Statute, Section 39-16-503 (a)(i)(2). Evidence: destruction, tampering or fabrication.

(d) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, Right to be heard when Singer Requested, defense Counsel, Billie Zimmermann, set the case for Jury Trial.

(I) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, for defamation, falsifying material facts omitted from Officer AAron Prices Police Report, omitting critical material facts which dosn't match dash cam video and audio.

(J) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, Singers denied due process, constituting illegal search and seizure of his person vehicle, tools, phone.

(K) Violation of Plaintiffs Rights under the First through Fourteenth Amendments for Officer Palmer Gibbs unconstitutional acts of capturing a oral statement with Gibbs Electronic Communication device.

(L) Violation of Plaintiffs Rights under the First through Fourteenth Amendments, when the State presented the unconstitutional indictment thats void on its face for vagueness and overbreadth.

(M) Vilation of Plaintiffs Rights under the First through Fourteenth Amendment, the right to Effective Assistance, Requiring the guiding hand through all stages of proceedings, free from State Control, addressing the unconstitutional documents when presented with the fact.

(N.) Violation of Plaintiff's Rights under the First through Fourteenth Amendments, when Honorable Judge David M. Braggs abuses his discretion, exceeding his Jurisdiction over Singer applying a erroneous Judgment, revolving around a unconstitutional document in his file on May 6, 2016.

(O) Violation of Plaintiff's Rights under the First through Fourteenth Amendments, when Singer Submits five of his Citizen Complaints to Commander Aneta Flaggs over internal affairs at the Murfreesboro Police Department, followed by Singers Sixth Complaint, depriving Singer to be heard or informed of the process.

(P) Violation of Plaintiff's Rights under the First through the Fourteenth Amendments a reasonable time and manner to be informed after sending Aneta Flaggs, internal affair over the murfreesboro Police Department a second letter on July 18, 2016, requesting to be informed of the investigating process and progress.

(Q) Violation of Plaintiff's Rights under the First through Fourteenth Amendments when all Defendants from a number of different agencies continue to, conspire to defraud Plaintiff and the United States of and concerning its governmental functions to be honestly, faithfully and dutifully represented in the courts of the United States in such matters free from Corruption, improper influence, dishonesty or fraud.

(R) Anita Flaggs over internal affairs with the Murfreesboro Police Department, violated the guidelines specified revisions of police manuals and rules of procedures, as well as the adoption of specific procedures for safety training of the officers in combat as well as processing, screening, investigating and adjudicating citizen complaints with prompt correspondence at some time to any progress report.

(S) Anita Flaggs and her agents with the Murfreesboro Police Department and the prosecutor attorneys office attempts to conceal the complaints, indictment and altered dash cam videos amoung themselves as part of the States defense strategy to keep Singer held in captivity, deterring Singer from exercising his First and Fourteenth Amendment Rights.

(T) Violation of Singers First through Fourteenth Amendments when Singer Requested a Jury Trial back on February 3, 2016 as the state and Billie Zimmermann denies Singer the Right to a fast and speedy trial under Tenn. Const. Article 1, Section 9.

(U) Violation of Singers First through Fourteenth Amendments when Honorable Judge Rhonda Campbell fails to follow proper procedures in interpreting and applying the law when it comes to following guidelines in finding probable cause depriving Singer of his life, liberty and property under Tennessee Constitution Article 1, Section 8.

(V) Violation of Singers First through Fourteenth Amendments when Billie Zimmermanns Representation Constitutes Malpractice as she continues to conceal the unconstitutional law on the face of the indictment while deleting sections from dash cam video of Afrion Prices traffic stop, showing and telling Billie that Singer is the victim of an unconstitutional aggravated assault, amounting to a breach of her duty as a lawyer.

(W) Violation of Singers First through Fourteenth Amendment Rights when Lieutenant Richard Brissom failed as a Ranking officer to take prompt action after being informed by Singer and his lower subordinates within the sheriffs department of a serious legal matter having Singer illegally confined. in violation of Tennessee Constitution Article I. Section 8.

(X) Violation of Singers First through Fourteenth Amendment Rights when Sheriff Robert Arnold has failed to properly train his Ranking officers on how to deal with serious matters in investigating the Commission of Suspected offenses within department showing deliberate indifference to Singer and his Rights, depriving Singer of his life, liberty and property under Tennessee Constitution Article I. Section 8.

(V) Violation of Singers First through Fourteenth Amendment Rights when Sheriff Robert Arnold deprives Singer of his Right to access to the courts which consists of the ability to admittance of a fully equipped law library with access to all legal material, denying Singer this Right under Tennessee Constitution Article I. Section 13.16.17.

# Statement of Facts

1. On or about October 27, 2015, Singer left a friends residence on Roaulor Ave. Once entering Walnut St. Murfreesboro, Tenn Singer traveled a short distance, turning Right on Jones St.

2. Singer approached Memorial Blvd and Crossed over onto Ridgely Rd.

3. Singer glanced in his Rearview mirror and noticed the unmarked police vehicle Closing in with high pursuit.

4. Singer glanced in his Rearview again and noticed the police vehicle had activated his hidden emergency lights.

5. Singer drove a short distance before making a Right turn into the parking lot of Office Depot.

6. Officer AAron Price activated his emergency siren indicating to Singer to pull over.

7. Singer out of Common Courtesy drove further to a safe area, clearing the path for public citizens, Comming and going from this place of business of Office Depot.

8. Singer stopped his vehicle and lowered his driver side window.

9. Singer was unaware what attracted the officers attention to legally Constitute the traffic Stop.

10. Singer picked up his wallet and ciggretts and placed them in his left hand placing it on the steering wheel in plain view.

11. Officer AAron Price asked Singer what he was doing in a aggressive tone.

12. Singer stated he was getting his wallet and Cradentials while Removing his perscribed driving glass, placing them on the to of the center counsel and picking up his reading glass.

13. AAron Price Suddenly grabbed Singer by his left wrist which contained his wallet and ciggretts.

14. Singer became effectually restrained and deprived of liberty as by prison bars, never informed of any unlawful Conduct.

15. AAron Price Suddenly broke his release of Singers wrist upon the opening of Singers driver side door.

16. AAron Price Jurked Singer out of his truck, Spun Singer around so quick, placing him in a forearm choucehold. (Appendix D)

17. AAron Prices unprofessional investigative tactics failed to disclose his suspicion, after all the surrounding Circum-stances, face to face of any criminal activity unfolding in his presence.

18. AAron Price, while acting under the "Color of State law" abused his power of authority, failing to question Singer of the contents in his mouth.

19. AAron Price, knowingly and intentionally began strangulating Singer by applying a Carotid-artery or forearm hold against Singers throat impeding normal breathing and circulation of air and blood flow (T.C.A. 39-13-102.)

20. AAron Price was not authorized under policy and procedure to deploy a "forearm chokehold".

21. AAron Prices use of the forearm chokehold constitutes "deadly force".

22. Singer struggled for air, blacking in and out, resisting the duress, telling AAron Price, "I cant breath".

23. AAron Price, much stronger and heavier with determined energy was inflicting great bodily violence.

24. AAron Price demanded throughout his strangulation tatics for Singer to "spit it out".

25. Singer alleges "what are you doing to me", "I cant breath" "your choking me, I cant breath".

26. AAron Price continued to apply the pressure with no threats of death or serious bodily injury.

27. Aaron Price Continuously demanded that Singer "Spit it out."

28. Aaron Prices dash cam and Audio Captures entire alter-cation.

29. Singer could not meet Aaron Prices demand due to no air flow.

30. Aaron Price Continuously applied pressure until Singer blacked out as Aaron Price rode his back, driving Singer to the ground, striking Singers head on the door frame and floor-board.

31. Singer regains consciousness and is able to spit the contents out which consisted of medical gauze wrapped in a light clear film of plastic for his dental problems.

32. Aaron Price Submits his police Report under oath, failing to alledge material facts, contrary to dash cam video and audio which Constitutes "Perjury".

33. Aaron Price received assistance from Lieutenant Keaton and placed Singer in handcuffs.

34. Singer alledges assault, police brutality, complaining of neck and back injuries.

35. Singer Complained of neck and back injuries and the officers picked Singer up and took him to the rear of his vehicle, placing him on the tailgate of his truck.

36. E.M.S. arrives on the scene and Singer is placed on the stretcher and placed in the ambulance, transported to St. Thomas medical Center.

37. Aaron Price has Singers truck towed and several drills, drill battery, drill battery charger and two straps were logged into the M.P.D. for safe Keeping.

38. Aaron Price seized Singers cell phone so he could try to get a search warrant on it.

39. Prior to E.M.S. arriving, Officer Palmer Gibbs attempts to view Singers mouth again and Singer states that he dosn't have anything.

40. Palmer Gibbs states that Aaron Price told him that Singer Swollowed some drugs.

41. Singer stated "why would he say that" if Singer never made that statement.

42. Palmer Gibbs travels with Singer in the ambulance to st. Thomas Medical Center.

43. Palmer Gibbs continyously threatens Singer in route to St. Thomas Medical Center by various tatics of intimidation to entrap Singer into a confession.

44. Palmer Gibbs Continuously insisted that he smelled mariJuhana and gave Singer the third degree by threats of pumping Singers Stomach.

45. Singer was stripped of his clothing upon arrival at St Thomas Medical Center and a search of his clothing was conducted.

46. Singer was placed in a hospital gound for approximately three hours.

47. Palmer Gibbs Consistently insisted that he smelled mariJuhana, asking Singer wheres it at, wanting to Search Singers mouth again.

48. Singer was confronted with medical staff and numerious medical questions was asked in Regards to the abrasion on Singers forehead and his neck and back injuries.

49. Palmer Gibbs Continuously Coerced Singer by threats and promises of having Singers Stomach pumped because he smelled mariJuhana.

50. Singer insisted that he pump it and quit threatening him about it.

51. Palmer Gibbs Continuously steps in and out of ER at St Thomas being Secretive with his phone Conversations.

52. Palmer Gibbs would end his phone Conversation and start in with the third degree again, stating, Come on Singer, wheres it at?

53. Singer replys, "I don't have anything."

54. Palmer Gibbs coerced Singer with threats of severe punishment if Singer takes any drugs into a correctional facility.

55. Singer replys again "I don't have anything."

56. Palmer Gibbs continuous constodial interrogation lasted approximately two and a half, three hours.

57. Palmer Gibbs asserts again, "come on Singer, work with me," which constitutes 'deliberate elicitation'.

58. Singer states, "work with me." "You police officers violated me and my rights."

59. Palmer Gibbs coerced Singer by promise and makes a phone call to Singers sister, a breach of security.

60. Singer talked with his sister breifly from Palmer Gibbs' phone and he informed her where he was at and what had taken place and that he was being examined for injuries.

61. Palmer Gibbs states "alright I worked with you, now work with me", wheres it at?

62. Singer states he dosn't have anything.

63. Palmer Gibbs continues with the third degree, with threats of pumping Singers stomach.

64. Singer makes a couple of sarcastic remarks behind his unlawful acts of interrogation providing him with 'fruits' from the poisonous tree.

65. Palmer Gibbs secretly captures the oral communication of Singers brief statement of swallowing a partial blunt.

66. Palmer Gibbs cross's his line of duty, violating the 'wiretapping and electronic surveillance-'Prohibited acts'.

67. Palmer Gibbs provides defense counsel, 'Billie Zimmermann with the captured statement, which Singer is currently being threaten with.

68. Singer was allowed to dress back into his cloths, signed medical forms and was released, transferred to the Rutherford County Adult detention Center, where he remains.

69. Singers charges are as labeled on the four count indictment.

70. Singers 1st count apperance was November 10, 2015.

71. Ray White, the States appointed defense attorney was appointed to represent Singer November 10, 2015.

39

72. Ray White Converses with Singer briefly about his charges.

73. Ray White, shortly has Singer removed from the cage and taken into the courtroom, failing to consult with Singer about the court appearance.

74. Singer entered the courtroom and seen officer Aaron Price who was shortly sworn in to testify to the facts.

75. Singer was not informed and totally unaware of what the proceeding pertained to at that time.

76. Mr Ray white who is presumed to know and follow the law, knew that the State was conducting a preliminary hearing, which is a critical stage in a criminal prosecution in Tennessee.

77. Mr Ray White knew that Singer was entitled to an "Effective" attorney and client relationship

78. Mr Ray white knew that he and Singer did not discuss or request a probable cause hearing at that time without preperation of his defense and witness in Singers favor to clear of Suspicion.

79. Mr Ray White, acting under "color of state law", never informed Singer that the State was conducting the probable cause hearing.

80. Singer was denied his Right under the sixth Amendment to "Effective Representation of Counsel", which deprived Singer affordable Confrontation and Examination of all the States witnesss' in connection with the Charge.

81. Mr. Ray White deprived Singer of the Right to produce witnesss' in his defense.

82. Officer Afron Price was sworn in at the probable Cause hearing and testified falsely to his dash Cam video, audio and Submitted police Report.

83. AAron Price testified falsely Concealing material facts omitted from his offense Report, Constituting 'purJury'

84. AAron Price defrauds the United States of and Concerning its governmental function to be free from Corruption, improper influence, dishonesty, or fraud.

85. Mr. Ray White allowed "Hearsay" from AAron Price to be admitted and failed to submit any legal argument to that fact.

86. Mr. Ray White failed to and had the obligation to guard, Enforce and protect Every Right granted or secured by the Constitution of the United States, and the laws made in pursuance thereof, whenever those Rights are involved in any proceeding against Singer.

87. Mr. Ray White had a duty to advance all colorable claims and defenses, free from state control and failed to request for a continuance in order to present and cross-exam the states witness behind the "hearsay".

88. The magistrate based his decision on Afton Prices "Hearsay" evidence which is legally "incompetent evidence".

89. The magistrate bounds the case over to the Grand Jury and Singer remains in the custody of "Sheriff Robert F Arnold.

90. Mr. Jennings Jones, the District Attorney General prepares and has indictments ready for the Grand Jurions in all criminal cases where the accused is in such custody.

91. The twelve grand Jurions, "John Doe's and Jane Doe's who's names are not known, deliberated on this cause, having inquisitorial power over and authority to return a "Indictment" relating to offenses having been committed within the county.

92. The twelve Grand Jurions, John Doe's and Jane Doe's were entitled to free access and examination of all records and other papers of any of the county offices, in any way connected with their duties.

93. The twelve Grand Jurions, John Doe's and Jane Doe's primary function was to examine possible crimes and develop evidence not currently available to the prosecution.

94. Once the twelve Grand Juriors, John Doe's and Jane Doe's decides that the evidence is strong enough to hold a suspect for trial. It Returns a "True Bill Indictment", changing the suspect with a specific crime.

95. The twelve Grand Juriors, John Doe's and Jane Doe's were not part of the Tennessee General Assembly, who sits down and drafts laws for the general public.

96. The twelve Grand Juriors, John Doe's and Jane Doe's had access to all records of any county officer, including the legislative laws which became effective June 1, 1796 upon Tennessee's admission by Congress.

97. The twelve Grand Juriors, John Doe's and Jane Doe's primary development of evidence would have revealed that: "All laws and ordinances now in force and use in this Territory, shall continue to be in force and use in this State, until they shall expire, be altered, or repealed by the legislature.

98. The twelve Grand Juriors, John Doe's and Jane Doe's did not have legislative authority to alter any law or interpret and apply the law to their individual discretion.

99. The twelve Grand Juriors, John Doe's and Jane Doe's did not have authority to conceal "anything" with intent to impair its verity and availability as evidence in their investigative proceeding.

100. The twelve Grand Jurions didn't have authority to make, present and use "anything", "particularly", the "indictment" with Knowledge of its falsity, against the accused Plaintiff.

101. The twelve Grand Jurions, John Doe's and Jane Doe's, arbitrary and Capricious decision was contrary to the established rules of law.

102. The twelve Grand Jurions, John Doe's and Jane Doe's who were under the Supervisory authority of the Grand Jurions foreperson, "Ms Karen Hudson", were administered by Oath.

103. Ms Karen Hudson, whose also presumed to know and follow the law, was under oath as the foreperson over the grand Jurions and whos vote counted with the grand Jurions.

104. Ms Karen Hudson Conspired with the grand Jurions under oath to "defraud, the united States of and Concerning its governmental function to be honestly, faithfully and Represent the Courts dutifully in such matters 'free from Corruption, improper influence, dishonesty, or fraud."

105. Ms Karen Hudson, "foreperson" and the twelve grand Jurions had a duty to assist and Cooperate with Mr Jennings Jones, the District Attorney General in ferreting out Crime, to the end that the laws may be faithfully Enforced.

106. Ms Karen Hudson has been directed out of term to advise the District Attorney General with respect to law violations.

107. Ms Karen Hudson who is presumed to know and follow the law, knew that altering T.C.A. Section 39-16-503, does not consist of omitting, "Record, Document and substituting it with "Substance". (Appendix B)

108. Ms Karen Hudson, presumed to know and follow the law, knew under T.C.A. Section 40-13-202 directs that an Indictment state the facts constituting the offense in ordinary and concise language without prolixity or repetition.

109. Ms Karen Hudson who is presumed to know and follow the law, knew that the language contained within the four corners of the statutes were plain, clear, and unambiguous. the duty was to obey it.

110. Ms Karen Hudson knew that the changing instrument well informed the accused of the nature and cause of the accusation in its original form.

111. Ms Karen Hudson is presumed to know that "anything" by its actual meaning, constitutes "whatever". So there was no need to omit, 'Record, document' and Substitute it with "Substance" (Appendix B)

112. Ms Karen Hudson, Grand Jury foreperson, made, presented and Continuously uses this unconstitutional document which is void on its face, having knowledge of its falsity.

113. Ms Karen Hudson has allowed for this altered document to be passed through a number of her subordinates hands which has kept Singer illegally confined, deprived of his liberty in violation of the First through the Fourteenth Amendments.

114. Mr Shawn Puckett, the states lead prosecutor who maintains complete control of this case, also presumed to know and follow the law, has allowed this altered document to take its course throughout the courts, which he also possess's in his files in violation of the First through the Fourteenth Amendments.

115. Mr Shawn Puckett has intentionally engaged in and is continuing to engage in various patterns and practices of conduct against policy and procedures in the administration of the criminal justice system in Rutherford County that deprives Singer of his Rights.

116. Mr Shawn Puckett has made or caused to be made or cooperated in the making of, the charging instrument, negligently or otherwise, makes an untrue statement of a material fact.

117. Mr Shawn Puckett is presumed "to know the state of the law at the time it passes legislation.

118. Mr Shawn Puckett knew nothing in the language of section 39-16-503 (a)(1) remotely suggested that the legislature intended to include 'substance' as an element necessary to prosecute.

