IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEONARD SINGER, )
)
    Plaintiff, )
) Case No. 3:16-cv-02621
v. ) Judge Crenshaw / Frensley
)
AARON PRICE, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendant Anita Flagg pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 24.[1] Along with her Motion, Defendant Flagg has contemporaneously filed a supporting Memorandum of Law. Docket No. 25. In her Motion and supporting Memorandum, Defendant Flagg argues that Plaintiff's claims against her should be dismissed because Plaintiff sues her solely in her official capacity, and as such, she stands in the shoes of her employer, the City of Murfreesboro ("the City"). Docket Nos. 24, 25, *citing* Docket No. 5. Defendant Flagg contends that Plaintiff has not alleged facts that, even if true, would plausibly suggest or support a municipal liability claim against the City, and therefore that Plaintiff's claims against her must be dismissed as a matter of law. *Id.*

Plaintiff has not responded to the instant Motion.

---

[1] Defendant Flagg's Motion seeks solely to dismiss Plaintiff's claims against her. *See* Docket Nos. 24, 25. As such, while the undersigned may summarize Plaintiff's allegations against the other Defendants, the Court will focus herein on Plaintiff's allegations against Defendant Flagg.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983 alleging that certain police officers used excessive force against him during an allegedly unconstitutional traffic stop. *See* Docket No. 1.[2] Defendant Flagg is a named Defendant in this action because she is in charge of Internal Affairs at the Murfreesboro Police Department. *Id*. Plaintiff sues Defendant Flagg in her official capacity, alleging that he mailed several handwritten complaints to her asserting issues with several police officers, an assistant district attorney, an assistant public defender, and a sitting judge, but that she attempted to conceal the unlawful acts of these individuals by refusing or failing to investigate Plaintiff's complaints. *Id.* Plaintiff additionally maintains that Defendant Flagg failed to update him on the review or investigation of his complaints, failed to conduct a meaningful investigation of his complaints, and failed to send copies of his complaints to his brother as he requested. *Id*. Plaintiff also generally alleges that he was in some way retaliated against for submitting citizen complaints to the Murfreesboro Police Department. *Id*.

For the reasons discussed below, the undersigned recommends that Defendant Flagg's Motion to Dismiss (Docket No. 24) be GRANTED, that Plaintiff's claims against her be DISMISSED, and that she be TERMINATED as a Defendant in this action.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state

---

[2] After this Court's initial frivolity review, all of Plaintiff's claims were dismissed except his: (1) false arrest and false imprisonment claims against Defendants Price, Gibbs, and Gorham in their individual capacities; (2) excessive force claim against Defendant Price in his individual capacity; and (3) official capacity claims against Defendants Robert Arnold, Anita Flaggs, and Rutherford County, Tennessee. Docket No. 5.

a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B. 42 U.S.C. § 1983**

    **1. Generally**

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

    **2. Official Capacity Claims**

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity

4

claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

The law is well-settled that respondeat superior does not provide a basis for liability under § 1983. *See Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). In order for a public entity to be held liable, therefore, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989). *See also, Monell*, 436 U.S. at 690-91 (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.). In other words, a plaintiff must show that some official policy, practice, or custom was the moving force behind the alleged constitutional deprivation. *See Monell*, 436 U.S. at 691; *Miller*, 408 F.3d at 813.

**C. The Case at Bar**

As an initial matter, although Defendant Flagg is identified as being employed by Rutherford County in this Court's Memorandum (Docket No. 5), Defendant Flagg is actually an

employee of the City of Murfreesboro and has no professional connection to Rutherford County (Docket No. 1). Rutherford County is a separate entity, and, to the extent the only remaining official capacity claims involve individuals employed by Rutherford County, those claims should be dismissed as to Defendant Flagg, since she has no connection to Rutherford County.

Moreover, even if Plaintiff asserted an official capacity claim against Defendant Flagg that was somehow separate from his Rutherford County claims, an official capacity claim against her would be a claim against the City of Murfreesboro for municipal liability under the standards set forth above. In the case at bar, Plaintiff has failed to establish that the City of Murfreesboro deprived him of a constitutionally protected right. Specifically, Plaintiff's claims that the City failed to meaningfully investigate his complaints, update him on his complaints, or send copies of the complaints to his brother as he requested fail to state a constitutional claim, as there is no constitutional right that requires a government to respond to citizen complaints or reciprocate communication. *See, e.g., Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). As to Plaintiff's general claim of retaliation for filing citizen complaints against certain police officers, Plaintiff's allegations of retaliation are general and conclusory; they fail to identify specific adverse actions or retaliatory motives that would support a plausible First Amendment retaliation claim. *See* Docket No. 1.

Additionally, in order to hold a municipality liable under §1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *Harris*, 489 U.S. at 387-88; *Monell*, 436 U.S. at 690-91. In the case at bar, Plaintiff alleges that Defendant Flagg acted "against policy" and showed "negligent disregard to

6

procedures as a government official." Docket No. 1. Plaintiff cannot establish municipal liability upon the City of Murfreesboro by alleging that one of its employees violated established policy.

As to Plaintiff's Fourth Amendment claim, Plaintiff alleges that "the City of Murfreesboro maintains the policy or custom of seizing and searching citizens and their property without believing the Plaintiff has violated any law in their presence." *Id*. Again, Plaintiff's allegation is conclusory, and conclusory statements without factual support or a causal nexus are insufficient to state a claim for relief under a municipal liability theory. *See* 42 U.S.C. § 1983; *Twombly*, 550 U.S. at 555. To the extent that Plaintiff asserts a ratification claim against Defendant Flagg for failing to meaningfully investigate his complaints and failing to discipline the officers involved in his traffic stop, the Sixth Circuit has held that municipal liability under a ratification theory cannot be based solely on a single decision not to discipline an officer, because "notice of a pattern of misconduct" cannot be found "solely from the mistreatment of the Plaintiff." *Nouri v. County of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015). Because the sole allegation in Plaintiff's complaint relates to his own episode of an alleged failure to investigate, he cannot state a claim for Fourth Amendment municipal liability against the City of Murfreesboro.

With respect to Plaintiff's Eighth Amendment claims, the conduct of which Plaintiff complains occurred during his arrest and immediately thereafter (*see* Docket No. 1), but the Eighth Amendment is not implicated if the alleged misconduct occurs prior to the plaintiff's conviction of a crime (*see, e.g., Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Because the Eighth Amendment is not implicated since Plaintiff's allegations occurred prior to

his conviction, his Eighth Amendment claims must be dismissed as a matter of law.

Finally, turning to Plaintiff's Fourteenth Amendment claims, Plaintiff asserts that Defendant Flagg violated his Fourteenth Amendment due process rights through her alleged failure to meaningfully investigate Plaintiff's complaints against certain police officers and other individuals and for her alleged involvement in a conspiracy to conceal evidence from Plaintiff. Docket No. 1. As can be seen, Plaintiff alleges the same conduct in his First, Fourth, and Eighth Amendment claims discussed above. The Supreme Court has held that if a specific constitutional amendment is applicable, a general due process analysis is inappropriate. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Moreover, Plaintiff does not have a constitutional right to due process in connection with complaints filed against police officers, judicial officers, etc. For these reasons, Plaintiff's Fourteenth Amendment claims should be dismissed.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant Flagg's Motion to Dismiss (Docket No. 24) be GRANTED, that Plaintiff's claims against her be DISMISSED, and that she be TERMINATED as a Defendant in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge