# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LEONARD SINGER,<br>    Plaintiff,<br><br>v.<br><br>AARON PRICE, et al.,<br>    Defendants. | Case No. 3:16-cv-02621<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

### I.
### INTRODUCTION AND BACKGROUND

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Aaron Price, Ed Gorham, and Palmer Gibbs ("Defendants"). Docket No. 60. In support of their Motion, Defendants have additionally filed a supporting Memorandum of Law (Docket No. 61), a Statement of Undisputed Material Facts (Docket No. 62), the Declaration of Nicholas A. Lastra (Docket No. 63), a copy of Plaintiff's Certified Judgments (Docket No. 64-1), excerpts from Plaintiff's May 6, 2016 criminal proceeding (Docket No. 64-2), excerpts from Plaintiff's July 30, 2018 criminal trial (Docket No. 64-3), and a dashboard camera video disc (Docket No. 65).

Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983. Docket No. 1. Plaintiff's Complaint consists of 163 handwritten pages and 44 pages of attachments,

1

averring in pertinent part that, on October 27, 2015, the instant Defendants[1] conducted an unlawful traffic stop of Plaintiff during which Defendant Price used excessive force against Plaintiff, "strangulating [*sic*] [him] by applying a carotid-artery or bare arm hold against [his] throat impeding normal breathing and circulation of air and blood flow." *Id.* at 40-41. Plaintiff avers that Defendant Price believed that he had swallowed a marijuana joint as Defendant Price approached Plaintiff's car during the traffic stop. *Id.* Plaintiff further avers that when Plaintiff told Defendant Price that he could not breath, Defendant Price told Plaintiff to "spit it out" and maintained pressure on Plaintiff's throat. *Id.* Plaintiff avers that Defendant Price continued the application of force until Plaintiff became unconscious and hit his head on the door frame and floorboard of his vehicle, sustaining injuries for which Defendant Price took him to the hospital. *Id.* at 42. Plaintiff avers that when he regained consciousness, he spit out medical gauze and plastic from an earlier dental procedure. *Id.* Plaintiff additionally avers that, on the way to the hospital and at the hospital, Defendant Gibbs threatened Plaintiff in an attempt to coerce a confession from him by telling him that his stomach would be pumped if he did not confess. *Id.* at 44-46.

Plaintiff sues the instant Defendants in their individual capacity, seeking unspecified "equitable relief," "monetary relief," "alternative relief," "interim relief," and "coercive relief." *Id.* at 5.

In their Motion and supporting Materials, Defendants argue that they are entitled to summary judgment because Plaintiff's false arrest and false imprisonment claims are barred by his criminal conviction and the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477

---

[1] Because Defendants Price, Gibbs, and Gorham are the only remaining Defendants in this action who have been served, the undersigned will incorporate herein only those allegations Plaintiff raises against them.

(1994). Docket No. 61. Specifically, Defendants argue that since Plaintiff was convicted of tampering with evidence and possession of schedule II substances and drug paraphernalia, *Heck* bars Plaintiff's false arrest and false imprisonment claims because a favorable ruling in a civil proceeding would imply the invalidity of his criminal conviction. *Id.* Defendants also argue that Defendant Price is entitled to a judgment as a matter of law on Plaintiff's excessive force claim against him since Plaintiff cannot establish a constitutional violation under the Fourth Amendment and because, even if Plaintiff could establish a constitutional violation under the Fourth Amendment, Defendant Price is entitled to qualified immunity. *Id.*

As noted, Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to material fact and Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 60) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II.
## UNDISPUTED FACTS[2]

As a result of Plaintiff's arrest on October 27, 2015, Plaintiff was charged with, and convicted at trial of: (1) tampering with evidence (T.C.A. § 39-16-503); (2) simple possession – Sch. II (T.C.A. § 39-17-418); and (3) paraphernalia possession (T.C.A. § 39-17-425). Docket Nos. 64-1, 64-2, 64-3.

The dashboard camera mounted inside Defendant Price's patrol vehicle recorded the stop

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

and arrest of Plaintiff on October 27, 2015, which begins at 14:51:00 and ends at 15:39:42. Docket No. 65.