119. Mr Shawn Puckett does not have proper jurisdiction to interpret and apply the law.

120. Mr Shawn Puckett has conspired to 'defraud the United States by dishonest means: concerning its governmental function to be honestly, faithfully and dutifully represented in the courts of the United States' in such matters 'free from corruption, improper influence, dishonesty, or fraud.'

121. Mr Shawn Puckett 'aids and abets' Billie Zimmermann, defense counsel, to continuously present the States plea offer of six years in prison and threats of prior convictions are going to be used against Singer if he chooses to go to trial

122. Mr Shawn Puckett aids Billie Zimmermann to abuse the discovery process with attempts to contact and get the parole department envolved in obtaining a parole hold for improper purposes.

123. Ms Billie Zimmermann was assigned to Plaintiffs case shortly on or after January 20, 2016.

124. Plaintiffs first visit with defense counsel, Billie Zimmermann was Febuary 3,2016 and she came to Singer with the States Six year offer, which Plaintiff Refused and told Billie to set the Case for Jury Trial.

125. Ms Billie Zimmermann came out to the Jail again on Febuary 9,2016 to sit down and view dash Cam video. She couldn't get her lap top to work and attempted with another presentment of the States Six year offer.

126. Ms Billie Zimmermann comes out to the Jail again on March 8,2016 to sit down and view the dash Cam video and she couldn't get the volume to work Canceling Review.

127. Ms Billie Zimmermann comes out to the Jail again on March 13,2016 to view dash Cam video again of traffic stop. Wasn't able to hear volume, to low and background disturbances, Canceling Review.

128 Ms Billie Zimmermann mails Plaintiff, dated letterhead April 14,2016, stating that shes set the Case for a Suppression hearing on May 6,2016 (Appendix C)

129. Ms Billie Zimmermann comes back out to the Jail again on April 19,2016, threatening Plaintiff again with priors and the States Six year offer again and Singer demands that Billie Set the Case for Jury Trial.

130. Plaintiff refuses Billies unprofessional tactics and questions, asking her why she wasn't addressing the 'Aggravated assault by strangulation under T.C.A. Section 39-13-102 when the dash Cam Video and audio clearly reveals that the fact is evident.

131. Billie Zimmermann deliberately avoids and conceals this material fact with Knowledge that it wasn't addressed in officer Priess police report as well.

132. Billie Zimmermann came out to the Jail again to visit on April 19, 2016 to watch dash Cam video and Singer noticed in the audio and video that there were a number of edits which Creates a Slight 'Beep' in the audio.

133. Plaintiff noticed officer Ed Gorham arrive on the scene and while walking to Singers truck, viewing the ground, when something on the ground captures his attention.

134. Ed gorham bends down and attempts to pick something up and Changes his mind, continuing his approach to plaintiffs vehicle.

135. Plaintiff plays close attention to Ed Gorhams moves as he walks around to the driver side of Singers vehicle, around the back and back down the passenger side viewing the surrounding ground area.

136. Ed Gorham walks back out about 20 to 30 feet and bends down picking up this item which captured his attention walking up.

137. Plaintiff points this out to Billie Zimmermann and asks her what did this officer just pick up? She replys, she replys she dosn't know.

138. Ed Gorham walks back to Singers vehicle and stands in the headlights viewing the object he just picked up and Singer points it out to Billie, "look, what does he have, dont plant anything on me and 'look' he's standiing in my "headlights", that was AAron Prices Reason for the unconstitutional Stop.

139. Billie Zimmermann quickly turns off the dash cam video Stating she had to go.

140 Billie Zimmermann states what else dose Singer have?

141 Plaintiff points out to Billie again on April 19,2016 that the the local Statute which Singer was indicted is repugnant to the Constitution and void on its face for vagueness and overbreath, in Violation of One through Fourteenth Constitution.

142. Billie Zimmermann, States, what makes you say that?

143. Plaintiff points out to Billie Zimmermann. that you state officials altered the Criminal Statute under T.C.A. Section 39-16-503, omitting material facts, Record and document, and substituting them with "Substance", which is not part of the Criminal Statute.

144. Billie Zimmermann states, 'how do I know'?

145. Plaintiff pulls out the correct Criminal Statute under Section 39-16-503 and presents it to Billie and she states: 'How old is that'?

146. Plaintiff points out "CURRENTNESS" printed on the print-out. Plaintiff goes on to say "An unconstitutional law is void, and is as no law. An offense created but it is no crime.

147. Billie Zimmermann stated that she was going to have it 'Supersede' because of a "graphical error."

148. Plaintiff States: that starts the process all over, 'double Jeopardy' not merely erroneous, but is illegal and void, and cannot be a legal cause for Singers imprisonment.

149. Billie Zimmermann states: "No" and walks away, ending her visit.

150. Plaintiff RECEIVES Correspondence from Billie Zimmermann on or about April 14, 2016, stating that she has set the Case for a Suppression hearing on May 6, 2016.

151. Billie Zimmermann Continues to show Reckless disregard for the laws and Constitution of the states when she proceeds forward with the Suppression hearing Knowing that the taking of Plaintiff to be tried before the Courts was without Jurisdiction.

152. Billie Zimmermann Knew that the T.C.A. Statute 40-13-202 directs that the indictment state the facts Constituting the offense in ordinary and Concise language.

153. Billie Zimmermann Consulted with Singer on May 6, 2016 before entering the Courts, Requesting that Plaintiff not take stand, basically not to reveal the truth. Singer agreed under Billies false impression of professionalism.

154. Billie Zimmermann under the Care and Control of the states Prosecutor, Shawn Ruckett Knew that the Courts did not have Jurisdiction to have me or this unconstitutional document before the Courts.

155. Billie Zimmermann Knew under the Rules of Criminal procedure. Rule Seven that the Suppression hearing was her opportunity to address Rule Twelve of any defects in the indictment.

156. Billie Zimmermanns sole and only purpose was to Contest through her argument was the moderate speed of the officers wipers, totally Contrary to the Critical facts.

157. Honorable David M. Briggs, the presiding Judge did not have proper Jurisdiction to interpret and apply the law when a "Jurisdictional Fact" existed with the unconstitutional law.

158. Honorable David M. Briggs exceeds his Jurisdiction on May 6, 2016 after hearing argument on suppressing the traffic stop, incidental to the derivation of the unconstitutional document within his file before him, constituting fruit-of-the-poisnous-tree, leading to erroneous Judgment in finding probable cause for the stop.

159. Billie Zimmermann asked that Plaintiff reconsider the Six year plea offer and Plaintiff refused, stating that he wasn't taking any offers from the state and that Billie needed to quit concealing the facts of the unconstitutional Stop, Search and making of the indictment.

160. Billie Zimmermann Continued to defraud Singer and the States of its governmental responsibilies when she goes out of her way to gather more 'fruit' tainted by which she already has in her file, when she states: Shes gonna have Palmer Gibbs phone records subpoenaed.

161. Billie Zimmermann advances to her second half of the Suppression hearing and motion on May 13, 2016. Threatening Singer with priors out of Texas and Officer Gibbs dash Cam Caption of him marandizing Plaintiff after the unconstitutional Stop and Search.

162. May 13, 2016 and prior to, Billie Zimmermann has abused the 'discovery process' which the states file that she possess's has a number of plaintiffs prior convictions that Billie states are going to be used against Singer.

163. Billie Zimmermann asserts a number of attempts were made to contact the parole division, as to get them envolved, while attempting to persuade plaintiff with the states six year offer again on May 13, 2016.

164. Plaintiff refuses Billie Zimmermann and the states six year offer and tells Billie Zimmermann to set the case for Jury Trial.

165. Billie Zimmermann threatens plaintiff about his priors and parole and wants plaintiff to sign some specific area on her documents, stating a refusal to accept the states six year offer. (Appendix F)

166. Plaintiff refuses to sign and Billie Zimmermann states she'll just have David M. Braggs, Honorable Judge, have Plaintiff admonished on this current day, May 13, 2016.

167. Billie Zimmermann took plaintiff into the courts, before Honorable Judge David M. Braggs and had Singer admonished on the refusal to sign the request of the states six year offer.

168. Honorable Judge David M. Braggs abused his discretion when he conspired with Shawn Puckett and Billie Zimmermann to "defraud the United States of and concerning its governmental function to be honestly, faithfully and dutifully represented in the courts of the United States" in such matters "free from corruption, improper influence, dishonesty, or fraud."

169. On May 6, 2016, Honorable David M Braggs abused his discretion in exercising his power, Right and authority when he applied his legal decision to find probable cause for the traffic stop.

170. On May 6, 2016 Honorable David M Braggs abused the process when he neglected to view the contents within his file, willfully acting on the unconstitutional law, on the face of the indictment, for vagueness and overbreadth.

171. On May 13, 2016 Honorable David M. Braggs abused his discretion by abusing the process when he willfully and improperly issued a court process to obtain an unlawful result, that was beyond to process scope when he had admonished Singer for refusing to sign for the States six year plea offer.

172. On May 13, 2016 Honorable David M. Braggs abused the process when he stated that the six year offer was no longer on the table and if found guilty by the jury, he would set Singers punishment.

173. Plaintiff did harbor doubts about Honorable Judge David M. Braggs impartiality in failing to recuse himself, knowing that he had the unconstitutional document within his file while intering his Judgment of probable cause on May 6, 2016, depriving Singer of life, liberty, property.

174. Honorable Judge David M. Braggs abused his discretion, presenting and holding Singer to answer for the infamous Crime and is as no law. And the offense created by it is no Crime.

175. Honorable Judge David M. Braggs abused his discretion when the Court tried Singer on the traffic stop without Jurisdiction on May 6, 2016, depriving Plaintiff of life, liberty and property without due Process of law:

176. Honorable Judge David M Braggs abused his discretion failing to recuse himself before exceeding his Jurisdiction and applying his Judgment on May 13, 2016.

177. Aneta Flaggs, Commander, with the Murfreesboro Police Department over internal affairs Section. Abused her authority when she exceeds her Jurisdiction to interpret and apply the law, totally Contrary to the Criminal Statute under T.C.A. Section 39-16-503 (a)(1)(a) when she supplies the guilty party's with Copies of the Complaints. Failing to take legal action, subjecting Singer to adverse Consequences in violation of the First through the Fourteenth Amendments of the United States Constitutions.

178. Officer Palmer Gibbs exceeded his Jurisdiction when he repeatedly threaten Singer on the way to St. Thomas Medical Center and while in E.R. throughout his entire interrogation process, capturing his inadmissible Statement, gained by a "Coerced" promising phone call to Singers family member which was also a breach of Security.

179. Officer Afnan Price Exceeded his Jurisdiction when he knowingly, intentionally and with Reckless disregard for the truth, omitted material facts from his affidavit warrant that dosn't match his dash cam Video and audio, nor constitutes probable Cause, making the affidavit warrant 'void'.

180. Honorable Judge Rhonda Campbell Exceeded her Jurisdiction when she failed to view all the material evidence envolving the traffic Stop which did Consist of dash cam Video and audio when he fails to alledge why Singer was transported to St. Thomas Medical Center behind a unconstitutional traffic stop for neck and back injuries that would even Constitute grounds for finding probable cause for the affidavit Warrant.

181. Singer Request that a probable cause hearing be held under the Fourth and Fourteenth Amendment, where Singer can show Afran Price perjured himself with Reckless disregard for Singers Rights, when he omitted information material to probable cause determinations in making the unconstitutional Stop, search and arrest.

182. Billie Zimmermann deleted a number of portions of DVD Copies of Aaron Prices dash cam video and audio of the traffic stop which She possess's in Singers Court file concealing material facts Contributing to Singer being unconstitutionally Confined in Rutherford County Adult Detention Center Since October 27, 2015.

183. Lieutenant Richard Grissom failed to fullfill his duties and Responsibilities as imposed by law to investigate a Request which Contained facts of a offense in Commission by providing Just a address to the Tennessee Bureau of investigations and not investigating the matter himself.

184. Sheriff Robert Arnold Shows Reckless disregard, constituting Community Corruption when he fails to properly train his lower and high Ranking officers with a duty imposed by law to investigate the Commission or any suspected Commission of a offense

185. Sheriff Robert Arnold Shows a total Reckless disregard to a innocent until proven guilty detainees Rights when he deprives every Citizen within the facility to access to the Courts which Consists of a adequately fulfilled law library with access to all legal materials.

186. Billie Zimmermann deleted several portions of the copies of the DVD's recorded of dash cam video, failing to realize Singer is the victim of the unconstitutional traffic stop search and arrest which she possesss in Singers court file, concealing material facts contributing to Singer being unconstitutionally confined in the Rutherford County Adult Detention Center since October 27, 2015.

187. Billie Zimmermann has engaged in concurrent negligence against Singer when she conspires with the state officials disregarding their duty as she failed to prepare or present Singer with any pretrial motions, but provides Singer the states response of request that were never made, depriving Singer the effective assistance of counsel under the Sixth Amendment U.S. Const.

188. Singer is unaware of any law the Tennessee General Assembly has drafted which Requires Aneta Flaggs and her agents for the government to deprive Singer or any citizen within the state to equal protection of the laws when it comes down to filing criminal complaints with legal accusations of criminal wrongdoings to allow the guilty partys to expunge the complaints.

189. Billie Zimmermann addressed the criminal complaint filed against her which was provided by a detective she stated for the record on July 29, 2016 and Honorable Judge David m Braggs allowed Singer to comment on the complaint and rescheduled another proceeding August 19, 2016 for Billie to address the complaint which she then withdrew from Singers case.

# Argument

## Count 1

Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Freedom of Speech, write, print
Fourth Amendment- Unreasonable Search and Seizure
Eighth Amendment- Cruel, unusual punishment
Against Officer Aaron Price, Officer Aneta Flaggs
with the Murfreesboro Police Department
Fourteenth Amendment- Equal Protection-due process of law

(a) Plaintiff incorporates herein by reference the allegations
made in each preceding paragraph as if each were set fourth
here verbatim.

(b) The manner in which police officers perform their auth-
orized duties is a matter of public concern.

(c) The First Amendment protects a citizens Rights to freedom
of Speech and movement, or to gather information about a
public officials actions on public streets and property.
[Landry v. Daley, 280 F. Supp. 938 (1968)

(d) Singer did not interfere with police duties in any way by
provocation and thus, was not subject to any limitations
on his Right to freedom of movement, while Officer Aaron
Price performed his duties. (Dunn v. State of Tenn. 697 F.2d 121 (1982)

(e) Officer Aaron Price had no reason to suspect that plaintiff
had violated any law.

(f) Officer Aaron Price alledged in his offense Report that he
Conducted a traffic stop for a light violation (no lights
during inclement weather )(Appendix D)

(g) Officer Aaron Price stated for the record November 10, 2015 and May 6, 2016 that his supervisor suggested he keep close surveillance on a well known drug trafficing area, where he stated upon noticing Plaintiffs vehicle, he wasn't familiar with Singers vehicle in that area of town.

(h) Plaintiff was able to view officer Aaron Prices dash cam video on April 19, 2016 where officer Ed Gorham was captured picking up a item 20 to 30 feet away, bringing it to plaintiffs vehicle, standing directly in the vehicles "headlights" viewing a glass item. (Appendix B)

(i) Officer Aaron Prices unconstitutional traffic stop eliminated the motor vehicle light violation, constituting a unreasonable seizure (Wolf V. People of the State of Colo. 338 U.S. 25 (1949).

(j) The Fourth Amendment was designed to protect people against unrestrained searches and seizures by sheriffs, policemen and other law enforcement officers. Such protection is an essential in a free society.

(k) Officer Aaron Price falsified, submitted and continues to use the illegal document, conspiring with forementioned State officials to "defraud the United States of and concerning its governmental function to be faithfully, honestly and dutifully represented in the courts' in such matters "free from corruption, improper influence, dishonesty, or fraud."

(l) Officer Aaron Price submitted his unconstitutional offense report in violation of T.C.A. Section 39-16-503 (a)(i)(a).

(m) Officer Aneta Flaggs has purposefully entered into a plan or scheme of concerted and joint action with conspirators' and others persons unknown to the plaintiff to deprive Singer of rights, privileges and immunities secured to plaintiff by the Constitution and laws of the United States.

(n) Officer Aneta Flaggs was presented with five citizen complaints mailed out from the Rutherford County Detention Center June 30, 2016 and placed in the Jails U.S. mailbox. (Appendix B)

(O) Plaintiff submitted the complaints alledging numerous law violations, submitted with relevant legal evidence against AAron Price, Palmer Gibbs, Ed Borham, Billie Zimmermann and Shawn Puckett.

(P) Plaintiff submitted the unconstitutional document along with a letter requesting that Aneta Flaggs submits a copy of the complaints to Plaintiffs brother, next to Kin.

(Q) Plaintiff submitted an additional complaint July 4, 2016 against the honorable Judge David M. Braggs for the use of the unconstitutional document.

(R) Plaintiff submitted and filed correspondence with Aneta Flaggs July 18, 2016, requesting a response in a timely manner of, who was conducting the investigations to the complaints.

(s) Aneta Flaggs has acted and continues to act against policy and continues to show negligent disregard to procedures as a government official to investigate the suspected commission of offenses, without subjecting Singer to discrimination, retaliation, harassment or other adverse consequences.

(t) During this entire period the plaintiff was not given, and did not have the slightest inkling of the pendency of these investigations when addressed without notice or preparation of a defense, brought before the courts on July 29, 2016.

(u) It's clear that failure to give plaintiff notice of the pending investigation of Billie Zimmermanns complaint proceeding on July 29, 2016, violated the most rudimentary demands of due process of law.

(v) Officer AAron Price violated Plaintiff's Rights under the First through the Fourteenth Amendments by unconstitutionally stopping Singer for driving with lights on in inclement weather hindering plaintiffs freedom of movement, submitting a falsified police Report. Something that any reasonable officer would know is unconstitutional. (Appendix D)

(w) Aneta Flaggs, Commander in chief, abused her position in office, allowing the falsified Report of AAron Price, concealing the unconstitutional acts, failing to take affirmative action, denying Singer due process of law under the First through Fourteenth Amendment.

(x) Plaintiff was harmed by AAron Price and Aneta Flaggs violation of Singers Constitutional Rights

# Count II

## Violation of Civil Rights 42 U.S.C. § 1983

First Amendment - Freedom of movement, speech, write, print
Fourth Amendment - unreasonable Search and Seizures
Fifth Amendment - Deprived life, liberty, property
Eighth Amendment - Free from cruel and unusual Punishment
Fourteenth Amendment - Equal Protection, due Process of law
Against Officer AAron Price.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Officer AAron Price Consciously and voluntarily overstepped professional bounds with gross negligence towards Singer physically in implementing the City of Murfreesboro Police Department policy and proceedures.

(c) Officer AAron Price upon making his stop, approached plaintiffs vehicle, confronting Plaintiff, denying Singer due process of law, failing to give Singer reasonable notice of any traffic law violations for his stop.

(d) The First Amendment protects a Citizens Rights to freedom of speech and movement from unreasonable Searchs and Seizures.