Driving during inclement weather with a vehicle's headlights turned off constitutes a moving violation of Murfreesboro, Tennessee Code of Ordinances § 32-1001 and T.C.A. § 55-9-406(b). Docket No. 64-2, pp. 6:18-24, 19:6-25, 20-23. Defendant price observed a vehicle leaving a known drug area with its headlights turned off during inclement weather. *Id.* Defendant Price initiated a traffic stop on the vehicle to address the headlight violation and to investigate whether it had been used during the commission of a criminal offense related to illegal drugs. *Id.* at 25:15-16. Defendant Price activated his patrol vehicle's light bar and pulled directly behind Plaintiff's vehicle in the left turn lane on North Maple Street in Murfreesboro, Tennessee. Docket No. 65 from 14:51:23 to 14:51:41. Plaintiff pulled out of the left turn lane and continued driving on North Maple Street after Defendant Price had initiated the traffic stop. *Id.* Plaintiff turned off of North Maple Street into a public parking lot and continued to slowly drive throughout the parking lot. *Id.* from 14:51:41 to 14:52:18. Plaintiff drove past numerous open spaces in the public parking lot, which were suitable places to stop, but did not stop. *Id.*

Defendant Price is heard on the video activating his patrol siren, and Plaintiff stopped in the middle of the roadway. *Id.* at 14:52:18. Defendant Price is heard requesting officer assistance because Plaintiff had not yet stopped his vehicle and because he was seen suspiciously moving around inside of the vehicle. *Id.* at 14:52:04 to 14:52:11. Defendant Price believed that Plaintiff might be trying to either find a weapon or hide drugs inside the center console. Docket No. 64-2, pp. 8-11.

Defendant Price approached the driver side door of Plaintiff's vehicle and ordered him to exit the vehicle, but Plaintiff did not comply. Docket No. 65, from 14:52:24 to 14:52:32.

4

Plaintiff continued to search inside the center console where Defendant Price could not see. *Id.* at 14:52:32. Plaintiff told Defendant Price that he was searching inside the center console for his wallet, but Defendant Price told Plaintiff that he was not looking for his wallet because Defendant Price could see the wallet in Plaintiff's other hand which was in plain view. *Id.* from 14:52:34 to 14:52:41. Plaintiff then told Defendant Price that he was searching inside the center console for his cigarettes, but Defendant Price knew that he was not looking for his cigarettes because Defendant Price could see the cigarettes in plain view outside of the center console. *Id.* from 14:52:34 to 14:52:41. Defendant Price again ordered Plaintiff to exit the vehicle, but Plaintiff did not comply. *Id.* from 14:52:34 to 14:52:41. Defendant Price then pulled Plaintiff away from the center console and out of the vehicle after Plaintiff did not comply with multiple orders to exit the vehicle. *Id.* Defendant Price immediately took Plaintiff to the ground after pulling him from his vehicle. *Id.*

Defendant Price is heard on the video struggling to restrain Plaintiff against the ground. *Id.* from 14:52:42 to 14:56:18. Defendant Price and Plaintiff are heard communicating with each other for the entire duration of the struggle on the ground. *Id*. On at least seven occasions, Defendant Price ordered Plaintiff to put his hands behind his back and to stop resisting, but Plaintiff did not comply. *Id*. On at least six occasions, Defendant Price repeatedly ordered Plaintiff to spit out the items concealed inside his mouth, but Plaintiff did not comply. *Id.* Plaintiff remained conscious and actively resisted Defendant Price's ability to effectuate a traffic stop and subsequent arrest. *Id.*

A second officer arrived on the scene to assist Defendant Price, who continued to struggle to restrain Plaintiff's hands behind his back. *Id.* at 14:54:16. The officers continued to struggle to restrain Plaintiff's hands behind his back, and Plaintiff repeatedly asked the officers

why this was happening to him. *Id.* at 14:55:09 to 14:55:22.

A third officer arrived on the scene and rushed to assist the other two officers, who continued to struggle to restrain Plaintiff's hands behind his back. *Id.* at 14:55:33. Plaintiff continued to ask the officers why this was happening to him. *Id.* at 14:55:42 to 14:55:50.

The three officers finally restrained Plaintiff's hands behind his back in handcuffs, ordered Plaintiff to stand up, helped Plaintiff to his feet and moved him to the rear of his vehicle where he was laid on the lowered tailgate. *Id.* at 14:56:54 to 14:57:33.