(e) Plaintiff had the Right to move freely and gather his credentials and Reading glass's

(f) Officer AAron Price Over-Reacted and became belligerent as plaintiff Removed his driving prescription glass's and went to Recover his Reading glass's in plain view lying on the top of the vehicles center counsol.

(g) Officer Aaron Price stated "What are you doing"?

(h) Plaintiff responded, "getting my credentials and reading glass's".

(i) Officer Aaron Price grabbs Plaintiff's wrist by reaching through the driver side window of the vehicle.

(j) Plaintiff became illegally confined as by prison bars when officer Aaron Price interfered with Singers liberty.
(Hebrew v Pulis, 73 N.J.L. 621 (1906))

(k) Officer Aaron Prices. dash cam video and body audio mic were both operating the entire time of the traffic stop.

(L) Officer Aaron Price opened Plaintiffs vehicles driver door and demanded that plaintiff get out. Plaintiff, Shocked, unaware of what policy and procedures Aaron Price was performing under.

(m) Officer Aaron Price attempted to pull Plaintiff out of his vehicle. Plaintiff unaware of any law violations Committed in his presence.

(n) Plaintiff aware of the unreasonable seizure tactics, pulled away, Knowing that Aaron Price never indicated to Singer that he had probable cause to believe plaintiff had committed or was preparing to commit a crime in his presence.

(O) Officer Aaron Price Jerked Plaintiff out of his vehicle, placing plaintiff in a forearm chokehold, demanding that plaintiff, "Spit it out."

(P) Plaintiffs Fourth and Fifth Amendment Rights was then violated when Singer was to be secure in his person, house, papers and affects from unreasonable searchs and seizures constituting cruel and unusual punishment.

(Q) Had Officer Aaron Price asked Plaintiff for the contents that drawed his suspicion to plaintiffs mouth, Plaintiff would of freely spit the "medical gauze in the light film of plastic out."

(r) Plaintiff was experiencing dental problems which he was authorized to be secure in his person and effects, against unreasonable searchs and seizures shall not be violated under the Fourth Amendment.

(S) Officer Aaron Price continued to apply the pressure, demanding that Singer "Spit it out", which plaintiff was unable to meet the officers demands, gurgled attempts "I cant breath" constituting Aggravated Assault by Strangulation. T.C.A. Section 39-13-102 (a)(1)(A)(i)(iv)(a).

(t) Plaintiff was denied equal protection of the laws and due process of law under the Fourteenth Amendment. Officer Aaron Price continued the Chokehold demanding Singer, "Spit it out" as plaintiff blacked out, going down, scraping his forehead on the truck door frame.

(u) Plaintiff regains consciousness, spitting contents out which consisted of medical gauze in a light film of plastic.

(v) Plaintiff was handcuffed, moved to the rear of his vehicle and placed on the tailgate as Officer Palmer Gibbs places Singer under arrest.

(w) Plaintiff was transported by E.m.s to St Thomas Medical Centers Emergency Room, treated for the abrasion and neck and back injuries.

(x) Officer Aaron Price had no legal basis for believing that Singer had committed a crime.

(4) Officer Aaron Price did not have a warrant authorizing the Search or Seizure of Singer or his vehicle, violating Singers Rights under the Fourth through Fourteenth Amendments.

(2) Plaintiff was harmed by Aaron Prices Violations of Singers Constitutional Rights.

## Count III

Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Falsified document freedom to speek, write,
Fourth Amendment - Unreasonable search and seizure - Retaliation
Fifth Amendment - Shall not be deprived of life, liberty, property
Sixth Amendment - Right to have assistance of counsel.
Eighth Amendment - Free from cruel, unusual punishment
Fourteenth Amendment - Equal Protection, due process of law
Against Defendant Aaron Price

(a) Plaintiff incorporates herein by reference the allegations made in each proceeding paragraph as if each were set forth here verbatim.

(b) Plaintiff had the Right to have the effective assistance of Counsel for his defense under the sixth Amendment Before Officer AAron Price began his unconstitutional, Search, arrest or interrogation of Singer.

(c) Officer AAron Price had no basis for believing plaintiff had committed a crime, though he alleges he stopped Singer for a traffic violation.

(d) officer AAron Price, without provocation on Justification seized Singer and Jenks plaintiff out of his vehicle as alledged in his offense Report.

(e) Officer AAron Price submitted his offense Report omitting material facts contrary to what was captured on his dash Cam video and audio. in violation of T.C.A. Section 39-16-503 (a) (1) (2).

(f) Officer AAron Price Searched and Seized plaintiffs Truck, phone, and tools. placing tools in safe Keeping at the Murfreesboro Police Department.

(g) Officer AAron Price has submitted his offense Report under oath which Reveals his omittance of the Aggravated assault by strangulation. which Constitutes a crime of 'falsifying a legal document and perJury.

(h) Officer AAron Price had no Warrant on other legal Justification for Seizing Singers Truck, phone or tools.

(i) Officer Aaron Price was free to speek, write, print on any subject under the First Amendment being responsible for abuse of that freedom when he omitted Critical material facts from his offense Report that doesn't match dash cam video and audio.

(j) Officer Aaron Price, by virtue of public position under a state government, acted in the name and for the state and is clothed with the states power has deprived Singer of life, liberty, property by suppression or withholding material evidence exculpatory to Singer in violation of due process. (Brody V. Maryland, 373 U.S. 83 1963)

(K) Plaintiff Continues to suffer irreparable injury as the State and Aaron Price attempts to prosecute Singer for Aaron Prices negligence "Misuse of power" (O'Shea V Littleton, 414 U.S. 488 1974).

(L) Officer Aaron Price violated Singers Rights under the First through Fourteenth Amendments by initiating the unconstitutional traffic stop.

(m) Plaintiff was harmed by Officer Aaron Prices violation of Singers Rights.

## Count IV

Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Freedom of Speech, write, print - Retaliation
Fourth Amendment - unreasonable Search and Seizure
Fifth Amendment - Rights in Criminal Cases, due process of law
Sixth Amendment - Right to fair trial, effective assistance of counsel
Eighth Amendment - Free from Cruel, unusual punishment

Fourteenth Amendment - Equal Protection, due process
Against Defendants, AAron Price, Palmer Gibbs

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) officer Palmer Gibbs had no basis for believing that Plaintiff had committed a crime.

(c) officer Palmer Gibbs did not have a warrant or any other legal Justification authorizing the Seizure or search of Singers person.

(d) Officer Palmer Gibbs 'defrauds the United States of and concerning its governmental function to be honestly, faithfully and dutifully represented on the streets and in the courts of the United States in such matters 'free from corruption, improper influence, dishonesty, or fraud.'

(e) Officer Palmer Gibbs attempts to deceit Plaintiff by fraud while Singer was distraught, traumatized after the assault by Strangulation, when dash cam video reveals Palmer Gibbs states Officer AAron Price told him that plaintiff swollowed drugs.

(f) Plaintiff never told Officer AAron Price, he swollowed drugs

(g) Upon review of dash cam video, Palmer Gibbs mirandized Singer after the unconstitutional stop and unreasonable search in violation of the Fourth Amendment.

(h) Plaintiff did not voluntarily, knowingly and intelligently waive any Right while distraught behind the assault, leaving Singer emotionally Traumatized.

(i) The captioning of Palmer Gibbs on dash Cam video Reveals him as the party placing Plaintiff under arrest on tailgate of plaintiffs vehicle.

(j) Officer AAron Price alledged in his offense Report that Lieutenant Keaton Showed up and attempted to help AAron Price arrest Singer.

(K) Plaintiff was never informed by Officer AAron Price or Palmer Gibbs of what he was being arrested for.

(L) Officer Palmer Gibbs travels with Plaintiff in route to St Thomas Medical Centers Emergency Room.

(m) Officer Palmer Gibbs interrogation by coercive threats of having plaintiffs stomach pumped was incidental to the unconstitutional Stop, Search and arrest of Singer. (Arizona v. Fulminante, 499 U.S. 279 111 S. Ct. 1246, 113 L. Ed. 2d 302)

(n) Officer Palmer Gibbs procures a partial coercive oral Communication by promise on his electric communication device when he makes Contact with Singers Sister as a promise to work with Singer. A confession cannot be obtained by "any direct or implied promise, nor by the exertion of any improper influence.

(o) Officer Palmer Gibbs interrogation of the inadmissable Statement Constitutes 'fruit' from the poisonous tree. It's been made clear that a finding of Coercion need not depend upon actual violence by a government agent

(P) Officer Palmer Gibbs Violated Plaintiffs Rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments by his illegal Search, arrest and interrogation.

(Q) Plaintiff was and continues to be harmed by Palmer Gibbs violations of Singers Constitutional Rights, which constitutes irreparable injury.

## Count V

First Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Freedom to write, print, concealing material facts - Retaliation
Fourth Amendment - unreasonable search, seizure
Fifth Amendment - Compelled statement - Hearsay
Sixth Amendment - States witness, Effective Assistance of Counsel
Eighth Amendment - Free from cruel, unusual punishment
Fourteenth Amendment - Equal Protection of the laws, due process
Against Defendants - AAron Price, Palmer Gibbs, Ray White

(a) Plaintiff incorporates herein by reference that the allegations made in each preceding paragraph is as if each were set forth here verbatim.

(b) Officer AAron Price was sworn in November 10, 2015 at the probable cause hearing, violating plaintiffs First through Fourteenth Amendments, by testifying falsely to his offense report, constituting perjury.

(c) Officer AAron Price stated for the Record that he stopped plaintiff for a light violation, 'No lights during inclement weather'.

(d) Officer AAron Price's dash Cam Video Reveals upon Plaintiffs Review that Singer in fact did have his lights on.

(e) Plaintiff was never informed of any law violations, nor was there any provocation or justification for Aaron Prices 'Misuse of power'.

(f) Officer Aaron Price stated for the record that he removed Plaintiff from his vehicle for safety precautions, which was by Jerking Plaintiff out of his vehicle, alledged in his offense Report.

(g) Plaintiffs acts did not violate any law authorizing a 'forearm Chokehold' and the Murfreesboro Police Department does not utilize such holds.

(h) Officer Aaron Prices dash cam clearly reveals Aaron Price applying the forearm chokehold to Singer, demanding that Singer 'spit it out' as plaintiff struggles for air.

(i) Officer Aaron Price Stated for the record that he noticed plaintiff was Concealing something in his mouth and he had a forearm around Singers chin area and his other palm pressed against Singers side of cheek to prevent Singer from swallowing contents.

(j) Plaintiff did not interfer with Aaron Prices ability to communicate with Singer, as to what the Contents were, when Aaron Price chose to perform his unconstitutional duties.

(K) Officer Aaron Price stated for the Record that the Contents Consisted of some material in plastic upon his own personal evaluation.

(L) Officer AAron Price presumed to know the law, knows that the Murfreesboro Police Department forbids police officers to use carotid artery on forearm strongleholds under circumstances that do not threaten death or great bodily harm to the officer.

(m) Officer AAron Price neglects to alledge any of these unconstitutional acts in his offense Report which has violated Singers Rights, causing irreparable injury under the First through Fourteenth Amendments.

(n) Officer AAron Price states for the record that Plaintiff was reaching for his mid-section, where a glass pipe fell to the ground.

(o) Plaintiff rebuts AAron Prices Statement, alledging, "any person with Common Sense, knows a glass item (photographed in the states file), so slender and fragil, would shatter, dropped from midsection to asphalt.

(P) Plaintiff rebuts this statement directing the counts to dash cam video and viewing Officer Ed Corham, Plain Cloths officer arrive on the scene of the traffic stop, watching Ed Corham pick an item up 20 to 30 feet away from Plaintiffs vehicle, approach Singers vehicle, standing in the "headlights" to view this glass item.

(Q) Officer AAron Price took photos of this solid piece of glass placed on the around by plaintiffs. breaken glass's and ciggretts, where he states in his offense Report he noticed a Clack pipe on the ground.

(R) Officer Aaron Price stated for the record that a witness stated that plaintiff swallowed a partial marajuhana cigarette, which constitutes "Hearsay", inadmissible under the rules of evidence.

(S) Plaintiff was denied the equal protection of the laws under the rules of evidence which the magistrate based his decision on, denying Singer due process under the First through the Fourteenth Amendments.

(T) Plaintiff was denied the "Effective Assistance of Counsel" which requires the guiding hand of counsel through every stage of the proceedings.

(U) Ray White, defense counsel, appointed by the State, presumed to know and follow the law, knew that a preliminary hearing is a critical stage in a criminal proceeding.

(V) Ray White knew that the preliminary hearing's primary function is to screen out at this early stage of the criminal process, those cases that should not go to trial.

(W) Ray white knew "plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution.

(X) Ray White concealed his acknowledgement of this hearing when he walked Singer in that courtroom by ambush, denying plaintiff the opportunity to produce witness's and evidence in his defense and to confront a Cross-Examine all the states witness's in connection with the charge. ( Waugh V State 564 S.W. 2d 654 (1978)).

(4) Ray White denied Plaintiff the privilege to enable him, if innocent to clear Singer of suspicion. Denying Singer due process under the Sixth and Fourteenth Amendments.

(2) Ray White knew that "Hearsay" was not legally Competent evidence, and failed to submit any type of legal argument or Request for a Continuance to prepare and present a proper defense in Singers behalf.

(AA) Ray White deprived Plaintiff of effective assistance of Counsel when he allowed the magistrate to abuse his discretion and to abuse the process by basing his decision on inadmissable hearsay to bound Plaintiff over to the grand Jury.

(bb) Ray White violated Singers Rights under the First through the Fourteenth Amendments, providing inadequate performance which is not satisfied by a mere formal appointment.

(cc) Plaintiff was harmed by Ray Whites violations of his Constitutional Rights which Continues to Cause irreparable harm.

# Count VI

### Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Retaliation, Freedom of Speech
Fourth Amendment - Unreasonable Search and Seizure
Fifth Amendment - Rights in Criminal Cases
Sixth Amendment - Rights to a fair Trial, True accusation
Eighth Amendment - Free from Cruel, Unusual punishment
Fourteenth Amendment - Equal Protection, Due Process of law

### Against Defendants - Mr Jennings Jones, Mr Shawn Puckett, Ms Karen Hudson, Numerous John Doe's, Jane Doe's

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Singers case presents a question of first impression in Tennessee - is "Substance" a required element of a claim under T.C.A. Section 39-16-503 (a)(1)(2)?

(c) The States answer to this question should be "No" because Section 39-16-503 (a)(1)(2) sets out the elements which must proven to establish a claim thereunder, and Substance is not among them. (Miller v Childress, 21 Tenn. 320 (1841))

(d) The Tennessee General Assembly is presumed "to Know the State of the law at the time it passes legislation." Thus, when it patterned Section 39-16-503 (a)(1)(2), the legislature knew that "Substance" was not an element of a claim under that Section. (Constantine v Miller Industries, Inc. 33 S.w3d 809 (2000)).

(e) Defendants have purposefully entered into a plan or scheme of concerted and Joint action among themselves and others unknown to Plaintiff to deprive Singer of rights, privileges immunities secured to him by the Constitution and laws of the United States.

77

(f) Mr Jennings Jones, the District Attorney General who prepares indictments and has them ready for the Grand Jury, knows the law is to be equally applied.

(g) It's fair to say, Mr Jennings Jones acts constituted gross negligence in preperation of Singers 'Indictment,' constituting Cruel and unusual punishment under the eighth Amendment of the United States Constitution.

(h) Mr Jennings Jones who is presumed to know and follow the law knew that the indictment in Tennessee perscribed by statute, state the facts constituting the offense in ordinary and concise language. (Tenn. Code. Ann. § 40-13-202)

(i) Mr Jennings Jones prepared and presented the indictment to the twelve John Doe's and Jane Doe's under Oath diligently inquire all offenses given in charge, showed gross negligence in presenting the truth.

(j) Ms Karen Hudson, 'foreperson'. also under Oath, acted in gross negligence when she had a duty to assist and cooperate with the District Attorney General in ferreting out crime, to the end that the laws may be faithfully inforced.

(K) Mr Shawn Puckett who is presumed to know and follow the law has acted with gross negligence in presenting and using the altered indictment which has continueously kept Singer Confined and outlawed, deny Plaintiff of life, liberty and property in violation of the First through Fourteenth Amendments.

(L) The above fore-mentioned Defendants Knew under the Tennessee Constitution, Article 10, Section 2, "All laws and ordinances now in force and use in this Territory, not inconsistent with the Constitution, shall continue to be in force and use in this State, until they shall expire, be altered or repealed by the legislature."

(m) All the above fore-mentioned Defendants Show Reckless disregard to Singer and his Rights, thereby harming Singer, Keeping him imprisoned Since October 27, 2015, behind the States gross negligence in violation of Singers Rights under the First through Fourteenth Amendments.

(n) Singer was harmed by the Defendants violation of his Constitutional Rights.

## Count VII

Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Retaliation - freedom of Speech, write, press
Fourth Amendment - unreasonable Search and Seizure
Fifth Amendment - Deprivation, life, liberty, property, due process
Sixth Amendment - Speedy Trial, Effective Assistance of Counsel,
Eighth Amendment - free from Cruel and unusual punishment
Fourteenth Amendment - Equal Protection, Due Process of law
Against Defendants - Honorable Judge David M. Braggs
Shawn Puckett, Billie Zimmermann

(a) Plaintiff incorporates herein by reference the allegations made in each proceeding paragraph as if each were set forth here verbatim.

(b) Billie Zimmermann, who is presumed to Know and follow the law, engages in unlawful Conduct which Constitutes "Conspiracy" with Honorable Judge David M. Braggs and Shawn Puckett.

(C) Defendants Knew on are presumed to know if two or more people in any state or Territory, Conspire for the purpose of depriving either directly or indirectly, any person or class of person of equal protection of the laws, the person so injured or deprived may have action for the Recovery of damages.

(d) Defendants who are presumed to know and follow the law, knew under T.C.A. Section 39-16-503 (a)(2) that the use of "anything" with knowledge of its falsity is a crime.

(e) Defendants possess and maintain Complete control over the indictment with the altered Criminal Statute on its face in in Violation of T.C.A. Section 39-16-503 (a)(2) and the First and Fourteenth Amendment of the United States Constitution.

(f) Plaintiff brought the alteration to Billie Zimmermanns attention, that the document was void on its face for Vagueness and overbreadth on Febuary 3, 2016.

(g) Defendants Continue to defraud the States and Singer of the legal obligations and duties their intrusted with.

(h) Plaintiff Continues to be denied the effective assistance of Counsel as Billie Zimmermann Continues to conceal the falsity of the indictment in violation of T.C.A. Section 39-16-503 (a)(1)(2).

(i) Plaintiff knows and its fair to say, that the State cannot proceed to Trial on a non-existing law.