Plaintiff eventually spit out multiple pieces of paper that were individually wrapped in cellophane. Docket No. 64-2, pp. 12-13. Crack cocaine, marijuana, and drug paraphernalia were found inside Plaintiff's vehicle during a search. *Id.* at 14:16-25. While being booked into custody, Plaintiff admitted to Defendant Price that he had swallowed marijuana earlier during their physical struggle. *Id.* at 14:1-6.

On July 31, 2018, a jury found Plaintiff guilty of tampering with evidence and possession of Schedule II substances and drug paraphernalia. Docket No. 64-1.

Defendant Gorham was not on duty, was not present, and had no involvement in any of the events which form the basis of Plaintiff's claims. Docket No. 64-3, pp. 46:3-6, 77-79.

### III.
### LAW AND ANALYSIS

**A.     Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

6

Defendants filed the instant Motion on December 2, 2019. Docket No. 60. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Facts or file his own Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing

7

> a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*,

8

477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983

#### 1. Generally

Plaintiff alleges violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

9

### 2. Fourth Amendment

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

The use of force by a police officer during an arrest, investigatory stop, or other "seizure" of a person falls within the scope of the Fourth Amendment and must be analyzed to determine whether the force used was objectively reasonable. *Graham v. Conner*, 490 U.S. 386, 388, 396-97, 109 S. Ct. 1865, 1868, 104 L. Ed. 2d 443 (1989). Determining the reasonableness of an officer's use of force, however, is a particularized inquiry, sufficiently fact-specific so as to preclude precise definition or mechanical application. *See Bell v. Wolfish*, 441 U.S. 520, 559, 99 S. Ct. 1861, 1884, 60 L. Ed. 2d 447 (1979).

The determination of whether an officer's use of force was reasonable is an objective one; it does not require consideration of the underlying intent or motivation of the arresting officer. *Graham*, 490 U.S. at 396-97. Whether the force used was reasonable is to be viewed from the perspective of a reasonable officer based upon the facts and circumstances confronting the officer on the scene at the time of the incident. *Id.*

### D. The Case at Bar

As discussed above, Plaintiff sues Defendants pursuant to 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and excessive force. Docket No. 1.

As an initial matter, it is undisputed that, on July 31, 2018, a jury found Plaintiff guilty of tampering with evidence and possession of Schedule II substances and drug paraphernalia.

Docket No. 64-1. It is further undisputed that Plaintiff's conviction has not been overturned and that Plaintiff remains incarcerated. *See* Docket Sheet, *passim*.

With regard to § 1983 liability in this context, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).

As noted, on July 31, 2018, a jury found Plaintiff guilty of tampering with evidence and possession of Schedule II substances and drug paraphernalia; Plaintiff's conviction has not been overturned and that Plaintiff remains incarcerated. Because Plaintiff's conviction stands, he cannot "demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

As has been discussed, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

11

relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-487.

Plaintiff's conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," and a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Accordingly, Plaintiff's false arrest and false imprisonment claims are not cognizable under § 1983, and Defendants' Motion for Summary Judgment should be granted with respect to those claims.

Additionally, with respect to Defendant Gorham, it is undisputed that Defendant Gorham was not on duty, was not present, and had no involvement in any of the events that form the basis of Plaintiff's claims. Docket No. 64-3, pp. 46:3-6, 77-79. Absent personal involvement, Defendant Gorham cannot be held liable in his individual capacity, and he is entitled to a judgment as a matter of law.

Turning to Plaintiff's excessive force claim against Defendant Price in his individual capacity, when evaluating whether the amount of force utilized by Defendant Price in effectuating Plaintiff's arrest was objectively reasonable, the undisputed facts establish, *inter alia*, that: (1) Plaintiff repeatedly and consistently refused to comply with Defendant Price's orders to exit the vehicle, place his hands behind his back, and spit out the items in his mouth; (2) Plaintiff remained conscious and actively resisting arrest throughout Defendant Price's attempt to handcuff him; and (3) it ultimately took the efforts of *three* officers to successfully handcuff Plaintiff. Docket No. 65. In light of the undisputed facts, the undersigned finds that Defendant Price's use of force was objectively reasonable under the circumstances; he is therefore entitled to a judgment as a matter of law with regard to Plaintiff's excessive force claim

against him.

## IV.
## CONCLUSION

For the foregoing reasons, the undersigned finds that no genuine issues as to material fact exist and that Defendants are entitled to a judgment as a matter of law on all remaining claims. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 60) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**