(j) As was said in Ex parte Siebold, 100 U.S. 376: "An unconstitutional law is void, and is as no law. An offense created by it is no crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment"

(K) Honorable Judge David M Braggs, Shawn Puckett, Billie Zimmermann, whom is presumed to know and follow the law, know their exceeding the Courts Jurisdiction, trying to send Singer to prison behind the unconstitutional document, that the State officials are operating with in their files.

(L) Defendants have omitted material facts from the criminal statute, in violation of the 'Brady' Rule. (Brady V. Maryland, 373 U.S 83 S.Ct. 1194, 10 L Ed. 2d 215).

(m) The Defendants knew that the legislature did not give them a license to alter the Criminal Statute T.C.A. §39-16-503(a)(1), by omitting 'Record, document' and substituting them with "Substance"

(n) Defendants continue to exhaust unethical behavioral patterns, when they work as a team to abuse their Discovery process with attempts to get the parole Division envolved to have a parole hold placed against Singer.

(O) Defendants continue to show gross negligence by advancing to a suppression hearing on May 6, 2016 when Billie Zimmermann acting under the states control, fails to make a Rule 12 objection under the rules of Criminal Procedure (a)(1)(B), to object to the defect in the indictment, depriving Singer of the Effective Assistance under the Sixth Amendment of the United States Constitution. (Appendix C)

(P) Honorable Judge David M. Braggs was without Jurisdiction when he tried plaintiff on the unconstitutional traffic stop, ruling that probable cause existed.

(Q) Defendants staged a second half of the Suppression hearing on May 13, 2016 which was to consist of subpoenaing officer Palmer Bibbs phone records of a coercive promising phone call to plaintiffs Sister from E.R at the hospital.

(R) Billie Zimmermann changed course May 13, 2016 and Refused to present officer palmer Bibbs and his unconstitutional Captured statement, Knowing that a confession cannot be obtained by "any direct or implied promise, however slight, nor by the exertion of any improper influence." (Bram V United States 168 U.S. 532  18 S.ct. 183  42 L Ed 568 (1897).

(S) Billie Zimmermann deprives Singer of his sixth Amendment Right when she threatens plaintiff with prior Convictions and current parole, attempting to force the states Six year plea offer on Singer. (Appendix F)

(T) Singer Refuses Billie and the States offer and assents that Billie address the unconstitutional Stop, Aggravated assault by strangulation against Singer and the unconstitutional altering and presentation of the indictment.

(U) Billie Zimmermann Requested that Singer Sign at the unidentified marking, refusing the State and her offering. of the six years. (Appendix F)

(v) Singer Refused to Sign and Billie stated that she was going to have Singer taken before the Judge and have plaintiff admonished on the refusal of the States six year offer. (Appendix F)

(w) Honorable Judge David M. Braggs Exceeds the Courts Jurisdiction, once again when Singer is taken before him and the Judge abuses his discretion in exercising his power Right or authority over the case, party and thing when he admonish's Singer on the refusal of the States six year offer. (Appendix F)

(X) Honorable Judge, David M. Braggs abused the process when he basically intered a default Judgment aginst Singer on his refusal of the states six year plea offer and stated the offer was no longer on the table, and if Singer chose to go to trial and if the Jury was to find Singer guilty, that he was who was going to set the punishment when the court lacked subject matter Jurisdiction to hear the original Case.

(Y) Defendants have instituted a Criminal proceeding for improper purpose's and without probable cause, constituting "Malicious prosecution".

(Z) Plaintiff is harmed by the states action which continues to be carried out, keeping Singer outlawed, imprisoned behind the walls here at the Rutherford County Detention Center, constituting Cruel and unusual punishment, denying Singer, due process of law under the First through Fourteenth Amendments.

## Count VIII
### Violation of Civil Rights 42 U.S.C. § 1983
First Amendment - Retaliation - freedom, Speech, write, press
Fourth Amendment - unreasonable, Search, Seizure
Fifth Amendment - Deprivation of Rights
Sixth Amendment - Speedy Trial, Effective, Assistance
Eighth Amendment - Free from Cruel, unusal punishment
Fourteenth Amendment - Equal Protection, Priviledge, due process
Against Defendants, Honorable Judge, David M. Braggs
Billie Zimmermann, Shawn Puckett, Aaron Price.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Honorable Judge, David M. Braggs has passed upon the Constitutionality of the Criminal Statute on the indictment in his file which exceeds his Jurisdiction and the number of proceedings he has conducted against Singer is a nullity. (Appendix A)

(C) One of the Courts well Known Rules is that, it will operate indiscriminately in all Criminal Cases, Regardless of the severity of the Crime or the Circumstances involved.

(d) In all Criminal Cases, the Constitutional Safeguards are to be Jealously preserved for the benifit of the accused.

(e) Plaintiff Sought unsuccessfuly to have his Rights asserted by defense Counsel 'Billie Zimmermann, and upon a showing of her refusal of the effective assistance of Counsel, Singer brings this suit, due to a Continuous depreivation of his Rights.

(f) Defendants Knew, under Tenn. Rule. Crim. Proc. Rule 12. The Suppression hearing was the time to alledge any defects in the indictment, failing to show Jurisdiction in the Count or to charge an offense. Three proceedings were conducted within a ten month spand, and never once was the local statute, Repugnant to the Constitution mentioned.

(g) Defendants unconstitutional acts amount to a total reckless disregard to the law and Singers Constitutional Rights.

(h) The United States was defrauded by depriving it of its law-ful governmental functions by dishonest means: when the defendants willfully overlooked Tenn. Rule. Crim. Proc. Rule 12. Knowing that this was a Common, Statute, ordinance, Regulation, Custom or usage of this State and Territory.
( Monroe V Page 365 U.S. 167, 171, 81 S.ct. 473. 5 L.Ed.2d 492 (1961).

(i) The Honorable Judge, David M. Braggs has shown prejudice towards Singer and his Rights by Conducting two Seperate pretrial hearings and submitting his preJudicial Ruling for the traffic Stop without adequate basis.

(J) The Honorable Judge David M. Braggs should recuse himself as Judge in this particular case because of prejudice or a conflict of interest.

(K) Billie Zimmermann and Shawn Puckett haven't submitted any motion to recuse the trial Judge, which is fair to say: That they all have conspired to carry out their unlawful duties without Jurisdiction.

(L) All state officials "defendants" within the above forementioned, have conspired to 'defraud' the United States of and concerning its governmental function to be honestly, faithfully and dutifully represented in the Courts of the United States in such matters free from corruption, improper influence, dishonesty or fraud in violation of the First through the Fourteenth Amendments of the United States Constitution.

(M) Defendants continue to conspire with one another discriminating against Singer, showing deliberate indifference towards Singer and his Rights, depriving plaintiff the ability to speak out on the unlawful conduct of defendants, depriving Singer of equal protection and equal privileges and immunities of the laws.

(N) Singer was harmed by the Defendants actions and inactions in violation of his Constitutional Rights under the First through the Fourteenth Amendments of the United States Constitution.

# Count IX

### Violation of Civil Rights - 42 U.S.C. § 1983

First Amendment - Freedom of Speech, write, Print
Fourth Amendment - Unreasonable Search, Seizure
Fifth Amendment - Held to answer, deprived, life, liberty, Property
Sixth Amendment - informed, nature, cause, Effective Assistance, Confront witness
Eighth Amendment - Cruel and unusual punishment
Fourteenth Amendment - Equal Protection, privileges, due process of law
Against Defendants - Honorable Judge, David M. Braggs, Aneta Flaggs
AAron Price, Palmer Bibbs, Ed Bodnum, Billie Zimmermann.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) The manner in which police officers perform their duties is a matter of public Concern.

(c) The First Amendment protects a citizens Rights to record file and gather information about a public officials' actions performing their duties on public property.

(d) Singer did not interfer with public officials and police officers in any way and, thus was not subject to any limitations on his Rights to gather information and file criminal complaints on public officials and police officers performing their duties.

(e) Defendants had no reason to suspect that Plaintiff had violated any law.

(f) Defendants violated Plaintiff's Rights under the First through the Fourteenth Amendments by subjecting Singer to discrimination, retaliation, harassment, or other adverse consequences as a result of filing six criminal complaints against state officials and police officers, which is something that any reasonable state official would know is unconstitutional.

(g) Plaintiff, written, filed and submitted a total of six criminal complaints against officer Ahron Price, officer Palmer Gibbs, Officer Ed Gorham, Billie Zimmermann and shawn Puckett on June 30,2016 and another against the Honorable Judge David M. Braggs July 4,2016, addressed to Commander, Aneta Flaggs over internal affairs.

(h) Plaintiff sent correspondence to Aneta Flaggs the same date June 30,2016 requesting that she send a copy of the complaints to a provided address for a family member, which she failed to meet Singers request.

(i) Plaintiff sent correspondence to Aneta Flaggs June 18,2016, requesting that she notify Singer as to the investigations and processing stage of the complaints, which she once again has failed to respond in a timely manner with any notice.

(j) Aneta Flaggs, retaliates, by supplying the defendants with copies of the complaints against them allowing the defendants to suppress their unethical conduct, while they show prejudice to Singers Rights and claims within the complaints, when the defendants conduct a proceeding by ambush on July 29,2016.

(K) Aneta Flaggs failure to give Plaintiff notice of any proceedings violated the most rudimentary demands of due process of law.

(L) Had Plaintiff been given a timely notice which the Constitution Requires, the defendants would have had the burden of proving their case against whatever defenses Singer might have interposed. (Jones v. Wilson, Tex. Civ. App. 285 s.w.2d 877.).

(M) Aneta Flaggs, by virtue of public position under a State government deprives Singer of life, liberty and property, without due process of law and takes away the equal protection of the laws, Constituting "misuse of power".

(N) Aneta Flaggs has purposefully entered into a plan or scheme of Concerted and Joint action among the Conspirators and with other persons unknown to plaintiff attempting to conceal the unconstitutional law on the face of the indictment which was presented with the criminal complaints against all defendants in violation of T.C.A. Section 39-16-503 (a)(1).

(O) Aneta Flaggs was also presented within the Complaints, the Tennessee Constitution. Article 10. Section 2. pointing out to her that the legislature was only entitled to expire, alter or repeal any law.

(P) Aneta Flaggs failed to take proper legal action against the Conspirators who not only altered "anything" but presents and uses anything with Knowledge of its falsity in violation of T.C.A Section 39-16-503 (a)(1)(2).

(Q) Aneta Flaggs Violated T.C.A. Section 39-16-503 (a)(i)(2), when she knowing that a investigation and official proceeding is pending to conceal "anything", the fact that the criminal statute is void on the indictment she was presented and failing to act on its verity and availability as evidence in her investigation and use in the official proceedings.

(R) Aneta Flaggs "Willfully" deprived Singer of Rights, privileges, and immunities Secured to Singer by the Constitution and laws of the United States.

(S) "Aneta Flaggs, and those unknown to Singer, working under Anetas Control, were Carrying out the official policies, Customs and practices of the Murfreesboro Police Department and the City of Murfreesboro", when they violated the Citizens Complaint form.Stating: "If you file a complaint against a Murfreesboro Police Department Employee, you will not be subject to any discrimination, Retaliation, harassment or other adverse consequences.

(7) Plaintiff vigorously attacks Aneta Flaggs actions When Singer supplied Aneta Flaggs with Competent legal evidence, the indictment, police Report, directing her to dash cam video, showing Akron Prices who under Color of State law, "Willfully" and without Cause, Stopped, arrested and imprisoned Singer an inhabitant of the United States for the purpose of Extortion, depriving Singer of his Rights privileges and immunities Secured and protected by the Constitution of the United States.

(u) Aneta Flaggs Conspires with the defendants when she supplies the defendants with the complaints in attempt to clear defendants of any wrong doings, making Aneta Flaggs a Suspect of the Criminal Statute violation under T.C.A. Section 39-16-503 (a)(i)(2).

(v) Aneta Flaggs acts were done "willfully." She can-not possibly claim that she had no fair warning that her acts were prohibited by the statute.

(w) Aneta Flaggs violates the statute not merely because she has a bad purpose but because she acts in defiance of announced Rules of law.

(x) Aneta Flaggs attempts to conceal or cover up the unlawful acts of Afton Price, Palmer Gibbs, Ed Gorham and all Count officials (defendants), each officers of the state, while performing official duties: in each, the power which they were authorized to exercise was misused.

(y) Defendants knew and observed the Constitution and Criminal Statute and knew or should of known when they passed the limits of their authority, so far at any rate that their action exceeds honest error of Judgment and amounts to abuse of their office and its function.

(z) Defendants sworn Oath and their first duty are to uphold the Constitution, then only the law of the state which too is bound by the charter.

Since the statute, as plaintiff thinks, condems only something more than Error of Judgment, made in honest effort at once to apply and follow the law, officials who violate it must act in intentional or Reckless disregard of plaintiffs Rights and Cannot be ignorant that they do great wrong.

(AA) Plaintiff Submitted six Criminal Complaints, asserting Criminal Statute Violations, backed by legal and material Evidence which not only Justifies, but authorizes arrest to be pursued.

(BB) Plaintiff points out in the Statute T.C.A. Section 39-16-503 (a) "Its unlawful for any person". what applies to Singer, applies to "any person".

(CC) Plaintiff pointed out that the police report of Officer Aaron Price is a submitted falsified legal document which dosn't match his dash Cam Video and Audio in violation of T.C.A. Section 39-16-503 (a)(1)(2).

(dd) Plaintiff pointed out by submitting a copy of the indictment with Singers Criminal Complaints, the Criminal Statute and Article 10 Section 2 of the Tennessee Constitution, showing that the legislature is entitled only to alter any law, where defendants violated Criminal Statute T.C.A. Section 39-16-503 (a)(1)(2).

(ee) Plaintiff alleges the present prosecution is based on a theory that Congress made it a federal offense for a State officer to violate the explicit law of his State.

(ff) Aneta Flaggs, acting under color of the laws of Tennessee: "Willfully" caused Singer to be deprived of Rights, privileges, or immunities secured or protected to Singer by the Fourteenth Amendment-the Right not to be deprived of life without due process of law.

(gg) Aneta Flaggs acts are contrary to a Criminal Complaint, when she provided the State officials with a copy of the Complaints Subjecting Singer to adverse Consequences, Resulting in retaliation and harassment.

(hh) Defendants presented Plaintiff and Conducted a hearing by ambush on July 29, 2016.

(ii) Billie Zimmermann Provides ineffective assistance to Singer when she failed to provide Singer notification and pendency of the proceeding, depriving Singer of due process of law in any proceeding, affording Singer Reasonable notice Calculated, under all the Circumstances, to apprise Singer the pendency of the action and afford Singer an opportunity to prepare and present his objections.

(jj) Plaintiff was presented to the Courts by ambush on July 29, 2016 and questioned by Billie Zimmermann to the reasoning of filing the Criminal Complaints.

(KK) Honorable Judge. David M Braggs swore Singer in and asked what was plaintiff's explanation for Billie Zimmermanns unsatisfactory performance as counsel.

(LL) Plaintiff, unprepared, shackled and bound, wasn't able to present a proper defense with documentation within Singers possession. Plaintiff basically touched on the main legal point, which was that the defendants possessed and are using a unconstitutional Statute on the indictment, where the Criminal Statute has been altered, making it an unconstitutional law and void. (Exparte Vanbrough, 110 U.S. 654, S.C. 4 Sup. Ct. Rep. 152.).

(mm) Plaintiff alledged that Billie Zimmermann is concealing a number of Critical facts. One that the indictments the Defendants are attempting to trie and punish Singer on is unconstitutional law and is void; and is as no law. An offense created by it is no crime. (Exparte Siebold, 100 U.S. 376:)

(nn) Plaintiff, presented Aneta Flaggs, with the Murfreesboro Police Department, Six seperates Criminal Complaints. Showing how Singer has suffered and continues to suffer legal wrongs because of agency wrongs with the Murfreesboro Police Department and the Districts Attorneys office here in Rutherford County, Murfreesboro Tennessee, when 'Aneta Flaggs' and her Successors working under her Violate Title 5. U.S.C. A Section 702, leading to violations of T.C.A. Section 39-16-503 (a)(1)(2).

(oo) Plaintiff addressed a number of unconstitutional acts that Billie Zimmermann and all the State officials envolved, have engaged in and continue to carry out the unlawful acts.

(PP) Billie Zimmermann was presented with a copy of the criminal complaint against her filed with the Murfreesboro Police Depart. ment.

(qq) Honorable Judge David m. Braggs, Im assuming was also presented with a copy of the criminal complaint filed against him as will in Regards of the altered criminal statute on the face of the indictment in violation of T.C.A. Section 39-16-503 (a)(1)(a). When he uses this document against Singer with Knowledge of its falsity.

(rr) Honorable Judge David m. Braggs, after hearing Singers legal accusations and Reading the same in his complaint, finds that Billie Zimmermann was providing Singer with adequate Representation.

(ss) Honorable Judge David m. Braggs exceeds his Jurisdiction when he scheduals another Criminal proceeding to be held August 19, 2016.

(tt) Billie Zimmermann comes to the Jail August 3, 2016, threatening Singer with his criminal past out of Texas which she pointed out the documents the states was going to use against plaintiff if Singer goes to trial.

(uu) Billie Zimmermann presents a number of motions the state has filed, proceeding to seek a harsher Sentence Range for a career offender, pointing out a punishment of Ten years at 45%.

(vv) Billie Zimmermann was provided at her request, with Supreme Court precedent from Singer, basically attempting to build her strategic defense against Singer on June 15, 2016, stating that the Supreme Court precedent didn't apply to a case in Tennessee, was her words on August 3, 2016.

# Count X

## Violation of Civil Rights 42. U.S.C. § 1983

First Amendment; Freedom of Speech, write, Print- Retaliation
Fourth Amendment- Unreasonable Search, Seizure
Fifth Amendment- Compelled, Held to answer, deprived life, liberty, property
Sixth Amendment- informed, nature, cause, Effective Assistance Counsel
Eighth Amendment - Cruel, unusual punishment
Fourteenth Amendment- Equal protection, privileges, due process of law
Against Defendants- Honorable Judge David M. Braggs, Billie Zimmermann
AAron Price, Palmer Gibbs, Ed Gorham, Aneta Flaggs, Investigators under Aneta

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) The manner in which government officials perform their duties is a matter of public concern.

(c) The First Amendment protects a citizens Rights to gather information which envolves public Corruption of public officials actions, exceeding their Jurisdiction performing duties to deprive plaintiff due process and equal protection of the laws under the First through the Fourteenth Amendment of the United States Constitution.

(d) Singer did not interfer with the above forementioned government officials in any way to lead to the on-going proceedings and was not subject to any limitations of his Rights to file Criminal Complaints against the government officials who continue to defraud the United States of its governmental functions. (Glasser V U.S. 315 U.S. 62 S. Ct. 457, 86 L.Ed. 680 (1942).

(e) Plaintiff sent Aneta Flaggs Correspondence June 18, 2016, Requesting that she notify Singer as to who was conducting the investigation into the criminal complaints envolving criminal statute violations.

(f) Plaintiff, the victim of a brutal assault carried out by officer Aaron Price with the Murfreesboro Police Department, Sought law enforcement with Singers criminal complaints to Aneta Flaggs, Internal affairs, Murfreesboro Police Department.

(g) Aneta Flaggs with the Murfreesboro Police Department has entered into a persistent pattern of police misconduct, as opposed to isolated incidents in furtherance of any conspiracy mentioned in Section 1985 of title 42:

(h) Aneta Flaggs fails to prevent any wrongs mentioned in Section 1985 of title 42, violating the statute pursuant to 28 U.S.C.A. Section 1343.

(i) Aneta Flaggs fails to adhered to normal standard policy and procedures in processing a citizens, serious criminal complaint, refusing to keep Singer informed of any investigation.

(j) Aneta Flaggs attempts to conceal the legal evidence of the officers unlawful acts which Singer has provided Aneta in the criminal complaints, in violation of T.C.A. Section 39-16-503 (a)(1)(2).

(k) Aneta Flaggs, an officer for the government acted 'willfully' and cant possibly claim that she had no fair warning that her acts were prohibited by the number of statute violations.

(L) Aneta Flaggs violates the statutes not merely because she has a bad purpose, but because she acts in defiance of announced Rules of law. (SCREWS V. U.S. 325 U.S. 91, 65 S.Ct. 1031. 162, A.L.R. 1330, 89 L.Ed. 1495 (1945).

(m) Aneta Flaggs, in furtherance of the Conspiracy and Community Corruption, she provides the government agent within the Murfreesboro Police Department, unknown to Singer, with the Criminal Complaints for process.

(n) Aneta Flaggs and the acting government agents assigned, failed to implement proper policy and procedures when they provide the guilty party's with the complaints to impose further harassment, discrimination and intimidation.

(O) Aneta Flaggs and all the above forementioned, Continuously abuse their authority in attempts to Conceal the alledged Criminal statute violations in the Complaints in order to discourage Singer in exercising his First through Fourteenth Amendments of the United States Constitution.

(P) Aneta Flaggs and all the acting government agents attempt to destroy or Conceal all Records, document and things with intent to impair its verity and availability as evidence in their investigation and official proceeding in violation of T.C.A. Section 39-16-503(a)(1)(2).

(Q) All defendants above forementioned have willful evil motive to accomplish that which the statute Condemns, which becomes a Constituent element of the crime.

(r) Aneta Flaggs and the government agents persistent potternsof police misconduct, Subjects Singer to irreparable injury in violation of plaintiffs First through Fourteenth Amendments. (Allee V. Medrano. 416 U.S. 802, 94 S.Ct. 2191, 86 L.R.R.M. 2115, 40 L Ed. 2d 566. (1974).

(S) The City of Murfreesboro maintains the policy or custom of Seizing and searching Citizens and their property, without believing the plaintiff has violated any law in their presence.

(t) The City of Murfreesboro maintains the policy or custom of Concealing Citizens Complaint forms of Citizen with equal privileges who submit Criminal Complaints of public officials performing their official duties in public.

(u) The City of Murfreesboro maintains the policy or custom of Retaliating, harassment, discrimination, or other adverse Consequences against individuals who exercise their First and Fourteenth Amendment Rights to Submit Criminal Complaints of actual Criminal Statute violations of public officials performing their official duties in public.

(v) The policies or customs of the City of Murfreesboro, described herein violate the First through Fourteenth Amendments, which are applicable to the City of Murfreesboro.

(w) Singers irreparable injuries described herein were proximately caused by the policy or custom of the City of Murfreesboro.

# Count XI

## Violation of Civil Rights 42. U.S.C. § 1983

First Amendment - Freedom of Speech, write, print-Retaliation
Fourth Amendment- Unreasonable Search, Seizure
Fifth Amendment- Held to answer, compelled, deprived of life, liberty, property
Sixth, Amendment; informed nature, cause, Effective Assistance of Counsel
Eighth Amendment- Cruel unusual punishment.
Fourteenth Amendment- Equal Protection, Priveleges, due process of law,
Against Defendants-Honorable Judge David M. Braggs, shawn Puckett
Billie Zimmermann, Aneta Flaggs, A'Aron Price, Palmer Gibbs, Ed Gorham
Investigator under Aneta Flaggs

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Plaintiff has a Constitutional Right to be tried before a tribunal of Justice pursuant to the Tennessee Constitution Article 1. Section 17.

(c) Plaintiff has a right to be tried by an impartial Judge. Honorable Judge David M. Braggs appears to show bias and a conflict of interest to the legal facts within his file against Singer, denying Singer due process and equal protection of the laws under the Fourteenth Amendment. (Sawyer V Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

(d) Honorable Judge David M. Braggs Exceeds his Jurisdiction in interpreting and applying the law to a unconstitutional law on the face of the indictment within his file, failing to dispose the criminal matter as law and Justice Require.

(e) Plaintiff has a Right to the effective assistance of Counsel whether the lawyer is privately retained, appointed, or serving in a legal aid program.

(f) Billie Zimmermann had a duty to advance all colorable claims and defenses pertaining to the unconstitutional law on the face of the indictment, which she has failed to exhaust her duties and Singer has suffered prejudice from this act. (Polk County V Dodson 454 U.S.312. 102 S.ct. 455, 70 L.Ed.2d 509).

(g) Plaintiff filed six Criminal Complaints with the Murfreesboro Police Department, due to Billie's reckless disregard for the law and Singers Rights when Singer presented Billie with a number of Criminal statute violations which the indictment, police Report and dash Cam video and audio reveal after Sitting down with Billie and viewing the unlawful acts.

(h) Billie Zimmermann was assigned to Singers case on or before Febuary 3, 2016, denying Singer the effective assistance of Counsel from the very begining of her representation.

(i) Plaintiff Sat down with Billie and viewed dash Cam video of the traffic Stop of Ahron Price and pointed out the unlawful acts which didn't warrant the initial traffic Stop or unconstitutional Search of Singer and his property, in violation of plaintiffs Fourth and Fourteenth Amendments.

(j) Plaintiff presented Billie Zimmermann on April 19, 2016 with the fact again that the Criminal statute on the indictment was void and as if no law. An offense Created but it, is as no Crime, in violation of the First and Fourteenth Amendment of the United States Constitution. (Exparte V Royall, 117 U.S. 241. 6. S. Ct. 734, 29 L.Ed.2d 868. (1886).

(K) Plaintiff Requested that Billie set the case for Jury trial on Febuary 3. 2016. Knowing that the court was without Jurisdiction to try the case on unconstitutional law.

(L) Billie Zimmermann Continiues to Carry out her unethical duties as defense counsel which Required the guiding hand of Counsel through all stages of the proceedings.

(m) Billie Zimmermann failed to prepare and present Singer with any pretrial motions or a logical defense prepared in Singers behalf.

(N) Plaintiff addressed the unconstitutional Criminal Statute again on the face of the indictment on April 19.2016 and Billie stated that she was going to have it Supersede.

(O) Billie Zimmermann sent plaintiff Correspondence April 14, 2016 without any notice of what her claims would be at the schedule motion to Suppress proceeding set for May 6. 2016. (Appendix C)

(P) Billie Zimmermann failed to converse with Singer prior to the Court proceeding held May 6.2016, but Requested that Singer not take the stand and testify.

(Q) Plaintiff accepted Billies Request assuming that Billie was going to present a proper legal defense behind the un-Constitutional Stop and making of the indictment.

(r) Honorable Judge David M. Braggs conducted a suppression hearing on May 6, 2016, exceeding his Jurisdiction when he Ruled in the states favor, finding probable cause behind Billie Zimmermanns defense of windshield wiper speed.

(s) Billie Zimmermann scheduled another suppression hearing on her supposedly second half of her motion which she supposedly was going to subpeona Officer Palmer Gibbs phone records behind a coerced Statement, which she failed to produce, setting another proceeding May 13, 2016.

(t) Billie Zimmermann presented plaintiff with threats of parole and Singers prior convictions out of Texas and the states six year offer, which Singer refused to sign the rejection and Billie had Singer taken before the court and admonished on Singers Refusal by the Judge on May 13, 2016. (Appendix F)

(u) Honorable Judge David M. Braggs exceeds his Jurisdiction again when he conducts another proceeding by ambush without providing notice and allows Billie Zimmermann to address the Courts and myself with the Criminal Complaint filed against Billie Zimmermann. (Appendix B)

(v) Billie Zimmermann addressed the Complaint July 29, 2016 in Judge Braggs court, Requesting an explaination as to why Singer launched the Criminal Complaint.

(w) Plaintiff was sworn in and Honorable Judge David M. Braggs Requested an explaination.

(x) Plaintiff alledged that the document the state officials were operating on within their files was void on its face for vagueness and overbreadth in violation of the First and Fourteenth Amendments on July 29, 2016.

(y) Honorable Judge. David M. Braggs, who's chief Justice administer also was provided with a Criminal Complaint and opperating on the same altered Criminal Statute, depriving Singer of due process, delaying the matter, setting a hearing further away for Billie to address the legal claims August 19, 2016.

(2) Singer Continuesly sustains irreparable injury behind the states unconstitutional acts, omitting words from the Criminal Statute on the face of the indictment in violation of the First through Fourteenth Amendments.

## Count XII

Violation of Civil Rights - 42 U.S.C. § 1983
First Amendment - Freedom of Speech, write, print - Retaliation
Forth Amendment - Unreasonable search, seizure
Fifth Amendment - Compelled witness, cross-examine witnesss
Sixth Amendment - Effective Assistance
Eighth Amendment - Cruel, unusual punishment.
Fourteenth Amendment - Equal Protection. Due process of law
Against Defendants - Honorable Judge David M. Braggs, Shawn Puckett, Billie Zimmermann, Aneta Flaggs, government agent under Aneta Flaggs District Attorney General mr. Jennings Jones.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Billie Zimmermann, defense counsel for plaintiff, appointed seven months, provided inadequate performance from the very begining of her representation.

(c) Billie was provided, Competent legal evidence by plaintiff showing that the criminal statute on the indictment was altered and void on its face, along with omitted facts from Arron Price's offense Report which never Justified probable Cause for the making of the indictment.

(d) Plaintiff has made a substantial preliminary showing that false statements Knowingly and intentionally, or with Reckless disregard for the truth was included by Arron Price and the District Attorney General, Jennings Jones in preperation of the offense Report and Indictment.

(e) Billie Zimmermann was provided with dash Cam Video and audio which clearly reveals Singers headlights on. Plaintiff had pointed this out to Billie as she quickly turns off the video, making the traffic stop unconstitutional.

(f) Billie Zimmermann came back out to the Jail April 19, 2016 and Singer was able to view dash Cam video again where Billie and Shawn Puckett got together and omitted favorable material out of the video, showing my innocence.

(g) Billie Zimmermann had ample time in viewing dash Cam video and observing the unconstitutional traffic stop and Aggravated assault Carried out by Arron Price with the Murfreesboro Police Department, which was inconsistent with his offense Report, that Billie possessed within her file, denying Singer the effective assistance of Counsel. ( Polk County V Dodson 454, 70 L. Ed. 2d U.S. 312, 102 S.ct. 445.(1981)(Also. Appendix D)

105

(h) Plaintiff launched his criminal complaints against all the government officials envolved when Billie Zimmermann and the state Continued to Conceal the material facts, withholding or suppressing favorable evidence to Singers innocence, in violation of Brady, and Bagley v. United States 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d. 481. (Appendix E)

(i) Billie Zimmermann spoke on her complaint July 29.2016.

(j) Honorable Judge David M. Braggs allowed the complaint issue to be addressed August 19.2016.

(K) Billie Zimmermann Came back out to the Jail to visit Singer again on August 3.2016, with more threats of what evidence the state was going to use against plaintiff and her beliefs of the Criminal complaint against her.

(L) Plaintiff asked Billie, 'where was singers' Discovery Pack'? Billie Stated, that was something Singer needed to Request in writing, again Refusal of the guiding hand of Counsel through even Stage of the proceedings, Constituting ineffective assistance of Counsel. (Strickland V Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d, 674 (1984).

(m) Billie Zimmermann provides Singer with her Discovery Pack on August 13.2016 which Consists of the States Response to Billies Request for Discovery, but theres been no Request Submitted or provided by Billie. (Appendix E)

(N) Plaintiff Submitted his Discovery Pack August 17,2016, including any request made by Billie Zimmermann.

(O) August 19,2016, Plaintiff is presented to the Court awaiting his opportunity to address the Criminal Complaints against the State officials.

(P) Billie Zimmermann addressed the court, Requesting to withdraw on August 19,2016 from Singers Case, without providing Singer with proper notice as her reasoning for the last minute change, Constituting Cruel and unusal punishment behind her ineffective assistance of Counsel, in Violation of the Sixth, Eighth and Fourteenth Amendment.

(Q) Honorable Judge, David M. Braggs allowed Billie to withdraw in open court without providing a legitimate excuse, continuously setting Singer off, depriving plaintiff of his life, liberty and property in violation of his First through Fourteenth Amendments.

(R) Honorable Judge, David M, Braggs delay in setting Singer off until September 30,2016 is unconstitutional in violation of Tennessee Constitution Article 1. Section 17.

(S) Singer Continuously receives irreparable harm from the State officials unconstitutional acts in violation of the First through Fourteenth Amendments.

# Count XIII

State Law Claim - False Imprisonment, Unreasonable
Search and Seizure, Aggravated Assault by Strangulation
       Evidence: Tampering, destruction, fabrication
Against Defendants - Adnan Price, Ed Gorham, Palmer Gibbs
       Honorable Judge Mc Rhonda Campbell

(a) Plaintiff incorporates herein by reference the allegations made
in each preceding paragraph as if each were set forth here
verbatim.

(b) Adnan Price knowingly, intentionally, and recklessly restrained
Singer October 27, 2015 against his will in violation of T.C.A.
Section 39-13-302 (a) (b).

(c) Adnan Price was aware when he restrained Singer for a
light violation, that his dash cam video and audio were
operating at the time which revealed Officer Ed Gorham
standing in Singers headlights, making the traffic stop un-
constitutional in violation of Singers First through Four-
teenth Amendments. (United States V. Polkley. 899 F.2d 297
(4th Cir 1990), United States V. Okomadu. 236 F.3d 333 (6th Cir
2001).

(d) Adnan Prices "Misuse of power" led price to overstep his
bounds, further when he implemented "Aggravated Assault
by Strangulation against Singer in violation of T.C.A. Section
39-13-122 (a)(i)(A)(i) (iv)(2).

108

(e) Ed Gorham, an officer of the government conspired with Arron Price, planting the paraphernalia in Singers possession after being captured on dash cam video surveillance going out to where this item caught his attention, bending down and picking it up and bringing it back to Singers vehicle while standing in the headlights to view his discovery, denying Singer due process in violation of T.C.A. Section 39-16-503 (a)(1)(2).

(f) Arron Price 'misused his power' showing reckless disregard for the law and Singers Constitutional Rights when he acted in the name of the state and was clothed with the States power when he submitted his falsified police Report that doesn't match his dash cam Video or audio, in violation of T.C.A. Section 39-16-503 (a)(1)(2).

(g) Arron Price was under oath before taking his first day of position as well when he went before Judge Rhonda Campbell when he swore and subscribed his affidavit to his perspective of the offense that day. Knowingly and intentionally, or with reckless disregard for the truth, omitted information material to the probable cause determination, constituting perjury. (United States v Martin 920 F.2d 393, 398 (6th Cir 1990); United States V. Graham, 275 F.3d 490, 505 (6th Cir 2001).

(h) Arron Price has caused Singer mental and physical anguish throughout his unconstitutional Confinement here at the Rutherford County Adult Detention Center as Singer Continues to seek and recommendations made through medical staff to outside medical experts for larynx and trachea complications.

(i) The exclusionary Rule not only prohibits the use of articles or information obtained during an illegal seizure but also information obtained as a proximate cause of the illegal seizure. (Silverthrone Lumber Co. V United States 251, U.S. 385 (1920).

(j) Aaron Price misused his power when he relied on a Oral Electronic Communication in furtherance of the conspiracy from Palmer Gibbs in violation of T.C.A. 39-13-611 (a)(1)(A) (1)(B)(c)(D). Which constitutes fruit from the poisonous-tree, knowing his interrogation was unconstitutional as well due to the fact it being a statement made by coercive promise, constituting a due process violation.

(K) The evidence obtained pursuant to the subsequent warrant must be suppressed, because the evidence establishing probable cause for the issuance of the warrant was obtained by the Rutherford County Officers acting under color of law while conducting an unlawful seizure. (United States V. Bowling 900 F.2d. 926, 932 (6th Cir 1990).

(L) The general remedy for a fourth Amendment violation is that evidence obtained due to an unconstitutional search or seizure is inadmissible of course this is the heart of the exclusionary rule originally articulated by the Supreme Court in Week V. United States 232 U.S. 383, 34 S.ct. 341, 58 L.Ed 652. (1913).

110

(M) Aneta Flaggs over internal affairs with the Murfreesboro Police Department abused her authority, exceeding her Jurisdiction in applying the law after Singer presented Aneta with the six criminal complaints envolving the agents for the government within the department, denying Singer due process and equal protection of the laws, implementing the false imprisonment in violation of Tennessee Constitution Article 1 Section 8.

(N) AAron Price was under Oath, November 19, 2015 at the probable cause hearing AAron price described that he noticed Singer had something in his mouth and that he had one arm around the chin area and a palm to the side of Singers face to prevent Singer from swallowing anything, which eventually turned up to be some sort of paper as he discribed in plastic.

(O) AAron Price acts in the name and for the state, which his acts is that of the state. The State's obligation is not to convict, but to see that, so far as possible, truth emerges.

(P) AAron Price stated in his affidavit warrant that he pulled Singer from his car and Singer began attempting to conceal stuff in the front part of his body. Affiant took him to the ground. At no time did he mention any procedure of him conducting a unlawful Search before taking Singer to the ground.

(q) Singer presented an eta flaggs sufficient evidence within the Criminal Complaints to satisfy an unprejudiced mind seeking the truth. that what Singer has alledged, A.Knon price attempts to Conceal in his affidavit warrant, which Conflicted with dash Cam Video.

(R) A.Knon Price and Aneta Flaggs both know, under Criminal law, "Suppression or withholding by the state of material Evidence Exculpatory to the accused is a violation of due process, irrespective of the good or bad faith of the prosecution. The rule applies whether the suppressed Evidence is material to guilt or to punishment, and even though it goes only to the credibility of a witness.

(S) Defendants, who's acts is that of the state, Continuously Suppress's or withholds material Evidence which goes to the heart of A.Knon Prices Credibility as a witness.

(t) Pursuant to T.C.A. Section 39-16-503 (a) (i) (2), imposes punishment for an act knowingly done with the purpose of doing that which the statute prohibits. And when the statute stated its Claims that its unlawful for any person knowing' that an investigation is pending or in progress. The state and its agents must show Singers actual knowledge, which is an awareness or understanding of a fact or circumstance: well informed.

(u) Honorable Judge Ms Rhonda Campbell exceeding her Jurisdiction authorizing A.Knon Prices affidavit warrant, finding before the Count that Singer, was well informed that A.Knon Price was conducting a investigation before Jerking Singer out of his vehicle

(V) Affiant Price personally appeared before Rhonda Campbell. Judge of Court of General Sessions / Judicial Commissioner and the undersigned Affiant Price made Oath to the following statement of facts: in his State Warrant affidavit of Complaint (Appendix D) Affiant Price never directed Ms. Campbell, Judge of the Court to any of Affiants Dash Cam Surveillance during the period of date and time of the motor vehicle violation and Commission of the offense.

(W) Affiant Price alledged in his affidavit warrant. Singer finally stopped the vehicle. Affiant approached and told Singer to get out. From that point forward when affiant pulled Singer from his vehicle and took Singer to the ground. There was never any indication made as to what Affiants stop was for nor did Affiant inform Singer that an investigation was being Conducted for the medical gauze Singer had in his mouth for several days before Affiants traffic stop was conducted.

(X) Had Ms. Rhonda Campbell. Judge of Court of General Sessions been more properly equiped with the basic tools; which in this Case "dash Cam Video", she would of had a better understanding of making her probable Cause determination of meeting the claims of the Criminal Statute (United States v. Charles. 138 F.3d 257 (6th Cir 1998).

(Y) Affiant Prices Warrant affidavit basically falls within the guide-lines of a "General Warrant". General warrants are unconstitutional because they fail to meet the Fourth Amendments Specificity Requirements.

(2) Singer raises several issues with respect to Aaron Price's Affidavit that formed the basis of the magistrate Judge's issuance of a warrant. First Singer claims that the affidavit "Contained material misrepresentations and deliberately misleading information. Second Singer argues that the affidavit did not provide the magistrate Judge with any information from which an assessment of Aarons Knowledge or reliability Could be made in determining what was in Singer mouth at the time he Jerked Singer out of his Vehicle, placing Singer in a forearm Chokehold, demanding that he "spit it out." Finally, Singer Challenges the magistrate Judge's Conclusion that there was sufficient evidence in the affidavit to show probable Cause.

(AA) A search warrant may be issued only "upon Probable Cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The neutral and detached magistrate charged with determining whether Probable Cause exists must decide if "there was a fair probability" that evidence or fruits of illegal activity are likely to be found at the place to be searched. (Illinois V Gates, 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). But magistrate Ms Rhonda Campbell failed to meet her Responsibility, exceeding her Jurisdiction to interpret and apply the law to the facts, when she wasn't given all the facts because Aaron Price Suppressed and withheld material evidence of how he Conducted a unconstitutional Search and Seizure of Singer to gain access to the Contents in Singers mouth which Consisted of medical gauze.

## Count XIV
State Law Claims - Evidence: Tampering, destruction, fabrication
Aggravated Assault - Strangulation
False Imprisonment

Against Defendants - AAron Price, Palmer Gibbs, Ed Gorham, Anita Flaggs, Honorable Judge David M. Braggs, Jennings Jones, Shawn Puckett, Billie Zimmermann.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) AAron Price knowingly, intentionally and unlawfully restrained Singer October 27, 2015, against Singers will in violation of T.C.A. Section 39-13-302 (a)(b).

(c) AAron Price was aware when he restrained Singer for a light violation. Dash Cam video revealed the truth when officer Ed Gorham stood in the headlights viewing the content he picked up, making the traffic stop unconstitutional in violation of the First through Fourteenth Amendments. (United States V. Dkomadu, 236 F.3d, 333. (6th Cir. 2001).

(d) AAron Price shows a reckless disregard to Singer and his Rights when his acts leads price to overstep his bounds further when he implemented "Aggravated assault by Strangulation against Singer which dash Cam video and audio has revealed in violation of T.C.A. § 39-13-102 (a)(1)(A)(1) (IV) (2).

(e) Ed Gorham, an officer of the Government Conspired with Aaron Price when he aided in planting paraphernalia in Singers possession after being captured on dash Cam Video Surveillance viewing the paraphernalia picked up 20 to 30 feet away from Singers vehicle, denying Singer due process in violation of T.C.A. Section 39-16-503 (a) (1) (2).

(f) The exclusionary Rule not only prohibits the use of articles or information obtained during an illegal seizure but also information obtained as a proximate Cause of the illegal Seizure. (Silverthorne Lumber Co. V United States, 251 U.S. 385 (1920).

(g) Aaron Price "misused his power" when he acted in the name of the state and while clothed with the States power, Price, Submitted his falsified police report and affidavit warrant under oath, which doesn't match his dash Cam Video, obtained as a proximate cause of his illegal seizure, in violation of T.C.A. Section 39-16-503 (a) (1) (2).

(h) Aaron Price was under Oath before Judge Rhonda Campbell when he swore and subscribed his affidavit warrant to his perspective of the offense, Knowingly and intentionally, or with Reckless disregard for the truth, omitted information, material to the probable cause determination, constituting "perjury". (United States V. Martin, 920 F.2d.393, 398 (6th Cir 1990) United States V. Graham, 275 F.3d, 490, 505 (6th Cir 2001).

(I) AAron Price misused his power when he relied on a oral electronic communication in furtherance of the conspiracy from Palmer Gibbs, which constitutes "fruit from the poisonous tree", Knowing Palmers interrogation was unconstitutional as well, due to the fact it being a coercive statement made by promise, constituting a due process violation, in violation of T.C.A. Section 39-13-611 (a)(1)(A)(i)(B)(c)(D) and T.C.A. Section 39-16-503 (a)(1)(2).

(J) The evidence obtained pursuant to the subsequent warrant must be suppressed, because the evidence establishing probable cause for the issuance of the warrant was obtained by the Rutherford County police officers acting under color of law while conducting an unlawful seizure. (Perez v Ledesma, 401 U.S. 82, 91. S.ct, 674, 27 L Ed, 2d 701 (1971), United States v. Bowling 900 F.2d. 926. 932 (6th Cir. 1990).

(K) The general Remedy for a fourth Amendment Violation is that evidence obtained due to an unconstitutional search on Seizure is inadmissible of course, this is the heart of the exclusionary Rule originally articulated by the Supreme court in Week V. United States 232 U.S. 383. 34 S.ct

(L) AAron Prices perspective and declaration of written facts are Completely contrary to his dash Cam Video and audio of the traffic stop, and no valid, conviction can be had upon his void affidavit warrant. (Church V State. 206 Tenn, 338, 333 S.W.2d 799 (1960).

(m) Aaron Price has inflicted serious bodily injury on Singer as plaintiff continues to experience mental and physical anguish, seeking prolonged medical attention to institutional and outside medical experts for larynx and trachea complications.

(n) Aneta Flaggs, over internal affairs department with the Murfreesboro Police Department has abused her authority, exceeding her jurisdictional guidelines in interpreting and applying the law to the facts after Singer presented Aneta with six criminal complaints (Appendix B), involving the agents for the government within the police department as well as the District Attorneys Office, denying Singer due process and equal protection of the laws, implementing false imprisonment. Tennessee Constitution Article 1. Section 8.16.

(0) In all cases the constitutional safeguards are to be jealously preserved for the benefit of the accused, but especially this is true where the scales of Justice may be delicately poised between guilt and innocence. (Glasser V. U.S 315 U.S. 60.62 S.Ct. 457, 86 L.Ed 2d 680 (1942).

(P) District Attorney General, Jennings Jones exceeded his Jurisdiction in preperation of the indictment when he conspired with defendants to defraud the United States, including Tennessee, of and concerning its governmental function to be honestly, faithfully and dutifully represented in the courts of the United States in such matters 'free from corruption, improper influence, dishonesty, or fraud.' (Glasser V. U.S. 315 U.S. 60.62 S.Ct 457.)

(Q) Jennings Jones, shows invidious discrimination and reckless disregard to the Constitution and laws of the state, without being a part of the Tennessee General Assembly legislative body when he alters the Criminal Statute under T.C.A. Section 39-16-503 (a) (1) (2), omitting Record, document and substituting them with 'Substance', which is Contrary to the Criminal Statute on the face of Singers Indictment. Tennessee Constitution Article 10. Section 2. and 4. (App. A)

(R) Shawn Puckett, assistant district attorney exceeds his Jurisdiction when he accepted, presented and Continuously uses this indictment with the altered Criminal Statute showing invidious discrimination, a prosecution bought in bad faith after he was also presented with a Criminal Complaint filed against him as he continues to Carry out his malicious prosecution against Singer, denying Singer life, liberty and property, under the First through Fourteenths Amendments.

(S) Billie Zimmermann Comes out to the Jail April 19, 2016 and Singer was able to view dash Cam video of the traffic Stop with Billie. Officer Ed Gorham was noticed arriving on the scene and his attention was captured to something on the ground, where he paused to get a better look.

(T) Ed Gorham Continued on his route towards Singers truck scanning the ground to and around the backside, back down the passenger side, going right back out to where his attention was first Captured of something on the ground.

(u) Ed Gorham nzlt down and picked up a item and walked back to Singers vehicle and stood in the headlights viewing the object which Singer pointed out to Billie that Singers lights were in fact on and Billie Suddenly shuts off the video, stating that she had to go.

(v) Billie Zimmzumann comes back out to the Jail to visit on June 15, 2016 and we sit down and watch dash Cam video again and Ed Gorham is no longer in the video.

(w) Billie Zimmermann, states attorney, opporating under Shawn Pucketts Control, Continuously using the unconstitutional indictment and her altered version of dash Cam video, has denied Singer the effective assistance of Counsel under [McKeldin v. State, 516 S.W.2d 82. (1974), depriving Singer of life, liberty and property under the United States Constitution First through Fourteenth Amendments.

(X) Singer Continues to face irresparable injury while being Confined here at the Rutherford County Detention Center under the Control of Sheriff Robert F. Arnold.

## Count XV

State Law Claim - Civil Rights and elective franchise
Evidence: distruction, tampering fabrication
False Imprisonment
Against Defendants - Aneta Flaggs, AAron Price Palmer Gibbs
Ed Borham's, Billie Zimmermann.

(a) Plaintiff incorporates herein by reference the allegations
made in each preceding paragraph as if each were set
forth here verbatim.

(b) Aneta Flaggs over internal affairs at the Murfreesboro Police
Department, Knowingly, intentionally and unlawfully, concealed
the facts Singer presented in the six criminal complaints
filed June 30,2016 and July 4,2016. (Appendix B).

(c) Aneta Flaggs aided or conspired with the officers of the
government in concealing the facts that Afnon Price omitted
material facts from his affidavit warrant which is clearly
inconsistent with his dash cam video and audio. of the tra-
ffic stop. (Appendix D). Also in violation of T.C.A. § 39-16-503 (a)(1)(2)

(d) It's been held in Franks count: where defendant makes a
Substantial preliminary showing that a false statement
Knowingly. and intentionally, or with reckless disregard for
the truth, was included by the affiat in the warrant affi-
davit, and if the allegedly false statement is necessary
to the finding of probable cause, the Fourth Amendment
requires that a hearing be held at the defendants request.
(Franks V Delaware, 438. U.S. 154, 98 S.ct.2674, 57 L Ed 2d
667. (1978).

/27

(e) Singer has met his burden of proof showing AAron Price had omitted material facts from his affidavit warrant when Singer filed his Criminal Complaints and Billie addressed her complaint on July 29, 2016 before the Court at which Honorable Judge David M. Braggs asked Billie would she like to address the complaint another date and Billie agreed for August 19, 2016. (Appendix B, Billies Complaint).

(f) Singer admitted ultimate facts essential to his claims and defense, within all the complaints and Billies complaint alone provided material facts that AAron Price acted outside his Jurisdiction when he seized Singer and his property to show AAron Price perjured himself when he submitted his affidavit warrant.

(g) Singer was not only denied the effective assistance of Counsel on August 19, 2016 but also denied the opportunity to be cross-examined and to question Billie on the facts within the complaint before she requested to withdraw from the case that day.

(h) Aneta Flaggs has deprived Singer of life, liberty and property, having Knowledge of the unconstitutional acts of falsity within the indictment and police report by failing to prevent such wrong in violation of 28 U.S.C.A. Section 1343 (a)(1)(2)(3)(4).

(i) Aneta Flaggs, being presented with the six criminal complaints and a copy of the indictment, knew that the states prosecution was brought in bad faith, for the purpose of harassing Singer and deterring Singer from exercising his First and Fourteenth Amendment Rights. (Allee V. Medrano, 416. U.S 802, 94. S. Ct. 2191, 40 L Ed. 2d 566 (1974).

(J) Aneta Flaggs continues to carry out persistent patterns of police misconduct knowing Singer has alledged facts in his complaints, showing Afnon Prices police Report shows no circumstances that he was threatened with death or great bodily harm to use a carotid artery or barearm stranglehold when the department does not implement such holds. (Lyons V. City of Los Angeles 656 F.2d 417 (1981).

(K) Aneta Flaggs, Commander over internal affairs and as the disciplinary officer, has a duty and responsibility to discipline the above forementioned officers, as she attempts to conceal the facts of the Dash Cam Video of the traffic stop the submitted false police report of Afnon Price, along with the altered Criminal Statute under T.C.A. § 3916-503 on the face of the indictment in violation of the First through Fourteenth Amendments.

(L) Singer has sustained and is immediately in danger of sustaining more direct injury as the result of Aneta Flaggs neglect to enforce departments policy and procedures as a disciplinary officer to discipline, Afnon Price, Palmer Gibbs and Ed Gonhams unconstitutional acts carried out as a government official for the Murfreesboro Police Department.

(m) As a Result of Anita's unprofessional duties to properly in-
force policy and procedures, She presents the wrong do ens
with a copy of the Complaints to help aid in her cover-up,
Keeping Singer illegally Confined at the Rutherford County
Detention Center, deprived of life, liberty and property in
violation of T.C.A. Section 39-13-302 (a)(b) T.C.A. Section
39-16-503 (a)(i)(2).

(n) Singer was and Continues to be harmed, facing "irrepairable"
injury due to the government agents "misuse of power", possess-
ed by virtue of State law made possible only because the
wrongdoer is clothed with the authority of state law, is action
taken under color of state law' (United States, v. Classic 313 U.S
299, 326, 61 S.Ct 1031, 1043, 85 L. Ed. 1368, Citing Exparte Common-
wealth of Virginia. Supra. and other authorities.

(O) Defendants Continue to prevent or hinder Singer, free
Exercise or enjoyment of any Right or privilege so secured,
they shall be fined not more than $5.000 and imprisoned not
more than ten years and shall, moreover, be thereafter inelig-
ible to any office, or place of honor, profit or trust created
by the Constitution or laws of the United States. Whoever, in
violation of Section 19.20 of 18 U.S.C. Section 51,52.
(Screws V. U.S., 325 U.S. 91, 65 S.Ct. 1031, 162; A.L.R. 1330, 89 L.Ed
1495.(1945)

# Count XVI

State Law Claim - Evidence: destruction, tampering of fabrication
Against Defendants - Jennings Jones, Shawn Puckett, Billie Zimmermann
Karen Hudson, Arieta Floggs; AAron Price, Palmer Gibbs, Ed Gorham.

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Defendants, Knowingly, willfully and unlawfully continue to restrain Singer against his will.

(c) Singer was aware that he became restrained when AAron Price made his unconstitutional traffic stop totally contrary to his affidavit warrant and AArons and Palmer Gibbs Dash Cam and oral Communication videos. (Appendix D)

(d) Singer was aware that in furtherance of the unconstitutional traffic stop. Palmer Gibbs placed Singer under arrest, contrary AAron Prices dash Cam and offense report.

(e) Singer was aware that part of Palmer Gibbs interrogation was evidence derived from a unconstitutional Stop, illegal Search and a Coerced Confession Constituting a due process violation which also falls under the fruit-of-the-poisonous-tree Doctrine.

(f) Singer was aware that this illegal piece of 'fruit' became part of the States ingredient, producing the unconstitutional Criminal law on the face of the indictment, as no law. An offense Created by it is no Crime. (Ex parte Yarbrough, 1884, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed 274. (Appendix A).

(g) Defendants, who are presumed to know and follow the law, knew "All laws and ordinances now in force and use in this Territory, not inconsistent with this Constitution, shall continue to be in force and use in this state, until they shall expire, be altered, or repealed by the legislature. Tennessee Constitution Article 10. Section 2. 4.

(h) The Tennessee General Assembly is presumed "to know the state of the law at the time it passes legislation". Willson V. Johnson County, 879 S.W.2d, 807, 810 (Tenn 1994): Thus, when it patterned T.C.A Section 39-16-503 (a)(i)(2) of this Act, the legislature knew that "Substance" was not an element of a claim under that section.

Nothing in the language of Section 39-16-503 (a)(1)(2) remotely suggest that the legislature intended to include "Substance" as an element necessary to prosecute under Section 39-16-503 (a)(i)(2). To the contrary, the language of Section 39-16-503 (a)(i)(2) clearly and unambiguously sets forth what elements the State must establish in order to prosecute. A "substance" Requirement is plainly absent.

(i) Where the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say sic lex scripta, and obey it.' Hawks, 960 S.W.2d. at 16 (quoting Miller v Childress, 21 Tenn. 320, 322 (1841).

(J) "It is well settled that section 39-16-503 (a)(1)(2) imposes liability without regard to whether Singer relied on the misrepresentation or omission." Sanders v. John Nuveen & Co. Inc., 619 F.2d 1222, 1225 (7th Cir 1980). "Plaintiffs seeking to recover under section 39-16-503 (a)(1)(2) must only prove 'that the ... defendants misrepresented or omitted material facts." Lunnie v. Layman Res. Corp, 835 F.2d 780, 783 (11th Cir 1988).

(K) Defendant Jennings Jones, who's not part of the legislative body of the Tennessee General Assembly, was not authorized to make, present or use anything with knowledge of its falsity and inconsistent with the states Constitution. (Article 10. Section 2 and 4.)

(L) Defendant Jennings Jones, knew or is presumed to know that his preperation and having indictments ready for the grand Jury, doesn't constitute of altering the Criminal Statute by omitting Record and document and replacing it with "Substance". (Appendix A).

(m) Defendant Jennings Jones Exceeds his Jurisdiction interpreting and applying his perspective of the law, when he Submits the unconstitutional document to the grand Jurors and Karen Hudson, the foreperson whos vote also counted in aiding those 12 grand Juriors to commit a Criminal Violation under T.C.A. Section 39-16-503 (a)(1)(2).

(n) Defendants Continue to deprive Singer due process of law Causing irrepairable injury in Violation of the First and Fourteenth Amendments.

127

# Count XVII

State Law Claim - Fraud, False Imprisonment, Aggravated Assault
Evidence: destruction, tampering of fabrication
Against Defendants - Jennings Jones, shawn Puckett, Honorable
Judge David M. Braggs, Karen Hudson, Billie Zimmermann,
Arron Price, Palmer Gibbs, Ed Gorham, Anita Floggs, John Doe's
Jane Doe's who's name are unknown as grand Juniors
magistrate Judge ms. Rhonda Campbell.

(a) Plaintiff incorporates herein by reference the allegations
made in each preceding paragraph as if each were set forth
here verbatim.

(b) Arron Price Committed 'fraud' when he Knowingly and Reck-
lessly made a misrepresentation of the truth or conceal-
ment of material facts within his Affidavit warrant to
Judge Rhonda Campbell, which she acted and relied on
finding probable cause.

(c) Arron Price omitted material facts from his offense Report,
when in fact, Singers headlights were on and he also stated
that he Jerked Singer out of his vehicle failing to alledge
the aggravated Assault Committed against Singer, demanding
Singer to 'Spit it out' while in a forearm chokehold, Contents
Consisting of medical gauze in thin plastic and clearly what
he testified to at the preliminary hearing and also a Supp-
ression hearing held May 13, 2016, Arrons Dash Cam Video
and audio Reveals the material facts.

(d) Arron Prices Reckless misrepresentation of omitted material
facts were critical to the probable cause determination.
(Hill York Corp. V American Int. Franchises. Inc. 448 F. 2d
680, 695 (5th Cir. 1971).

(e) Palmer Gibbs Committed 'fraud' when he misrepresented and omitted material facts first. when dash cam reveals him questioning Singer on the back tailgate, stating that AAron Price told him Singer had swallowed drugs and secondly when he omitted material facts from his electronic oral communication surveillance of a captured 'promise' coercive statement made by Gibbs, calling Singers relatives from the emergency room at St Thomas Medical Center.

(f) Ed Gorham Committed 'fraud' when he led AAron Price in furtherance of the conspiracy to recklessly make a misstatement of material fact, when Price submits his affidavit and police report alledging, Affiant observed a crack pipe laying on the ground within the vicinity of the struggle when in fact Ed Gorham picked the contraband up 20 to 30 feet away from Singers vehicle and came back and viewed the item in Singers 'headlights', again, AArons reasoning for the traffic stop, showing a misstatement of material facts, not justifying the traffic stop or the making of the probable cause warrant. (Gates. 462 U.S. at 230-231 103 S.Ct2317.

(g) Aneta Flaggs Committed the act of 'fraud' after Singer presented Aneta with six criminal complaints, full of probative evidence leading her not only to the unconstitutional law on the face of the indictment, she was provided, but also the Tennessee Constitution Article 10 Section 2 and 4, while leading her to AAron Prices misleading statements contained in his affidavit warrant showing that once she was to review dash cam video, she would see Ed Gorham arrive on the scene and pick up an object, comming back to Singers vehicle.

(H) Singer alledges in each of his claims, and in each, officers of the state were performing official duties: in each the power which they were authorized to exercise was misused. And the failure of Anita Flaggs to act with no response to Singer after receiving the Criminal Complaints, shows she has made an attempt to conceal the facts with a total reckless disregard for Singer and his Rights.

(i) District Attorney General, Mr. Jennings Jones has committed "fraud" when he Knowingly made a misrepresentation of the truth or Concealment of material facts from the Criminal Statute while he prepared the unconstitutional indictment against Singer.

(J) Shawn Puckett, assistant district attorney has committed "fraud" when he also allowed the making and use of the indictment, Knowing misrepresentation of the truth or concealment of material facts in Violation of Bagley V. United States. 473 U.S. 667, 105 S. Ct 3375, 87 L. Ed. 2d 481 (1985).

(K) Karen Hudson, grand Jurions forepersion Committed fraud when she had a duty to bring to the district attorney general any Criminal law violations which she also concealed the fact that the Criminal statute was unconstitutional on its face, still allowing the state to process the document depriving Singer of life, liberty and property.

(L) Billie Zimmermann, defense counsel for Singer committed "fraud" and continued to allow it to go uncorrected after Singer pointed the unconstitutional law on the face of the indictment way back in Febuary 3, 2016.

(m) Honorable magistrate Judge Ms Rhonda Campbell who's presumed to know and follow the law, Commits "fraud" when she had the duty and responsibility to carry out proper policy and procedures, when she attempts to conceal material facts. Rhonda should have inquired into the Jerking of Singer out of his vehicle and also Athrons allegation of Singer attempting to "Conceal stuff" without questioning, in the front part of his body, which was medical gauze implaced prior to Athrons Stop and which Singer had every right to be secure in his person and effects from unreasonable search's and seizures prior to the unconstitutional Stop. Fourt Amendment. U.S. Constitution. Athron failed to be thorough about his unlawful tactics in recovering the Concealment of medical gauze, suppressing or withholding material evidence in violation of United States V. Bagley. 473 U.S. 667. 105 S.ct. 3375. 87. L.Ed.2d 481 (1985) which would have enabled Rhonda to be more sufficient with her duties and Responsibilities in making her probable cause determination.

(n) Honorable Judge. David M. Braggs abused his discreection, Exceeding his Jurisdiction, Committing "fraud", Knowing that the unconstitutional document within his file Created a "Jurisdictional fact" and Mr David M. Braggs shows bias towards Singer when he Continues to proceed with a number of the Criminal proceedings towards Singer, Concealing the misrepresentation of the truth "the unconstitutional law" when he was also informed of the unconstitutional document once on July 29.2016 during a Criminal proceeding, as well when Aneta Flaggs and the goverment agent working under her provided Mr Braggs with the Criminal Complaint Singer filed against him on July 4th 2016.

131

(O) Defendants have entered into their common scheme or plan which amounts to "Conspiracy" to deprive Singer of his life, liberty and property in violation of Criminal Code Section 20. 18 U.S.C.A. Section 52. penalizing willful deprivation under color of any law, statute, ordinance, Regulation or custom of any Right, privileges or immunities secured or protected by the Constitution and laws of the United States. (Screws V. U.S. 325 U.S. 91, 65.S.ct. 1031. 162 A.L.R. 1330, 89 L Ed. (1945). One who does act with such specific intent is aware that what he does is precisely that which the statute forbids. He is under no guessing whether the statute applies to him. See: Connally V. General Construction Co. 269 U.S 385, 46. S.Ct. 126, 70. L. Ed. 322.

(P) The Right to due process is guaranteed by Article 1. Section 8 of the Tenn. Const. and Amend. 14 of the U.S. Const. He who alters Criminal Statutes without legal Justification, destroys them, and those who all use it with Knowledge of its falsity, acts willfully in the sense in which Section 20. 18 U.S.C.A. uses the term. It is plain that basic to the Concept of due process of law in a Criminal Case is a trial - a trial in a Court of law, not a trial by ordeal" (Brown V. Mississippi 297 U.S. 278, 285, 56. S.Ct. 461, 465, 8 L. Ed. 2d 682). Those who decide to take the law into their own hands and acts as prosecutor, Jury, Judge and executioner plainly acts to deprive the accused of the trial which due process of law guarantees him. The acts of all the defendants were committed in the course of their performance of duties under the Tennessee Criminal Statute Requiring the State to punish any person in violation of the Criminal Statute T.C.A. Section 39-16-503 (a)(1)(2). Also Eighth Amendment United States Constitution.

## Count XVIII

State Law Claim · False Imprisonment · Fraud
· Evidence: destruction, tampering
  fabrication
Against Defendants - Honorable Judge David m Braggs
              Billie Zimmermann

(a) Plaintiff incorporates herein by reference the allegations made in each preceeding paragraph as if each were set forth here verbatim.

(b) Defendants Knowingly, Recklessly, discriminatorialy and un-Constitutionally Restrains Singer against his will.

(C) Defendants by virture of public position, under a state government, deprives Singer of life, liberty and property without due process and equal protection of the laws in violation of the United States Constitution, First through Fourtsenth Amendments (monroe V Pape. 365 U.S. 167, 81 S.ct 473. 5 L.Ed. 2d 492.)

(d) Upon Billie Zimmermanns appointed Representation of Singers file, Billie failed to explore the origin of the agg-ravated assault by strangulation carried out by Officer dAron Price; or its connection with the medical gauze and Continuous medical treatment after the initial Emergency Room visit for neck and back injuries, along with the medical Staffs referrals and appointments to outside medical agencies from Rutherford Countys Detention Center.

(e) Aaron Price's dash cam video and audio reveals the agg-ravated assault by strangulation, along with Singers ver-bal assertions to Billie, followed up with Singers verbal a-ssertions in the Criminal Complaints filed against Billie after noticing Billie had altered the DVD dash cam video and audio of the traffic stop by Aaron Price in violation of T.C.A. Section 39-16-503 (a) (1) (2).

(f) Billie Zimmermann continues to deprive Singer of his rights guaranteed by the Federal Constitution when she altered a number of Sections of dash Cam video DVD's by deleting out officer Ed Barham standing in Singers "headlights" which was the reasoning in Aaron Prices unconstitutional traffic stop, which was also alledged in Billies Criminal Complaint.

(g) Billie Zimmermanns defense Strategy against Singer, Billies client' is very unprofessional in violations of a number of Canons, constituting the ineffective assistance of counsel under the Sixth Amendment of the United States Constitut-ion. ( Powell v. Alabama, 287, U.S. 45, 53. S.Ct. 55. 77 L.Ed. 2d 158 (1932).

(h) In furtherance, the effective assistance of counsel requires the guiding hand of Counsel through every Stage of the pro-ceedings, advancing "all Colorable Claims and defenses", free from State Control. ( Coleman V. Alabama, 399. U.S. 90, S.Ct. 1999, 26, L.Ed. 2d 387 (1970).

(I) Billie Zimmermann, who is presumed to know and follow the law, knows as a lawyer, before proceeding to any pre-trial hearings, theres what you call client and attorney relationship and the preperation; while consulting with the client and discussing the magnitude of any pre-trial motions pursuant to Rule 12 of the Rules of Criminal procedure.

(J) Billie Zimmermann who is presumed to know and follow the law, knows that under the Rules of Criminal Procedure Rule 12: Pleadings and Motions before trial: Defenses and objections: States under (b) (2) (B) a motion alleging a defect in the indictment may be raised at any time which this type of motion should have been provided by a reasonable trial attorney who provided Singer with Lonnespondence of a Requested Count date of Singers transparent motion to Suppress on May 6, 2016 which no claims were discussed prior to Billies filing of this Count hearing.

(K) Billie Zimmermann Requested that Singer not take the stand on Friday May 6, 2016, basically to deter Singer from exercising his First and Fourteenth Amendment Rights Regarding the unconstitutional traffic Stop and assault by Strangulation.

(L) Plaintiff gave Billie Zimmermann benefit of the doubt and Billie proved herself when she alleged that the first half of her suppression motion was for the traffic Stop and that was her only claim, never touching on the unconstitutional law on the face of the indictment, showing a reckless disregard to Singer and his Rights, Concealing a material fact inconsistant with the Tennessee Constitution Article 10. Section 2.

(m) Billie Zimmermanns entire argument while Cross-Examining Afnon Price was based on moderate windshield wiper speed, as she stops dash Cam video Just at the brink of Singer pulling into Office Depot parking lot, Concealing the remainder of the traffic Stop and Captioning of Officer Ed Bonham Standing in Singers headlights, viewing the glass object and reasoning for Afnon Prices Unconstitutional stop, limiting her duty to Cross-examine Afnon Price in Regards to his Affidavit Warrant.

(n) Honorable Judge, David M. Braggs violates a number of Canons when he exceeds his Jurisdiction, finding probable cause for the traffic Stop which is incidental to the making of the unconstitutional Criminal Statute on the indictment in his file behind Afnon Prices perjured testimony, omitting material facts from his affidavit warrant, leading to more perjured testimony at the probable cause hearing held on November 19, 2016.

(O) Billie Zimmermann came out to the Jail several times in the month of march, when stated to Singer that she sat down and watched dash Cam Video between two to three hours, which she had her prepared notes. And not at any time did Billie address the issue about Singers headlights being on on the aggravated assault by strangulation, nor any defect in the Criminal Statute on the face of the indictment.

(P) Billie Zimmermann and the States main objective is to keep Singer confined and the unlawful acts of the agents for the government Concealed as she focused on her one and only main point which is the captured Statement of a Coerced Confession

from Palmer Gibbs, amounting to fruit from the poisonous-tree, in violation of the Tennessee Constitution Article 1. Section 8.9.13.14.16.17.19.20.21 and the United States Constitution, First through the Fourteenth Amendment. Billie Zimmermann Knows that the American Courts hold almost universally and very properly that a confession obtained during or shortly after the Confessor has been subjected to 'brutality, torture, beating, starvation, or physical pain of any Kind is prima facie 'invol-untary' and Singer provided Billie Zimmermann with the case law from Tennessee, which is Ashcraft V. State of Tenn. 322. U.S. 64 S.Ct. 921, 88. L.Ed.2d 1192. along with Gallegos V. State of Neb 342, U.S. 72 S.Ct.141, 96 L.Ed.2d 86 (1951). Singer told Billie that the use of any confession obtained in violation of due pro-cess Requires Reversal of the Conviction even though unchallenged evidence adequate to convict Remains. (Malinski V. People of State of New York 324 U.S. 401, 404, 65 S.Ct 781, 783, 89 L.Ed.2d 1029. But Billie Continued to Conceal the facts.

(q.) Billie Zimmermann Provided inadequate Representation from the very beginning of her assignment to represent Singer with the effective assistance of Counsel through every stage of the proceedings, free from state Control, in violation of Article 1. Section 9. of the Tennessee Constitution and Amendment 6 of the United States Constitution.

(r) Billie Zimmermann was informed of the unconstitutional law on the face of Singers indictment before proceeding to any pre-trial hearings, which Billie said she was going to have the indictment 'Supersede', but yet has failed to take affirmative action, aiding the fraud and Community Corruption, denying

Singer due process and equal protection of the laws, while clothed with the authority of the State and her acts is that under the State in violation of 42 U.S.C. Section 1983, 1985 and 28 U.S.C.A. Section 1343 (a)(1)(2)(3)(4). Billie Zimmermann knew or was presumed to know that before proceeding to any type of pretrial proceeding. She knew that the facts needed to be discussed with Singer which consisted of more than a captured coerced statement. In order to fulfill the recommended requirements when complying with Rule 12. of the Rules of Criminal Procedure would be meeting the requirements to Justify proper legal representation, showing some type of defense strategy and when Singer provides material facts, don't retaliate and tell Singer "You keep driving that car Mister and your going to prison" which was very unprofessional as she continues to conceal material facts to Singers innocence in violation of United States V. Bagley 473 U.S. 667, 105 S.ct. 3375. 87 L.Ed. 2d. 481 (1985).

(9) It's quite evident that Billie Zimmermann has discriminated, harassed and attempted to intimidate Singer with numerous threats of the States Six year plea offer every since February 3, 2016. Singer has made a considerable amount of factual accusations, which are formal changes of Criminal wrongdoings, by all the state officials who are agents for the government. Billie Zimmermann's acts continue to show invidious discrimination toward Singer when she fails to conduct any type of thorough investigation into Singers case. Billie Zimmermann persistantly conceals the incriminating Circumstances that are real simple and more than obvious for any person

with common understanding and Singer has told Billie: lets start from the begining and work our way up, starting with Singer has made a substantial preliminary showing that AAron Price has made a number of false statements in his affidavit warrant and on record four times now constituting perjury. When it comes down to criminal law. A complaint is a formal charge accusing a person of a offense and the filing of any false complaint is a crime in itself which is stated in bold letters on the Citizens Complaint form. Singer made factual accusations. which is formal charges of any wrongdoings against Billie Zimmermann and all the above forementioned defendants. Some of Singers main points was: who altered the Criminal Statute on the face of Singers indictment? and who altered the dash cam video and audio of AAron Prices traffic stop which Billie Zimmermann possess's in Singers Court file which was viewed before or prior to the altercations with Singer actually being there and 'Victim' to the circumstances which Singer alleged in his complaints at which Billie and the agents for the government continue to try and conceal all the very critical facts which Singer requests that a hearing be held necessary to the finding of probable cause, when Singer has made a number of substantial preliminary showings that AAron Price has made a series of false statements, knowingly, intentionally, or with reckless disregard of the truth was included by the affiant and his allegedly false statements was necessary in Honorable Judges, Rhonda Campbells finding of probable cause determination. See United States V. Martin 920 F.2d 393.

(T) Billie Zimmermann informed Singer on May 13, 2016 that she was going to subpoena Officer Palmer Gibbs phone records, which she never did, knowing that his coercive threats and promises was incidental to the unconstitutional Stop, aggravated assault by strangulation and falsifying the affidavit warrant, leading to the making, presenting and using of the unconstitutional indictment. Singer must not be deprived of a fair trial, and any action, official or otherwise behind the lawless activities of law enforcement officers. See Rochin V People of California Supra 342 U.S. 165. 72 S.Ct. 205. 96 L Ed 183, 25. A.L.R. 2d 1396. Billie Zimmermanns unconstitutional acts are sufficiently linked to the states-created duties or powers to constitute "state action" and her official actions continues to damage the reputation of Singer when she confronts Singer on May 13, 2016 and continues to threaten Singer about his current parole and not being able to get ahold of Singers parole officer, amounting to "abuse of the discovery process" with more threats of Singers priors, harassing with the states Six year plea offer which Singer continues to refuse at which Billie requested that Singer Sign the rejected offer which Singer refused (Appendix F) and Billie had Singer taken before the court and the Honorable Judge David M. Broggs admonished on the refusal of the states Six year offer, exceeding his Jurisdiction to interpret and apply the law to an evidentiary fact which he conceals in the courts file, depriving Singer of his life, liberty and property. Keeping Singer unconstitutionally confined in the Rutherford County Detention Center, constituting Cruel and unusual punishment in violation of the Tennessee Constitution Article 1. Section 8.9., U.S. Constitution 8. 14. Amendments.

(U) Billie Zimmermann Scheduals another Criminal proceeding by 'ambush' which was held July 29, 2016 which Billie Zimmermann and Aneta Floggs who was originally provided with the Criminal Complaints, continues to show prejudice towards Singer in exercising his Rights when Singer disclosed various claims, 'formal accusations' within Billies Complaint that have merit which provided grounds for Billie to attack the reliability, thoroughnes and bad faith of not only herself but of the agents employed with the Murfreesboro Police Department who was supposedly conducting a investigation into Singers complaints and to impeach the Credibility of Billie and all of the States witnesses, and to bolster Singers Case against prosecutorial attacks. (Kyles V. Whitley 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Billie Zimmermann, by Virtue of public position, under the state government, continues to show prejudice towards Singer and his Rights, depriving Singer of life, liberty and property without due process and equal protection at the laws, which her acts is that of the state as Billie addresses her criminal Complaint towards Singer, when she should of had the guilty partys before the court to cross-examine the agents for the government on their unconstitutional acts within the complaints, which all amount to 'Brady and Bagley violations, Knowing that the evidence at issue is favorable to Singer. Billies efforts to withhold the evidence and conceal the material facts is a violation of T.C.A. Section 39-16-503 (a)(i)(2), depriving Singer the effective assistance of Counsel leading to the Honorable Judge David M. Braggs to show his bias, basically 'abuse of discretion' and 'abuse of process'

as he continues to operate on the unconstitutional law in violation of T.C.A. Section 39-16-503 (a)(1)(2) when he allows a Continuance after Singer is sworn in on July 29, 2016 and speaks on the unconstitutional law but the Judge allows Billie to reset for August 19, 2016 to address her complaint which meets the three Components to a Brady Violation: the Evidence at issue is favorable to Singer: the Evidence was and Continues to be withheld by the State, either intentionally or inadvertently: and prejudice Ensued, that is the Evidence is material (Strickler V. Greene, 527 U.S. 263 119 S.Ct. 1936, 1948, 144 L.Ed. 2d 286 (1999).

(v) Billie Zimmermann Continues to show prejudice, depriving Singer of his life, liberty and property as she carries out the community corruption scheme initiated through the district attorneys general, Jennings Jones and his assistant Shawn Puckett, the masterminds who prepared, presented and are allowing the use of the unconstitutional law on the face of Singers indictment with knowledge of its falsity and with the intent to effect the course and outcome of the investigation on official proceeding in violation of T.C.A. Section 39-16-503 (a)(1)(2). It's quite obvious that Billie Zimmermann failed to uphold her duties as a competent legal Representative for the States when Billie was informed of the unconstitutional Statute on the face of the indictment, knowing that is was inconsistent with the Tennessee Constitution under Article 10, Section 2 and 4, as well as the U.S. Constitution Amendment VI: and Tennessee Constitution Article 1, Section 9, when the indictment must inform the accused of "the nature and cause of the accusation prescribed by statute.

It is held under T.C.A. Section 40-13-202 which directs that an indictment state the facts constituting the offense in ordinary and concise language without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended. Billie Zimmermann and the Conspirators within the District Attorneys Office, knew as an agent for the government whose first duty was to uphold the constitutions and laws. Knowing the Tennessee General Assembly is presumed "to know the State of the law at the time it passes legislation" Wilson v. Johnson County 879 S.W.2d 807, 810 (Tenn 1994). Thus, when it patterned Section 39-16-503 (a)(1)(2), the legislature knew that "Substance" was not an element of a claim under that Section. When construing a statute, a courts duty is to ascertain and give effect to the intent and purpose of the legislature. (Lipscomb v. Doe 32 S.W.3d 840, 844 (Tenn 2000): Freeman v. Marco Transp. Co. 27 S.W.3d 909, 911 (Tenn 2000). "When the statutory language is clear and unambiguous, (a Court) must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statutes application." Eastman Chem. Co. v. Johnson, 151 S.W.3d, 503, 507 (Tenn 2004).

(w) Billie Zimmermann knows that Singer was not compelled to testify against himself under Tennessee Constitution Article 1. Section 9. and Amendment 5 of the United States Constitution. Thus, "Hearsay" that officer Artman Price used at the probable cause hearing held in front of Honorable Rhonda Campbells Magistrate Court and at Singers preliminary hearing on November 19, 2015, was inadmissable.

The "Hearsay" was admitted in violation of the Rules of Crim-inal procedure, Rule 802. and because AAron Price testified falsely under Oath to what he had heard, but yet the person who spoke it was not under oath which also constitutes perjury which dosn't match with the surrounding Circum-stances. The Tennessee Supreme Court has come to the con-clusion .... that the law in Tennessee with reference to confess-ions is simply this: it is largely a question of fact as to whe-ther on not a confession is voluntary and is made without hope of reward or fear of punishment. It only becomes a question of law for the Court to decide when from the facts surrounding the taking of the alledged confession or statements, the court as a matter of law, can hold that the State has failed to carry its burden, which it has a show-ing that the confession was free and voluntainly, and that reasonable minds could not differ, and could come to but one conclusion that the confession was involuntary and forced. The Tennessee Supreme Court, in its opinion, restated the Rule it had announced in previous Case's, that, "when confess-ions are offered as Evidence, their competency becomes a preliminary question to be determined by the Court." Ashcraft V. State of Tennessee , 322 U.S.143, 64 S.ct 921, 88 L.Ed, 2d.1192 (1944). Also, Gallegos V. State of Neb.342 U.S.72 S.ct.141.96 L.Ed.2d 86 (1951).

(X) Honorable Judge David M. Braggs determins on July 29, 2016 Billie Zimmermann was providing the Effective assistance of Counsel irrespective of the unconstitutional law on the face of the indictment. misusing his Judicial power when he made

a binding Judgment Contrary to the law on all parts of the agents for the government when the agent who presented Billie with the Criminal Complaint filed against her, misused his power' to investigate the complaints which were provided to all the states agents for the government and swept under the rug as if Community Corruption is allowed by all agents for the government in the City of Murfreesboro Tennessee. Billie Zimmermann Comes out to the Jail to visit Singer again on August 3, 2016, threatening Singer again with the Six year plea offer and Singers priors out of Texas which has been the same material that Billie has threaten Singer with since Febuary 3, 2016. Billie Zimmermann was discontent with Singer filing the criminal Complaint against her and stated if Singer had any discrepancies when it comes to inadequate legal representation, for Singer to write the Board of Professional Responsibility is who controls her license and Singer told her when a person breaks the law and a 'Citizen' is involved. Singer has a Right to file a written complaint which is a formal charge or charges which Singer is pursuing and wanting to prosecute behind all the unlawful acts that are being carried out by all agents for the government. Singer asked Billie Zimmermann where was his 'Discovery Pack' with all motions she filed for the Jury Trial Singer Requested back in Febuary 3, 2016 which he never received. Billie stated that Singer had to Request that in writing, again inadequate performance by Billie to carry out her professional Responsibility and duties.

(Y) Billie Zimmermann Sent Singer a discovery pack, Received on August 13.2016 which consisted of the States Response Supposedly to Billies Discovery Request. (Appendix E) The pack consisted of very few documents which none consisted of Billies Request and inspection of anything, nor was there any copy of Billies motion to Suppress that she was supposedly addressing on the month of May 6 and 13, 2016. The question to Singers first impression of the 'States Response to Discovery Request' is: where are Billies 'Discovery and inspection Request motions'? To get the States Response to any Discovery Request, there has to be actual Requests made! Singer filed his Discovery and Inspection Request motion with the Courts on August 17.2016 ('Appendix G). Singer again was present at the Court proceeding held for August 19,2016 at which Billie Zimmermann was to address the Criminal Complaint and its contents. which Billie addressed the Court on Record that she was Requesting to withdraw from Singers Case. which was very unprofessional without providing Singer any type of written notice and her reasons of the Sudden withdraws when the Criminal Complaints are still material to Singers Case and have to be investigated and proper procedures carried out with prosecution for for the Criminal Statute Violations by all agents for the government. Billie Zimmermann familiar with the Rules of professional conduct of lawyers and that the Canons of professional ethics Require that the deputy (public defender) be 'his or her own man' irrespective of advice or pressures from others.

In this case the question is whether a public defender who is concededly an employee of the Rutherford County District Public Defenders Office - acted 'under color of state law' in Billies Representation of Singer. Its evident either way that Billie still acted as a person in any term, which is fair to say that its unlawful for "any person" Knowing that an investigation or official proceeding is pending or in progress: to alter or conceal anything with intent to impair its verity, legibility and availability as evidence in official proceeding against Singer, nor to make, present or use any record document or thing with Knowledge of its falsity and with the intent to affect the course and outcome of the official proceeding, is a violation of T.C.A. Section 39-16-503 (a) (1) (2). Singer has made a substantial showing with 'clear and convincing evidence' and a thorough investigation of Singers Case file with Billies altered document, DVD's of Atron Prices dash Cam of the traffic stop with a number of deletions will prove Singers point as Billie Zimmermann and the agents of government in the City of Murfreesboro, Rutherford County and for the State of Tennessee have all conspired to conceal their unconstitutional acts which continues to take place keeping Singer illegally confined under the authority of Sheriff Robert Arnold, depriving Singer of his life, liberty and property in violation of the First through the Fourteenth Amendment of the United States Constitution which is inhuman, grossly disproportionate to the crime in question constituting 'malpractice' on the part of Billie Zimmermanns unprofessional criminal acts.

## Count XIX

State Law Claim - False Imprisonment
- Community Corruption
- Inadequate Law Library

Against Defendants - Sheriff - Robert Arnold
Sergeant - Curry
Lieutenant - Shawn, Applegate
Lieutenant - Robert Grissom

(a) Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

(b) Sheriff Robert Arnold, Lieutenant Shawn Applegate, Lieutenant Robert Grissom and Sergeant    Curry knowingly, unlawfully and recklessly restrained Singer against his will.

(c) Defendants above forementioned are employees or agents for the government within the Rutherford County Adult Detention Center and are presumed to know and follow the law.

(d) Defendants above forementioned had a duty imposed by law and as a matter of Governmental Ordinance, Policy, Practice or Custom to investigate the Commission or Suspected Commission of any offense or offenses.

(e) Singer conversed with a number of the departments officers who periodically worked the floor and took time to listen while conducting Pod walk-throughs and Singer informed those few officers of Singers current Situation.

(f) Singer was directed to file a request to the Lieutenant Shawn Applegate over internal affairs by the floor officer who was officer dunley, as to Singers Current Situation.

(g) Lieutenant Shawn Applegate who is presumed to know and follow the law, received a written request written by Singer on May 20, 2016 about being envolved in a Crime and wanted to talk with the Lieutenant who had a duty imposed by law to investigate the Commission on Suspected Commission of any offense which envolved Singers Current Situation.

(h) Singer never Received a response back from Sergeant Curry on Lieutenant Applegate which envolved a Serious matter at which the both neglected to process, screen, or investigate into the matter.

(i) Singer Sent a Request out to Sergeant Curry June 24, 2016, Requesting to talk with Sergeant Curry about being illegally confined.

(j) Sergeant Curry never responded back when the inmate request provides a Section stating "officers response" and according to the inmate Rules and Regulations, Request forms page 11. Request will be processed and answered as soon as possible and there is no deadline when a Request will be answered, however, Emergency Situations will be answered as soon as possible.

(K) June 27, 2016 Singer was taken to the Murfreesboro Police Department where he sat down and talked with Detective Tommy Massey and another detective unknown and began to discuss his current situation where the detectives stopped the interview and Stated I needed to discuss my situation with Billie Zimmermann and Singer alleged that Billies a part of it and the detectives directed Singer to Aneta Flaggs over internal affairs, which Singer then filed his Criminal Complaints.

(L) Singer Submitted his Request Constituting a "Emergency" situation which Sergeant Curry had a duty to investigate the Commission or Suspected Commission of any offense, at which, agent Curry failed to perform his duties as a agent for the government, showing a reckless disregard towards Singer and his Rights while aiding the Commission of the offense in Violation of 28.U.S.C.A Section 1343 and T.C.A. Section 39-16-503 (a)(1)(2).

(m) Singer Submitted his Request to Lieutenant Robert Grissom Requesting the address to the TENNESSEE Bureau of Investigation on April 15, 2016 and May 9, 2016 in Regards to the false imprisonment which Lieutenant Grissom should have taken the initiative to intervene when he had a duty imposed by law to investigate the commission or Suspected Commission of any offense, depriving Singer of his life, liberty and property in Violation of the First through the Fourteenth Amendments while carrying out the unlawful acts in Violation of 28.U.S.C.A. Section 1343 (a)(1)(2)(3)(4) and also T.C.A. 39-16-503 (a)(1)(2) when he Concealed the illegal act, denying Singer due Process and equal protection of the laws Fourteenth Amendment U.S. Constitution

157

(n) Singer sent three letters out to the Tennessee Bureau of Investigations on April 21, 2016, May 9, 2016 and May 20, 2016 requesting to sit down and talk with some investigators. Singer alleged he was envolved in a crime and needed to talk with investigators in regards to Singers current situation, at which point Singer has never heard from anyone.

(O) Lieutenant Rober Grissom failed to carry out the departments policy and procedures, knowing his actions under T.C.A. Section 40-7-118 (3)(A)(III) and being a officer or employee and a agent for the government had the duty to investigate the commission or suspected commission of any offense which he chose to ignore numerous verbal requests from his floor officers that its very important that he come talk with Singer which he decided to come see Singer September 13, 2016, way after the fact, showing a total reckless disregard for Singer and his rights while misusing his power of authority in office as a Ranking official.

(P) Lieutenant Robert Grissom fraudulent acts contributed to the States persistent pattern of police misconduct as he attempts to 'defraud the united States of and concerning its governmental function to be honestly, faithfully and dutifully represented in the Rutherford County Sheriffs Department, 'free from Corruption, improper influence, dishonesty, or fraud.'

(Q) Sheriff Robert Arnold, the Jail administer over his subordinates, had a responsibility to ensure that all the agents within the sheriffs department are properly trained to implement

the governmental ordinances, Policy, Practice and Customs within the sheriffs department and who's acts fall back on Sheriff Robert Arnold whos action or conduct has furthened the conspiracy carried out by the agents for the government. Shows his failure to properly train his subordinates within the department, Concerning governmental function to be honestly, faithfully and dutifully represented in the sheriffs department free from corruption, improper influence, dishonesty and fraud.

(R) Singer Continues to suffer in a number of areas behind sheriff Robert Arnold and Lieutenant Robert Brissoms neglect to the prisoner, denying Singer due process and equal protection of the laws under the Fourteenth Amendment while denying Singer access to the courts in violation of Article 1. Section 17. of the Tennessee Constitution. Defendants violate a prisoners Rights to the Courts by not having a fully equipped law library within the Rutherford Countys institution, giving a prisoner access to "all legal material" and without it the prisoner is detered when the agents for the government states that the prisoner needs to get the material from their appointed attorney, which is not the attorneys Responsibity.

(S) Singer has a right as a prisoner to access to all legal material in order to do legal Research on any given matter and to further the courts in all areas necessary to view criminal law and to read upon and get Knowledge of any Criminal matter, preparing defenses and motions while meeting time frames within the courts on all litigation, without being denied access to all material.

(T) Sheriff Robert Arnold and Lieutenant Robert Grissom would be and continue to deny Singer Equal protection of the laws and access to the Courts pursuant to Article 1, Section 17 of the Tennessee Constitution which states: That all Courts shall be open: and every man for an injury done him in his lands, goods, person or reputation. Shall have remedy by due course of law and Right and Justice administered without sale, denial or delay. When that is exacly what is taken place in Rutheford County Detention Center. The tablets that the sheriff has placed on the pods dose not Justify "proper legal material" which the website of Lexis Nexis is minimal providing a summary for of the material you may be searching for, not entire Case law presenting all the critical facts in a Case to view and a prisoner is entitled by Right to view an assortment of legal material in order to get an understanding on how to present his litigation in the Courts properly without delay and when you submit a request for a certain documented and decided Case, you may get it and a lot of times its foun on five days latter which Consists of an unnessary delay, disabling Singer to meet the requinements under the rules of law, dismissing his litigation. Which all Revolves around not having access to a fully equipped law library with hands on all legal material which the defendants continue to satisfy the Requinements under Article 1, Section 17. Thus subjectivia Singer to Cruel and unusal punishment under Article 1, Section 16 of the Tennessee Constitution. Defendants acts of illegally confining Singer and denial to all legal material deprives Singer of due process and Equal protection clause which protects persons like Singer from invidious discriminations (Cole v. Arkansas 333, U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed 2d. 644.

<u>WHEREFORE</u>, Plaintiff prays this Courts

(a) Enter a declaration, pursuant to 42 U.S.C. Section 1983.1985, that the defendants violated Singers Rights under the First, Fourth, Fifth, Sixth, Eighth Amendments, as applied against the states through the Fourteenth Amendments;

(b) Enter a declaration, pursuant to 42 U.S.C. Section 1983; 1985, that the defendants unlawfully and unconstitutionally restrained on interfered substantially with Singers liberty, while Singer Exercised his First through Fourteenth Amendment Rights.

(c) Enter a declaration, pursuant to 42 U.S.C. Section 1983.1985 that the District Attorney General. Jennings Jones, assistant district attorney, Shawn Puckett, Murfreesboro Police Department and Clerk of the United States Judicial District Court of Murfreesboro, took the for Said property; Singers 1994 Chevy Truck, phone, and Tools and that Said property is being unlawfully and improperly held by Said District Attorney General, Assistant district attorney, the Murfreesboro Police Department and Clerk of the 16th Judicial District Court in violation of Singers Rights under the laws and constitution of the United States and the State of Tennessee.

(d) Enter a declaration, pursuant to 42 U.S.C. Section 1983, 1985 that the policies or customs and practices of defendants within the Murfreesboro Police Department, described herein violates the Constitution and laws of the United States and the State of Tennessee.

(e) Enter a declaration, pursuant to 42 U.S.C. Section 1983, 1985, that the policy, procedures and customs of the City of Murfreesboro Public Defenders Office described herein violates the Constitution and laws of the United States and the State of Tennessee.

(f) Enter Judgment for plaintiff on all his state law personal tort claims against all above forementioned Defendants.

(g) Enter Judgment awarding Plaintiff Compensatory damages for the violation of Singers Constitutional Rights as well as on Singers State-Law personal tort Claims:

(h) Enter Judgment awarding Plaintiff exemplary damages for the violation of Singers Constitutional Rights, as well as on Singers State-law personal torts Claims:

(i) Enter Judgment awarding Plaintiff Cost under 28 U.S.C.A. Section 1343 (a)(1)(2)(3)(4), for Violation of Singers Rights, as well as Singers State-Law tort Claims:

(j) Enter Judgment awarding Plaintiff Cost, including reasonable attorney fees, pro se under 42 U.S.C. Section 1988 and any other Relevant provisions of law: and

(k) Allow such other and Equitable or immediate further relief as the Court deems 'Just and Equitable'.

Respectfully Submitted
Leonard Singer
940 New Salem Hwy.
Murfreesboro TN 37129

## Certificate of Service

I Certify that a copy of the foregoing document is being forwarded via first Class U.S. mail, postage prepaid, to the Clerk, U.S. District Court: U.S. Courthouse, Room 800 Nashville, Tennessee, 37203, on this the ____ day of _____ 2016.

Leonard Singer
940 New Salem Hwy
Murfreesboro, TN, 37129